UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LUIS HUMBERTO BARBOSA )
REG. No. 29500-053 )
FCI FORT DIX - CAMP )
P.O. BOX 1000 )
FORT DIX, N.J. 08640 )
)
   Plaintiff - Pro se )
)

   Vs.

Case: 1:07-cv-01052
Assigned To : Roberts, Richard W.
Assign. Date : 06/14/2007
Description: FOIA/PRIVACY ACT

UNITED STATES DEPARTMENT OF JUSTICE; )
OFFICE OF INFORMATION AND PRIVACY; )
DRUG ENFORCEMENT ADMINISTRATION, )
)
   Defendants. )
_____ )

### CIVIL RIGHTS COMPLAINT WITH JURY DEMAND
### AND ATTACHED DECLARATION TO PROCEED
### IN FORMA PAUPERIS

This is a § 1983 action filed pro-se by Luis Humberto Barbosa (plaintiff), a Federal prisoner alleging violation of his Constitutional rights and seeking money damages, declaratory judgment, and injunctive relief. The plaintiff requests a trial by jury.

### J U R I S D I C T I O N

1. This is a civil rights action under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331(a), and under 5 U.S.C. § 552(a)(4)(B).

### P A R T I E S

2. Plaintiff Luis Humberto Barbosa is presently incarcerated at the Federal Prison Camp of Fort Dix, New Jersey.

# RECEIVED

MAY 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.   Defendant United States Department of Justice is the head agency responsible for the operations, sound conduct and management of the Office of Information and Privacy. Defendant is ultimately responsible for the training, supervision of it's down the ladder Agency Staff Personnel. Defendant United States Department of Justice is sued in its individual, professional and official capacities.

4.   Defendant Office of Information and Privacy is the head agency-in-charge and down the ladder responsible for the operations, sound conduct, and management of the Drug Enforcement Administration FOIA Record Management Section Office. Defendant Office of Information and Privacy  is sued in its individual, professional and Official capacities.

5.   Defendant Drug Enforcement Administration FOIA Record Management Section Office is the Agency responsible and-in-charge for answering, producing, releasing and/or denying  the release of documents or records withheld by the defendant that have been requested under the FOIA of 1974 (5 U.S.C. § 552(a)). Defendant is sued in its individual, professional and Official capacities.

6.   All defendants have acted under the "color of Federal Law" during all times relevant to this complaint.

### F A C T S

7.   On or about September 6, 2006, Freedom Of Information Act Request was sent to the FOIA Officer of the Drug Enforcemt Adminis- tration. Defendant failed to respond within the twenty (20) working days stipulated by the law, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). In fact the defendant never responded at all. (See, exhibits 1-5).

8.    On or about October 10, 2006, change of address letter was
sent to the FOIA Officer of the Drug Enforcement Administration. (See,
exhibit 6).

9.    On or about November 15, 2006, plaintiff filed a second
FOIA request letter but this time addressed to Ms. Katherine L. Myrick,
Chief of Operations Unit. This second request was filed in light of the
fact that the defendant failed to respond to plaintiff's original FOIA
request stated in paragraph 7. Defendant failed to respond to this
second request within the twenty (20) working days stipulated by law,
pursuant to 5 U.S.C. § 552(a)(6)(A)(i). (See, exhibits 7-12).

10.   On or about January 08, 2007, plaintiff appealed to the
Office of Information and Privacy, the failure  of the Drug Enforcement
Administration to respond to plaintiff's original and second FOIA
requests. (See, exhibits 13-14).

11.   On or about January 26, 2007, letter marked with case No.
07-0075-F was received from the Drug Enforcement Administration signed
by Katherine L. Myrick, Chief of Operations Unit. In her response she
admitted receiving plaintiff's original FOIA request letter stated in
paragraph 7, change of address request letter stated in paragraph 8,
and plaintiff's second FOIA request stated in paragraph 9. Also she
decided that the requested records will not be processed as constituted
and that if the requester of records wishes to appeal her response, that
he may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. (See,
exhibits 15-16).

12.   Subsequently, on or about February 7, 2007, letter from the
Office of Information and Privacy marked with appeal No. 07-0506 signed
by Janice Galli MacLeod, Associate Director, was received by plaintiff.

This was in response to plaintiff's appeal stated in paragraph 10. Associate Director's response was that since the DEA responded to plaintiff's request by letter of January 26, 2007, that the appeal from DEA's failure to respond was moot and thus she was closing plaintiff's appeal. (See, exhibits 17-19).

13.    On or about February 24, 2007, plaintiff filed his second FOIA appeal letter with the Office of Information and Privacy appealing the DEA's unreasonable denial of records under case No. 07-0075-F stated in paragraph 11. The Office of Information and Privacy though responded plaintiff's first appeal stated in paragraphs 10 and 12, failed to respond to this second appeal despite its obligation to do so pursuant to 5 U.S.C. § 552(a)(6)(A)(ii). (See, exhibit 20).

14.    During the events described in paragraphs 7, 8, 9, and 11 under this complaint. There is clear material facts that defendant DEA had any intentions whatsoever to obey and/or comply with the Federal Laws as mandated pursuant to 5 U.S.C. § 552(a)(6)(A)(i).

15.    Defendant DEA finally and only responded about 140 days after the plaintiff had filed his original FOIA request...and only because they were warned to do so by the head Office after plaintiff filed his appeal stated in paragraph 10.

16.    During the events described in paragraph 13. There is clear material facts that defendant Office of Information and Privacy is too in violation of 5 U.S.C. § 552(a)(6)(A)(ii) for failure to respond to plaintiff's appeal stated in paragraph 13.

## C L A I M S

### FIRST CAUSE OF ACTION

17. The action of defendant DEA stated in paragraph 7. Denied plaintiff his civil and constitutional rights to due process of law in violation of 5 U.S.C. § 552(a)(6)(A)(i) which mandate each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall-

(i) determine within 20 days (excepting Saturday, Sunday, and legal holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

18. Plaintiff's civil and constitutional rights to due process of law to be free of unjustified, unreasonable conduct from defendant DEA was violated when defendant failed to respond to plaintiff's FOIA request for records pursuant to 5 U.S.C. § 552(a) stated in paragraph 7, despite admitting receiving the request stated in paragraph 11.

### SECOND CAUSE OF ACTION

19. The action of defendant DEA stated in paragraph 9. Denied for the second time plaintiff's civil and constitutional rights to due process of law in continued violation of 5 U.S.C. § 552(a)(6)(A)(i).

20. Plaintiff's civil and constitutional rights to be free of unjustified, unreasonable conduct from defendant DEA was violated when defendant deliberately, intentionally failed to respond to plaintiff's second FOIA request, all in violation of 5 U.S.C. § 552(a)(6)(A)(i).

### THIRD CAUSE OF ACTION

21. The action of defendant DEA stated in paragraph 11. Denied

plaintiff's civil, statutory, and constitutional rights to possess records of a material witness with full court established participacion in plaintiff's criminal case.

22.  Plaintiff's civil, statutory, and constitutional rights to due process of law to be free of unjustified, unreasonable conduct from the defendant was violated when defendant failed to produce the records plaintiff is statutory entitled. Material witness participacion in plaintiff's criminal case is waiver of his privacy rights.

### FOURTH CAUSE OF ACTION

23.  The action of defendant Office Of Information And Privacy stated in paragraph 12. Denied plaintiff's civil and constitutional rights to due process of law, when defendant knowledgeable of DEA's unjustified actions and thereof admissions, failed as head agency to uphold it's administrative authority for correctness.

24.  Plaintiff's civil and constitutional rights to be free of unjustified, unreasonable conduct from defendant was violated when defendant failed to uphold its responsibility as head agency to protecting plaintiff's civil and constitutional rights.

### FIFTH CAUSE OF ACTION

25.  The action of defendant Office Of Information And Privacy stated in paragraph 13. Denied plaintiff's civil and constitutional rights to due process of law in violation of 5 U.S.C. § 552(a)(6)(A)(ii), which mandate each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall-

> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency

shall notify the person making such request of the provision for judicial review of that determination under paragraph (4) of this section.

26.  Plaintiff's civil and constitutional rights to be free of unjustified, unreasonable conduct from the defendant was violated when defendant failed to respond to plaintiff's FOIA appeal letter within the twenty days stipulated by law, all in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

### R E L I E F

**WHEREFORE**, plaintiff requests this Honorable Court grant the following relief:

A.  Issue a declaratory judgement that defendants violated the United States Constitution and Federal Laws when they;

1)  failed to respond without justification to plaintiff's original FOIA letter request dated September 6, 2006;

2)  failed to respond to plaintiff's second FOIA request dated November 15, 2006;

3)  failed to respond to plaintiff's FOIA appeal letter dated February 24, 2007.

B.  Issue an injunction ordering that the defendants or their agents;

1)  produce and release to plaintiff all requested records and/or informations originally requested under 5 U.S.C. § 552(a) that plaintiff is entitled to possess by law.

C.  Grant compensatory damages in the following amounts;

1)  $1,000,000.00 against defendant United States Justice Department;

2)    $2,000,000.00 against defendant Office Of Information
      And Privacy;

3)    $ 2,000,000.00 against defendant Drug Enforcement
      Administration.

D.    Grant punitive damages of $2,000,000.00 against each of
      the defendants.

E.    Grant such other relief as it may appear plaintiff is
      entitled.


I, Luis Humberto Barbosa, declare that the foregoing is true
and correct to the best of my belief, and is given under the penalty
of perjury pursuant to 28 U.S.C. § 1746.

                                    Respectfully submitted,

Executed on _May 16_, 2007.

                                    Luis Humberto Barbosa
                                    Reg. No. 29500-053
                                    FCI Fort Dix - Camp
                                    P.O. Box 1000
                                    Fort Dix, New Jersey 08640

Exhibits 1-20

*EX. 1*

# FREEDOM OF INFORMATION ACT REQUEST LETTER

September 06, 2006

FOIA OFFICER
Drug Enforcement Administration
U.S. Department Of Justice
FOIP/Record Management
1405 Eye Street, N.W.
Washington, D.C. 20537

Re: Freedom Of Information Act Request Of Title 5 USC §552
Subject: **Medina, Emilio**
Arresting Date: July 19, 1998
Place Of Arrest: Aruba, Netherlands Antilles
Arresting Parties: Aruban Authorities in combination with the country
                  attached DEA Office in Curacao, N.A.

Dear Sir/Madam,
        This is a request under the Freedom Of Information Act of
Title 5 USC §552 for all public and none public records maintained
in your agency's files and in the files of your Country attached
DEA Office in Curacao, N.A., such as Court records, mugshot(s) and
news clippings produced as result of the arrest and conviction of
the above referenced subject in Aruba, N.A. That including all
foreign public and none public Court and government records produced
and maintained by the Aruban Authorities, which are retrieval under
the **Foreign Mutual Legal Assistance Treaty**, as result of the above
subject's "arrest" and "conviction" in Aruba, N.A.

        It has been already established before the U.S. District
Court in Barbosa's case (U.S. v. Barbosa, 51 F.Supp.2d 597 (E.D.
Pa. 1999)) that the above referenced subject was who supplied the
99 cylinders allegedly containing "heroin" that later, after a
Laboratory anlysis, turned out to be "cocaine base", and also the
evidence that led to the arrest and conviction of Barbosa herein
tthe United States. Subject's involvement in Barbosa's case, arrest
and conviction in Aruba is part of the same investigation origina-
ted by the Philadelphia, PA. based DEA Office working in combination
with their Country attached DEA Office in Curacao, N.A. Both subject's
and Barbosa's arrests and convictions are materially connected, enti-
tling Barbosa with legal statutory right to possessing the records
sought. Records will also be used for Media Publishing suspected illegal
underhanded activities of public concern, where the above subject
was identified by three (3) other witnesses, as active DEA Informant.

        Report of investigation from the DEA indicates that the Subject
and four (4) other people were arrested on July 19, 1998 by Aruban
Authorities incident to the seizure of 75 kilograms of cocaine (see
attachment).

*EX. 2*

I request a waiver of all fees for this request. The new rules require that that fees must be waived or reduced if desclosure of the information is in the public interest because it is likely to contribute significantly to Barbosa's case and to public understanding of the operations or activities of the government and not primarily in the commercial interest of the requester.

Because the exemption requires agencies to strike a balance between an individual's privacy interest and the public's right to know, and Barbosa's legal statutory right to possess, the requested records should not be protected by exemptions (b)(6) nor (b)(7)(C) if the injury to the individual is outweighed by Barbosa's legal statutory right to possess and by a public interest favoring disclosure.

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - West, Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640

Enclosure: Certificate of Indentity
           DEA Form -6's:report of investigation

-2-

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File   Related Files | 3. File No.  CK-98-0095 | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: Philip G. Devlin, S/A  At: Philadelphia, PA | ☐ ☐ ☐ ☐ ☐ | 6. File Title  MEDINA, Emilio et al | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared  9/15/98 | |

9. Other Officers:

10. Report Re: Acquisition of exhibit N-95 on 7-18-98.

### DETAILS

1. Reference is made to all prior reports of investigation under the above captioned file title and case number. On 7-18-98, Luis BARBOSA was arrested in room 517 of the Hilton Philadelphia International Airport hotel at approximately 10:30am, in possession of Exhibit 1, 99 cylinders of cocaine base which he had recently excreted, having swallowed them in Aruba N.A. and smuggled them into the United States in his gastrointestinal tract. Pursuant to that arrest the hotel room was searched and items of evidentiary value were seized by S/A Devlin.

2. Exhibit N-95, was seized from the interior of BARBOSA's Zero Elite brief case which was in the closet near the room door. Exhibit N-95, a folded scrap of paper with two hand written phone numbers, was seized from a compartment inside BARBOSA's wallet which was inside the briefcase. The two numbers written on the paper are "Felix 011-297-930-802" and "Hote 863-600". The former is the cellular telephone number used by Emilio MEDINA aka Felix ZORILLA and Henry DE KOM aka PEPE in Aruba; the later is the telephone number of the Holiday Inn Aruba Beach Resort & Casino. It should be noted that MEDINA aka ZORILLA and DE KOM were arrested with three other people on 7-19-98 by Aruban authorities incident to the seizure of 75 kilograms of cocaine.

### CUSTODY OF EVIDENCE

2. N-95 was seized on 7-18-98, by S/A Devlin from BARBOSA's wallet which was inside his briefcase, in the closet of room 517 of the Hilton

| 11. Distribution: | 12. Signature (Agent)  Philip G. Devlin, S/A | 13. Date  9/16/98 |
|---|---|---|
| Division | | |
| District | 14. Approved (Name and Title)  John A. Adams Jr, G/S | 15. Date  9/16/98 |
| Other    SARI | | |

DEA Form    -6
(Aug. 1994)
pgd

**DEA SENSITIVE**
**Drug Enforcement Administration**

1-Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

| REPORT OF INVESTIGATION | 1. File No. CK-98-0095 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 3. File Title | |
| 4. Page **2** of **2** | MEDINA, Emilio et al | |
| 5. Program Code | 6. Date Prepared 9/15/98 | |

Philadelphia Airport hotel.  S/A Devlin processed the exhibit and maintained custody of it until submitting it to the Philadelphia Field Division Evidence Custodian for safekeeping.


**INDEXING**

1. BARBOSA, Luis -
2. MEDINA, Emilio -
3. DE KOM, Henny -

DEA Form    -6a
(Aug. 1994)

pgd

**DEA SENSITIVE**
**Drug Enforcement Administration**
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

1-Prosecutor

U.S. Department of Justice       Certification of Identity      *EX-5*

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   **Luis Humberto Barbosa**

Citizenship Status [2]   **U.S. Citizen**     Social Security Number [3] **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**

Current Address   **FCI Fort Dix, P.O. Box 7000, Fort Dix, N.J. 08640**

Date of Birth   **November 05/1959**     Place of Birth   **Dominican Republic**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____    Date _September 6, 2006_

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

*EX. 6*

Luis H. Barbosa
FCI Fort Dix/Camp
P.O. Box 1000
Fort Dix, New Jersey 08640

                                        FOIA Officer
                                        Drug Enforcement Administration
                                        U.S. Department of Justice
                                        FOIP/Record Management
                                        1405 Eye Street, N.W.
                                        Washington, D.C. 20537

## RE: ADDRESS CHANGE REQUEST

Dear Sir/Madam,

On September 06, 2006, Freedom Of Information Act Request Letter was sent to your Office at the above address (attachment).

The above petitioner, as of September 21, 2006, has been relocated to another address. Please make note of this change in your records.

Thank you for your time and patience on this matter.

                                Respectfully submitted,

Dated: _10/10_, 2006.

                                Luis H. Barbosa, petitioner

*Ex. 7*

## FREEDOM OF INFORMATION ACT REQUEST LETTER

November 15, 2006

Ms. Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
Drug Enforcement Administration
Washington, D.C. 20537

Re: <u>Freedom Of Information Act Request Of Title 5 USC §552</u>
Subject: <u>MEDINA, EMILIO</u>
Arresting Date: <u>July 19, 1998</u>
Place Of Arrest: <u>Aruba, Netherland Antilles</u>
Arresting Parties: <u>Aruban Authorities & DEA Country Attached Office In Curacao, N.A.</u>

Dear Ms. Myrick,

This is a request under the Freedom Of Information Act of Title
5 USC §552 for all public and none public records maintained in your
agency's files and in the files of your Country attached DEA Office
in Curacao, N.A., such as Court records, mugshot(s), and News Clippings
produced as result of the arrest and conviction of the above referenced
subject in Aruba, N.A., that including all foreign public and none public court
and government records produced and maintained by Aruban Authorities, that are
retrieval under the <u>Foreign Mutual Legal Assistance Treaty</u>, as result
of the above subject's arrest and conviction in Aruba, N.A.

The Court in the undersigned case has established that the above
referenced subject was the "drug" supplier that led to the arrest and
conviction of the undersigned herein the United States. The subject's
arrest and conviction in Aruba, N.A. is part of the same investigation
originated by the Philadelphia, PA. based DEA Office working in
combination with their DEA Country attached Office in Curacao, N.A.

Both subject's and the undersigned arrests and convictions are
materially connected entitling the undersigned with legal statutory
right to possessing the records sought. The records will also be used
for Media Publishing of illegal underhanded activities of public
concern, where the above subject was identified by three (3) other
witnesses as active DEA informant.

*EX-8*

DEA report of investigation indicates that the subject and four other people were arrested on July 19, 1998, by Aruban Authorities incident to the seizure of 75 kilograms of cocaine (see attachment).

I request a waiver of all fees for this request. The new rules require that that fees must be waived or reduced if disclosure of the information is in the public interest because it is likely to contribute significantly to the undersigned's case and to public understanding of the operations or activities of the government and not primarily in the commercial interest of the undersigned.

Because the exemption requires agencies to strike a balance between an individual's privacy interest and the public's right to know, and the undersigned's legal statutory right to possess, the requested records should not be protected by exemptions (b)(7) nor (b)(7)(C) if the injury to the individual is outweighed by the undersigned's legal statutory right to possess and by a public interest favoring disclosure.

Respectfully submitted,

11-15-2006

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 1000
Fort Dix, New Jersey 08640

Enclosure: <u>Certificate Of Identity.</u>

<u>DEA Report Of Investigation.</u>

NOTE: This Request Is Served Under Legal Certified
U.S. Mail No. 7000 1670 0008 0403 6686

2 of 2

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File    Related Files | 3. File No.  CK-98-0095 | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: Philip G. Devlin, S/A    At: Philadelphia, PA | ☐ ☐ ☐ ☐ ☐ | 6. File Title   MEDINA, Emilio et al | |
| 7. ☐ Closed  ☐ Requested Action Completed   ☐ Action Requested By: | | 8. Date Prepared  9/15/98 | |

9. Other Officers:

10. Report Re: Acquisition of exhibit N-95 on 7-18-98.

---

### DETAILS

1. Reference is made to all prior reports of investigation under the above captioned file title and case number. On 7-18-98, Luis BARBOSA was arrested in room 517 of the Hilton Philadelphia International Airport hotel at approximately 10:30am, in possession of Exhibit 1, 99 cylinders of cocaine base which he had recently excreted, having swallowed them in Aruba N.A. and smuggled them into the United States in his gastrointestinal tract. Pursuant to that arrest the hotel room was searched and items of evidentiary value were seized by S/A Devlin.

2. Exhibit N-95, was seized from the interior of BARBOSA's Zero Elite brief case which was in the closet near the room door. Exhibit N-95, a folded scrap of paper with two hand written phone numbers, was seized from a compartment inside BARBOSA's wallet which was inside the briefcase. The two numbers written on the paper are "Felix 011-297-930-802" and "Hote 863-600". The former is the cellular telephone number used by Emilio MEDINA aka Felix ZORILLA and Henry DE KOM aka PEPE in Aruba; the later is the telephone number of the Holiday Inn Aruba Beach Resort & Casino. It should be noted that MEDINA aka ZORILLA and DE KOM were arrested with three other people on 7-19-98 by Aruban authorities incident to the seizure of 75 kilograms of cocaine.

### CUSTODY OF EVIDENCE

2. N-95 was seized on 7-18-98, by S/A Devlin from BARBOSA's wallet which was inside his briefcase, in the closet of room 517 of the Hilton

---

| 11. Distribution: | 12. Signature (Agent)  Philip G. Devlin, S/A | 13. Date  9/15/98 |
|---|---|---|
| Division | | |
| District | 14. Approved (Name and Title)  John A. Adams Jr, G/S | 15. Date  9/15/98 |
| Other    SARI | | |

| DEA Form    -6 (Aug. 1994)  pgd | **DEA SENSITIVE**  **Drug Enforcement Administration** | 1-Prosecutor |

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

| REPORT OF INVESTIGATION | | 1. File No.<br>CK-98-0095 | 2. G-DEP Identifier |
|---|---|---|---|
| *(Continuation)* | | 3. File Title | |
| 4. | Page 2 of 2 | MEDINA, Emilio et al | |
| 5. Program Code | | 6. Date Prepared<br>9/15/98 | |

Philadelphia Airport hotel.  S/A Devlin processed the exhibit and maintained custody of it until submitting it to the Philadelphia Field Division Evidence Custodian for safekeeping.

## INDEXING

1.  BARBOSA, Luis -
2.  MEDINA, Emilio -
3.  DE KOM, Henny -

**DEA SENSITIVE**
Drug Enforcement Administration

1-Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

EX. 

**U.S. Department of Justice**                                    **Certification of Identity**

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC  20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1]   **Luis Humberto Barbosa**

Citizenship Status [2] **U.S. Citizen**          Social Security Number [3] **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**

Current Address  **FCI Fort Dix - Camp, P.O. Box 1000, Fort Dix, New Jersey 08640**

Date of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____          Date **November 15, 2006**

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to

### Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 3/31/07

EX- 12

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ 1.17 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here    NOV 23 2006    USPS

Sent To Ms. Katherine L. Myrick
Street, Apt. No.; or PO Box No. DEA - FOI - Records Management System
City, State, ZIP+4 Washington, D.C. 20537

7000 1670 0008 0403 6686

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X ☐ Agent ☐ Addressee |
| | B. Received by (*Printed Name*)  C. Date of Delivery 12/1/06 |
| 1. Article Addressed to:  Ms. Katherine L. Myrick  Chief, Operations Unit  FOI/Records Management Section  Drug Enforcement Administration  Wshington, D.C. 20537 | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |
| | 3. Service Type  ☒ Certified Mail ☐ Express Mail  ☐ Registered ☒ Return Receipt for Merchandise  ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number  (*Transfer from service label*)   7000 1670 0008 0403 6686 | |
| PS Form 3811, February 2004        Domestic Return Receipt | 102595-02-M-1540 |

EX. 13

## FREEDOM OF INFORMATION "APPEAL LETTER"

From:    Luis H. Barbosa #29500-053
         FCI Fort Dix - Camp
         P.O. Box 1000
         Fort Dix, New Jersey 08640

To:      CO-DIRECTOR
         Office Of Information And Privacy
         Flag Building, Suite 570
         Washington, D.C. 20530

Dear CO-DIRECTO,
        This is an "Administrative Appeal" under the Freedom Of
Information Act, Title 5 U.S.C. § 552(a)(6) and 552(6)(A)(ii), and
pursuant to 28 C.F.R. § 16.8. The reasons are stated within.

        1.    On September 6, 2006, the under signed  petitioner filed
a Freedom Of Information Act request letter, pursuant to 5 U.S.C.
§ 552, for all records withheld by the DEA Agency and its Country
attached Office in Curacao, N.A., including all Foreign Public and
none  Public records pertinent to Emilio Medina's arrest and conviction
in Aruba. Material witness to the under signed's criminal case herein
the United States. Medina was arrested in Aruba stemming out of the
same DEA investigation which originated in Philadelphia, PA. (see,
attachment "A").
        On October 10, 2006, the under signed petitioner sent to the
FOIA Officer, a letter requesting  address change (see, attachment "B").
        This September Freedom of Information request was never answered
despite Agency's requirement by law.
        2.    On November 15, 2006, the under signed petitioner filed
another similar request but this time addressed to Katherine L. Myrick,
Chief Operation Unit. Under Certified return receipt No. 7000 1670
0008 0403 6686, which was received on 12/01/2006. This November Freedom
of Information Act request was also never answered (see, attachment "C").
        3.    Now the under signed petitioner expects a reply within
twenty working-days time limit pursuant to Title 5 U.S.C. § 552(6)(A)(ii).

                              Respectfully submitted,

                              Luis H. Barbosa

Cc: FILE
NOTE: Instant Served Under Certified
      receipt No. 7000 1670 0008 0654 6893

EX. 14

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7000 1670 0008 0654 6893

Lu ⓧ FBZ V63A L 9566 S 53

| | |
|---|---|
| Postage | $ 1.11 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.36 |

Postmark Here — FORT DIX BR TRENTON NJ 08640 — JAN 08 2007

Sent To
CO-Director - Office of info.
Street, Apt. No.; or PO Box No.
Aivd Privacy, Flag Bld., Suite 570
City, State, ZIP+4
Washington D.C. 20530

PS Form 3800, May 2000                                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CO-DIRECTOR
Office Of Information & Privacy
Flag Building, Suite 570
Washington, D.C. 20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Earnest L. Parker_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   JAN 12 2007   C. Date of Delivery 12/07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7000 1670 0008 0654 6893

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Department of Justice**

Drug Enforcement Administration

*EX. 15*

JAN 2 6 2007

*Case Number: 07-0075-F*

*Subject: INFORMATION ON A THIRD PARTY - MEDINA, EMILIO*

Luis H. Barbosa
Reg. No. 29500-063
FCI Fort Dix
P.O. Box 1000
Fort Dix, NJ  08640

Dear Mr. Barbosa:

Your initial Freedom of Information Act request letter dated September 6, 2006, your change of address letter dated October 10, 2006, as well as your latest letter dated November 15, 2006 has been received at the Drug Enforcement Administration (DEA), FOI/Records Management Section, Operations Unit (SARO), for processing.  Your request for DEA records pertaining to the above individual will not be processed as constituted.  This response neither confirms nor denies the existence of any requested records.  Before DEA can begin processing your request, it will be necessary for you to provide an original notarized authorization (privacy waiver) from that person.  For your convenience, we have enclosed two forms to assist you in meeting this requirement.

Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files.  The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit an original notarized authorization directly to the DEA, we will conduct a search of our records.  In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Please be advised that without an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy.  Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
NYAV, 11TH FLOOR
WASHINGTON, D.C.  20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures



**U.S. Department of Justice**

Office of Information and Privacy

*Ex-17*

_____

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

Mr. Luis H. Barbosa
Register No. 29500-053
Federal Correctional Institution          Re:    Appeal No. 07-0506
Post Office Box 1000                              Request No. 07-0075-F
Fort Dix, NJ  08640                               JTR:CIH

Dear Mr. Barbosa:

        You attempted to appeal from the failure of the Drug Enforcement Administration (DEA) to respond to your request for access to records pertaining to Emilio Medina.

        DEA responded to your request by letter of January 26, 2007 (copy enclosed). Because DEA responded to your request, your appeal from its failure to respond to your request is moot. Accordingly, I am closing your appeal file in this Office.

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

Enclosure



**U.S. Department of Justice**
Drug Enforcement Administration

*EX. 18*

JAN 2 6 2007

*Case Number: 07-0075-F*

*Subject: INFORMATION ON A THIRD PARTY - MEDINA, EMILIO*

Luis H. Barbosa
Reg. No. 29500-063
FCI Fort Dix
P.O. Box 1000
Fort Dix, NJ 08640

Dear Mr. Barbosa:

Your initial Freedom of Information Act request letter dated September 6, 2006, your change of address letter dated October 10, 2006, as well as your latest letter dated November 15, 2006 has been received at the Drug Enforcement Administration (DEA), FOI/Records Management Section, Operations Unit (SARO), for processing. Your request for DEA records pertaining to the above individual will not be processed as constituted. This response neither confirms nor denies the existence of any requested records. Before DEA can begin processing your request, it will be necessary for you to provide an original notarized authorization (privacy waiver) from that person. For your convenience, we have enclosed two forms to assist you in meeting this requirement.

Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Please be advised that without an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

2 *Ex. 19*

If you wish to appeal this response, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

> CO-DIRECTOR
> OFFICE OF INFORMATION AND PRIVACY
> NYAV, 11[TH] FLOOR
> WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

FREEDOM OF INFORMATION ACT "APPEAL LETTER"

*EX. 20*

FOI/PA No. 07-0075-F  Date: 2/24/2007

To: CO-DIRECTOR
    OFFICE OF INFORMATION AND PRIVACY
    NYAV, 11th Floor
    Washington, D.C. 20530

From: Luis H. Barbosa #29500-053
      FCI Fort Dix - Camp
      P.O. Box 1000
      Fort Dix, New Jersey  08640

This is an "Administrative Appeal" under the Freedom Of Information Act, Title 5 U.S.C. §552(a)(6), and pursuant to 28 C.F.R. §16.8.

On or about January 26, 2007, I received a letter from your Agency signed by Katherine L. Myrick, Chief Operation Unit to the FOI/Records Management, denying processing my Freedom Of Information Act Request Letter as constituted, request which was originally filed on September 06, 2006. See, attachments "1" - "7").

This reply indicated that an "Appeal Letter" could be sent to your office within Sixty (60) days pursuant to 28 C.F.R. §16.9.

Your agency has denied producing and/or processing the requested records which the petitioner is authorized to possess by statute. I believe that your agency has not complied with the FOIA and has used exemptions (b)6 and/or (b)7(C) for denying processing petitioner's request, which are insubstantial grouds in light of petitioner being statutory entitled to possessing sought records by law.

I expect a reply within the twenty-day time limit pursuant to Title 5 U.S.C. §552(6)(A)(ii). Please be advised that any refusal to comply with the FOI/PA requirements will lead to a lawsuit.

Respectfully submitted,

Luis H. Barbosa #29500-053

Cc: File

I
07-1052
RWR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Luis Humberto Barbosa | US Dept of Justice, et al., |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

PRO SE (PR)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

\# 29500·053

Case: 1:07-cv-01052
Assigned To : Roberts, Richard W.
Assign. Date : 06/14/2007
Description: FOIA/PRIVACY ACT

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZEN...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

---

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

3

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

**DATE**  **SIGNATURE OF ATTORNEY OF RECORD**  NCB

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd