**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LUIS H. BARBOSA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1052 (RWR) |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Drug Enforcement Administration ("DEA"), the Department of Justice ("DOJ"), and the Office of Information and Privacy ("OIP"), respectfully move for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Plaintiff, a *pro se* prisoner, brings suit under the Freedom of Information Act (FOIA), but because plaintiff failed to file an administrative appeal of the agency's denial of his request, he failed to exhaust his administrative remedies and the case should be dismissed for that reason.  Moreover, plaintiff failed to provide the necessary privacy waiver for the information he sought, which related to a third party, and therefore, the DEA properly responded that it could neither confirm nor deny the existence of any responsive records.

In support of this motion, defendants respectfully refer the Court to the attached memorandum of points and authorities, statement of material facts not in genuine dispute, and the declaration of the defendants.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

LUIS H. BARBOSA,                         )
                                         )
            Plaintiff                    )
                                         )
                                         ) Civil Action No. 07-1052 (RWR)
        v.                               )
                                         )
DRUG ENFORCEMENT ADMINISTRATION,         )
            et al.                       )
                                         )
            Defendants.                  )
_____ )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

_Pro se_ plaintiff Luis H. Barbosa filed this action against the DEA and other defendants

seeking declaratory and injunctive relief and monetary damages pursuant to the Freedom of

Information Act (FOIA).  Generally, plaintiff alleges that the DEA failed to timely and properly

respond to his September 6, 2006 FOIA request for information and records pertaining to the

arrest and conviction of a third party, Emilio Medina, whom plaintiff alleges is a DEA informant.

As relief, plaintiff asks for declaratory and injunctive relief and monetary damages.

Specifically, plaintiff asks the Court to declare that the DEA improperly withheld documents and

also asks for an injunction ordering DEA to produce the requested information.  Plaintiff also

seeks monetary damages, comprised of compensatory and punitive damages in the amount of

$11,000,000.00 from the defendants.

As explained in detail below, the DEA properly responded to plaintiff's request by

informing him that, without a certificate of death or an original, notarized Privacy Act

authorization form, the DEA would neither confirm nor deny the existence of records relating to

Mr. Medina.  Moreover, even if the DEA has records relating to Mr. Medina, those records are exempt from disclosure under FOIA.  Accordingly, defendants respectfully request that the Court enter summary judgment in their favor.

## FACTS

Defendants hereby incorporates their Statement of Material Facts not in Dispute, as well as the accompanying declarations, as if set forth herein.

## LEGAL STANDARDS

### I.     MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and, therefore, in deciding a motion to dismiss under Rule 12(b)(6), the Court must presume that the factual allegations in the complaint are true and liberally construe those factual allegations in favor of the plaintiff.  See, e.g., Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); see also Shear v. NRA, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  In addition to the liberally construed facts in the complaint, the Court may consider certain additional evidence in deciding the motion.  For example, the D.C. Circuit specifically held that federal courts may take "judicial notice of facts on the public record," including judicial decisions, as part of the factual assumptions used in evaluating a motion to dismiss under Rule 12(b)(6).  See Covad Comm. Co. v. Bell Atlantic Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

### II.    SUMMARY JUDGMENT STANDARD

#### A.    Generally

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant—here plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

### B.    Summary Judgment in FOIA Cases

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1]  See Cappabianca v. Commissioner, U.S.

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366,

368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it

demonstrates that no material facts are in dispute and that each document that falls within the

class requested either has been produced, is unidentifiable, or is exempt from disclosure.  See

Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v.

U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

       As a practical matter, this standard for summary judgment means that the agency must

provide the Court and the plaintiff with affidavits or declarations and other evidence which show

that the documents are exempt from disclosure.  See, e.g., Center for Nat'l Security Studies v.

U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden v. National Security Agency

Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency

affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not

impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept.

of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency,

697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

       Typically, the agency's declarations or affidavits are referred to as a Vaughn index, after

the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

There is no set formula for a Vaughn index.  "[I]t is well established that the critical elements of

the Vaughn index lie in its function, and not in its form."  Kay v. FCC, 976 F. Supp. 23, 35

(D.D.C. 1997).

Where the agency responds that it can neither confirm nor deny the existence of responsive records, however, courts do not require a detailed listing of the responsive records, but instead require a publicly filed affidavit or declaration with a detailed explanation of why the "Glomar" response is necessary to support the agency's claim of a FOIA exemption from release. See Burke v. U.S. Dep't of Justice, 1999 WL 1032814 (D.D.C. Sept. 30, 1999) (citing Enzinna v. U.S. Dep't of Justice, 1997 WL 404327, *2 (D.C. Cir. 1997)); Wheeler v. CIA, 2003 WL 21675312, *5 (D.D.C. June 4, 2003) (quoting Phillippi v. CIA, 546 F.2d 1325 (D.C. Cir. 1981)). See generally Minier v. Central Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996) (approving use of Glomar response where agency concession that records existed would itself provide the information that the exemption seeks to protect); Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 894 n.8 (D.C. Cir. 1995) (same); Hunt v. Central Intelligence Agency, 981 F.2d 1116, 1118 (9th Cir. 1992); Phillippi v. Central Intelligence Agency, 655 F.2d 1325 (first case authorizing such response, named after a secret U.S. government ocean vessel, the *Hughes Glomar Explorer*).

## <u>ARGUMENT</u>

## I.    PLAINTIFF'S CASE SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that a plaintiff may avoid dismissal only upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150

(1980).  Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of this obligation'" in order for the case to proceed.  Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, a FOIA cause of action does not exist.

Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) complying with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). See also 5 U.S.C. § 552(a)(3) (requester must follow agency's published regulations governing FOIA requests); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to follow agency regulations constitutes failure to exhaust administrative remedies).  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  Oglesby, 920 F.2d at 57.

Here, plaintiff failed to bring an administrative appeal to the Office of Information and Privacy of the DEA's January 26, 2007 denial of his request, as required by regulation, see 28 C.F.R. 16.9.  Hairston Decl., ¶¶ 2-4; see also Little Decl., ¶ 17.  Though plaintiff did initially

appeal the DEA's non-response to his request in or around early January, 2007, the case law is clear that if a requester receives an agency response before filing suit, even one that is untimely, the requester must submit an administrative appeal before filing suit.  Oglesby, 920 F.2d at 63; Smith V. FBI, 448 F.Supp.2d 216, 220 (D.D.C. 2006).  In this case, DEA responded to plaintiff's FOIA request on or about January 26, 2007, after he filed his initial appeal, but before he filed the instant civil action.  See Little Decl., Ex. E.  However, the plaintiff never appealed the DEA's January 26, 2007 response.  Hairston Decl., ¶¶ 2-4; see also Little Decl., ¶ 17.  This administrative appeal is clearly required under Ogelsby and other pertinent case law and, therefore, plaintiff's failure to appeal is fatal to his case.  This Court should dismiss this case on that basis.

## II.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

In the event the Court decides not to dismiss the case for failure to exhaust administrative remedies, summary judgment for the defendants would nevertheless be appropriate.

### A.     DEA properly invoked Exemption 7(C)

Through its exemptions, FOIA does not require production of:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information. . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(7).  See also 5 U.S.C. § 552a (j)(2) (Privacy Act).  This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  See, e.g., U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762-71 (1989) (privacy interests in

7

a person's police arrest record); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

For records to fit in to Exemption 7 as an initial matter, those records must be compiled for a law enforcement purpose – "the focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can be fairly characterized as an enforcement proceeding." Jefferson v. Dept. of Justice, 284 F.2d 172, 176-77 (D.C. Cir. 2002) (internal citations and quotations omitted). If a record is compiled "in connection with investigations that focus directly on specific illegal acts which could result in civil or criminal sanctions," that record is compiled for law enforcement purposes. Id.

As explained in the Little Declaration, the mission of the DEA includes enforcing the controlled substances laws and regulations of the United States and conducting criminal investigations and police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals. Little Decl. ¶¶ 22-24. Records related to the plaintiff's FOIA request are likely to be found in the DEA's Investigative Reporting and Filing System (IRFS) – JUSTICE/DEA-008, the DEA Planning and Inspection Division Records – JUSTICE/DEA-010, and/or the DEA's Operations Files – JUSTICE/DEA-011, all of which are a Privacy Act System of Records.[2] Little Decl. ¶¶ 19-21, 25. As Mr. Little explains, these records consist of: (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the

---

[2] By regulation, JUSTICE/DEA-008 is exempt pursuant to the provisions of 5 U.S.C. §552a(j)(2) from subsections (c)(3) and (4); (d)(1), (2), (3), and (4); (e)(1), (2), and (3), (e)(5), (e)(8); and (g) of the Privacy Act. It is also exempt pursuant to the provisions of 5 U.S.C. §552a(k)(1) from subsections (c)(3); (d)(1), (2), (3), and (4); and (e)(1) of the Privacy Act. 28 C.F.R. §16.98(c). Myrick Decl. ¶ 13.

nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (c) investigatory material compiled for law enforcement purposes.  Little Decl., ¶ 26.  Thus, plaintiff's request for records pertaining to Mr. Medina clearly relates to records compiled for law enforcement purposes.

To determine whether or not records compiled for law enforcement purposes are exempt from disclosure pursuant to Exemption 7(C), courts employ a balancing test weighing the privacy interests of the affected individuals against the public interest in disclosure of the information. See, e.g., Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002).  Courts are quick to point out, however, that the public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny," id. at 450 (quoting Reporter's Comm., 489 U.S. at 772), and "it does not include helping an individual obtain information for his personal use," id. (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)).  See also Mays v. DEA, 234 F.2d 1324, 1327 (D.C. Cir. 2000).  The Oguaju court bluntly rejected the requestor's argument that the public interest was served in releasing information that might aid him in his defense against criminal charges:  "Oguaju's personal stake in using the requested records to attack his convictions *does not count* in the calculation of the public interest." 288 F.3d at 450 (emphasis added).  On the other side of the balance, privacy interests of individuals involved in criminal investigations are routinely and properly accorded weight by the courts.  See, e.g., Reporter's Committee 489 U.S. at 762-71; Oguaju 288 F.3d at 451 (privacy interest of prison escapee); Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995).

In this case, during the administrative processing of the plaintiff's FOIA request, he failed to set forth clearly any statement of public interest that would be served by disclosure of the requested information.  At best, plaintiff made only vague and confusing allegations that the requested information will be used for "Media Publishing [of] suspected illegal underhanded activities of public concern..."[3]  Little Decl., Ex. A and Ex. C.  Notably, his complaint is completely silent on the public interest that would allegedly be served by disclosure of the requested information.  To the extent that any justification can be reasonably discerned, it appears that plaintiff seeks the documents for purposes of challenging his conviction.  In his September 6, 2006 and November 15, 2006 letters, plaintiff states that the disclosure of the requested information "is likely to contribute significantly to [his] case..."  Id.  However, as the D.C. Circuit Court discussed in Oguaju, this simply "does not count" as a public interest. Oguaju, 288 F.3d at 450.  On the other side of the balance, courts recognize the need to protect the privacy of individuals involved in criminal investigations and plaintiff's request seeks nothing but information related to a third party's criminal activity and his alleged status as a DEA informant.  This is a sufficient invasion of privacy to weigh against disclosure.

---

[3] In NARA v. Favish, the Supreme Court made it clear that where the public interest being asserted is that responsible officials acted negligently or otherwise improperly in the performance of their duties, "bare suspicion" of official misconduct is inadequate to establish a public interest in disclosure.  541 U.S. 157, 172 (2003).  Rather, the Court held that "the requester must make "a meaningful evidentiary showing" and produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  Favish, 541 U.S. at 173-75. Also, the Court noted that in the absence of contrary evidence, a presumption of legitimacy is accorded to the government's official conduct.  Id. (citing United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)).  Presuming that plaintiff is alleging some misconduct on the part of the DEA or the government, his bare and confusing allegations fall well short of meeting this standard.

**B.    Exemptions 7(D) and 7(F) are also applicable**

Exemption 7(D) exempts from disclosure material that could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority, or any private institution which furnished information on a confidential basis.  5 U.S.C. § 552 (b)(7)(D).  In contrast to Exemptions 6 and 7(C), no balancing test is applied under Exemption 7(D).  See Parker v. Dep't of Justice, 934 F.2d 375, 380 (D.C. Cir.1991) (stating that "judiciary is not to balance interests under Exemption 7(D)"); see also Jones v. FBI, 41 F.2d 238, 247 (6th Cir. 1994) (Exemption 7(D) "does not involve a balancing of public and private interests; if the source was confidential, the exemption may be claimed regardless of the public interest in disclosure") citing Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 492 (D.C. Cir. 1980).

Exemption 7(F) protects from disclosure information compiled for law enforcement purposes if disclosure would reasonably be expected to endanger the life or physical safety of any individual.  5 U.S.C. § 552(b)(7)(F).  Many courts have found that the expansive language of "any individual" within Exemption 7(F) encompasses protecting the identities of confidential informants.  Housley v. FBI, 1988 WL 30751, at *3 (D.D.C. 1988) (protecting identities of informants pursuant to Exemption 7(F)); Butler v. U.S. Dep't of Justice, 368 F.Supp.2d 776, 786 (E.D. Mich. 2005) (protecting information that could endanger lives of individuals who provided information to DEA).  Although Exemption 7(F) applies to information that is also subject to the protection of Exemption 7(C), there is no balancing required with the use of Exemption 7(F). Raulerson v. Ashcroft, 271 F.Supp.2d 1, 29 (D.D.C. 2002) ("Unlike Exemption 7(C), which involves a balancing of societal and individual privacy interests, 7(F) is an absolute ban against certain information and arguably, an even broader protection than 7(C).").

11

Again, plaintiff seeks records pertaining to a third party whom he claims is a confidential DEA informant. Assuming for the sake of argument only that this is the case, plaintiff's request for information related to Mr. Medina clearly runs afoul of these two exemptions. See Little Decl., ¶¶ 34-39.

### C.    DEA declaration

Defendants have submitted in support of this motion the declaration of William C. Little, attached as Exhibit 1. Mr. Little is a senior attorney with the DEA's Office of Chief Counsel, Administrative Law Section. Little Decl., ¶¶ 2-3. In his current position, Mr. Little is responsible for review of both initially processed and appealed FOIA requests and provides litigation support for all matters arising under FOIA in which DEA is an interested party. Due to the nature of his official duties, Mr. Little is familiar with the procedures routinely followed by DEA in responding to FOIA requests and with the particular actions taken by DEA in responding to plaintiff's request. Little Decl. ¶¶ 10. In describing the DEA's response to plaintiff's request, Mr. Little's declaration is sufficiently detailed and non-conclusory and provides the court with an adequate basis for review of DEA's response to plaintiff's request. See id. Plaintiff's Complaint includes no evidence impugning Mr. Little's declaration and there is no evidence of bad faith by the agency in this matter.

The declaration of Mr. Little explains that he is also familiar with the agency's policies regarding the use of the Glomar response, and why the DEA used it to deny plaintiff's request. Little Decl. ¶¶ 40-51. This explanation is as detailed as it could be without divulging whether the agency actually has any responsive records, and so it provides the court with an adequate basis for review of DEA's use of the Glomar response to plaintiff's request. See id..

**D.    DEA is not required to conduct a search for responsive documents**

When the agency has adequately justified its use of the Glomar response to support a

FOIA exemption, the courts do not require the agency to conduct a search for responsive records.

See Wheeler, 2003 WL 21675312 at *8.  In this case, the DEA could not confirm or deny the

existence of responsive records without revealing whether Mr. Medina was a confidential

informant.  This admission could itself have violated the individual's privacy, contrary to the

purpose of Exemptions 7(C), 7(D), and 7(F), making the Glomar response appropriate.  In light

of the appropriateness of the Glomar response, and the agency's justification for it in the attached

declaration, it would be wasteful to incur the costs of the search for records that, if they exist,

could not be released anyway.

**E.    Segregability**

The Court of Appeals for the District of Columbia Circuit has held that a District Court

considering a FOIA action has "an affirmative duty to consider the segregability issue sua

sponte." Trans-Pacific Policing Agreement v. U. S. Customs Service, 177 F.3d 1022, 1028 (D.C.

Cir. 1999).  The FOIA requires that if a record contains information that is exempt from

disclosure, any "reasonably segregable" information must be disclosed after deletion of the

exempt information unless the non-exempt portions are "inextricably intertwined with exempt

portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. U. S. Dep't of the Air Force, 566 F.2d

242, 260 (D.C. Cir. 1977).  In light of the agency's Glomar response, however, segregating or

redacting information is inappropriate because even a completely redacted document would

reveal the existence of responsive documents and defeat the purpose of the Glomar response.

**F.      Plaintiff is not entitled to monetary damages**

It is well-settled that monetary damages are not available under FOIA.  See Johnson v.

Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir.2002) (affirming

district court conclusion that "FOIA ... provides requesters with the potential for injunctive relief

only" and thus precludes the creation of a damages remedy for the alleged mishandling of a

FOIA request); Whitfield v. U.S. Dep't of Treasury, 2006 WL 2434923, at *7 (D.D.C. Aug.22,

2006) (dismissing plaintiff's request for damages under FOIA based on Johnson); see also

Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir.1993) (holding that there is no private right of

action for money damages under FOIA); Gasparutti v. United States, 22 F.Supp.2d 1114, 1116

(C.D.Cal.1998) ( "There is no provision under FOIA which provides for an award of money

damages for alleged wrongs by federal agencies." ).  In this case, plaintiff seeks compensatory

and punitive damages for DEA's alleged mishandling of his FOIA request.  Compl. at 7-8.  It is

well settled that monetary damages are not available and thus, even assuming that plaintiff could

demonstrate that DEA acted inappropriately, plaintiff's request for such damages must be denied.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that the Court enter judgment

in its favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

14

_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)

15

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused copies of the foregoing Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment to be served by first class mail upon *pro se* Plaintiff at:

> **Luis Humberto Barbosa**
> **R29500-053**
> **FCI-Fort Dix Camp**
> **P.O. Box 1000**
> **Fort Dix, NJ  08640**

on this 27th day of August, 2007.


_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUIS H. BARBOSA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. 07-1052 (RWR) |
| v. | ) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendants respectfully submit this statement of material facts as to which there are no genuine disputes in accordance with this Court's Local Rule 7(h).

1.      By letter dated September 6, 2006, plaintiff sent a letter to the DEA requesting records under the Freedom of Information Act and pursuant to 5 U.S.C. § 552.  See Declaration of William C. Little Jr., ¶ 11 (Exhibit 1) ("Little Decl.").  Specifically, plaintiff's request sought records related to a third party by the name of Emilio Medina and a waiver of fees.  Little Decl., Ex. A.  Plaintiff asserted that the "[r]ecords will be used for Media Publishing suspected illegal underhanded activities of public concern, where [Emilio Medina] was identified by three (3) other witnesses, as ***active DEA Informant***."  Id. (emphasis added).  Plaintiff also explained his relationship to Mr. Medina:

> It has been already established before the U.S. District Court in Barbosa's case (U.S. v. Barbosa, 51 F.Supp.2d 596 (E.D. Pa. 1999) that the above referenced subject was who supplied the 99 cylinders allegedly containing 'heroin" that later, after a Laboratory an[a]lysis, turned out to be "cocaine base", and also the evidence that led to the arrest and conviction of Barbosa herein the United States.  Subject's involvement in Barbosa's case, arrest and conviction in Aruba is part of the same investigation originated by the Philadelphia, Pa. Based DEA office in Curacao, N.A.

Id.

2.      By letter dated October 10, 2006, the plaintiff notified DEA of a change of address.  Little Decl., Ex. B.

3.      By letter dated November 15, 2006, the plaintiff again requested information regarding Emilio Medina, again requesting a fee waiver and asserting ""Media Publishing" and "illegal underhanded activities of public concern."  Little Decl., Ex. C.

4.      By undated letter received by the Department of Justice, Office of Information and Privacy (OIP) on January 12, 2007, the plaintiff appealed the DEA's failure to respond to his request (appeal no. 07-0506).  Little Decl., Ex. D.

5.      By letter dated January 26, 2007, DEA responded to the plaintiff's FOIA request. In its response, DEA neither confirmed nor denied the existence of any records related to Emilio Medina and informed the plaintiff that a release authorization was required from the individual about whom the records pertained.  Little Decl., Ex. E.  The letter also advised the plaintiff that if he wished to appeal the response, he could do so by appealing to the OIP within sixty days.  Id.

6.      By letter dated February 7, 2007, OIP informed the plaintiff that his first appeal based upon the failure of DEA to respond to his request  (appeal no. 07-0506) was moot and closed the appeal.  Little Decl., Ex. F.

7.      To date, there is no record the plaintiff ever appealed to the OIP the DEA's January 26, 2007 determination denying the plaintiff's request for records related to Emilio Medina.  See Declaration of Chiquita Hairston, ¶¶ 2-4 (Exhibit 2) ("Hairston Decl."); see also Little Decl. at ¶ 17.

8.      The instant civil action was received by the Court on May 21, 2007 and filed on

2

June 14, 2007.  <u>See</u> Docket Entry 1.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LUIS H. BARBOSA, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 07-1052 (RWR) |
| DRUG ENFORCEMENT ADMINISTRATION, et al. | ) | |
| Defendants. | ) | |

## DECLARATION OF WILLIAM C. LITTLE, JR

I, William C. Little, Jr., hereby make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an attorney admitted to and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am the attorney responsible for matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and Privacy Act (PA), 5 U.S.C. § 552a, in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

4. As an attorney, I have been involved in FOIA/PA since 1994. I have received formal training and on the job training in the FOIA/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOIA/PA requests that are received by DEA, and provide litigation support for all matters arising under the Freedom of Information Act and the Privacy Act in which DEA is an interested party.

7. In defense of FOIA/PA actions, I am responsible for taking remedial action when ordered by courts or when deficiencies in responding to, processing or release of information are noticed in the course of litigation review.

8. I prepare, review, and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and perform all necessary legal research on issues arising during the course of the prosecution or defense of FOIA/PA actions in which DEA is a party.

9. The DEA Freedom of Information Operations Unit (SARO) is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA received by DEA. I am also familiar with the policies, practices and procedures SARO employs and the SARO records that relate to the search for, and the processing and release of information responsive to FOIA/PA requests received by DEA.

10. In preparing this declaration, I read and am familiar with the Complaint in the above entitled matter, and the DEA records maintained by SARO that relate to the processing of the plaintiff's Freedom of Information Act request that is the subject of the above titled civil action.

## SUMMARY OF CORRESPONDENCE

11. By letter dated September 6, 2006, the plaintiff requested records related to an Emilio Medina, a waiver of fees and asserted that the "[r]ecords will be used for Media Publishing suspected illegal underhanded activities of public concern, where [Emilio Medina] was identified by three (3) other witnesses, as active DEA Informant." A copy of the plaintiff's letter is attached as Exhibit A.

12. By letter dated October 10, 2006, the plaintiff notified DEA of a change of address. A copy of the plaintiff's letter is attached as Exhibit B.

13. By letter dated November 15, 2006, the plaintiff again requested information regarding Emilio Medina, again requesting a fee waiver and asserting ""Media Publishing" and "illegal underhanded activities of public concern." A copy of the plaintiff's letter is attached as Exhibit C.

14. By undated letter received by the Department of Justice, Office of Information and Privacy (OIP), on January 12, 2007, the plaintiff appealed the DEA failure to respond to his request. A copy of the plaintiff's undated letter is attached as Exhibit D.

15. By letter dated January 26, 2007, DEA responded to the plaintiff's request. DEA neither confirmed nor denied the existence of any records related to Emilio Medina and informed the plaintiff that a release authorization was required from the individual about whom the records pertained. A copy of the DEA letter is attached as Exhibit E.

16. By letter dated February 7, 2007, OIP informed the plaintiff that his appeal based upon the failure of DEA to respond to his request was moot and closed the appeal. A copy of the OIP letter is attached as Exhibit F.

17. There is no record to date that the plaintiff appealed the DEA 2007 determination denying the plaintiff's request for records related to Emilio Medina.

## SUMMARY OF ADMINISTRATIVE ACTION

18. The plaintiff's letters dated September 6, 2006 and November 15, 2006, were construed as a request for criminal investigative and disciplinary records under the control and custody of DEA related to a third-party, and information related to the third party individual's status as a confidential source. DEA investigative records, disciplinary records and records related to a confidential source are maintained in separate systems of records.

-4-

19. Any records deemed responsive to the plaintiff's FOIA request would be criminal investigative records compiled for a law enforcement purpose. Those records, if they exist, would be maintained either in the (a) DEA Investigative Reporting and Filing System (IRFS), (b) the DEA Operations Files, and/or (c) the DEA Planning and Inspection Records to the extent that they involve possible criminal offenses, are criminal investigative records. The records were compiled during criminal law enforcement investigations conducted by DEA.

20. Documents found in IRFS, the Inspection and Planning Records, and the Operations Files relate to and contain the names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity.

21. If any such records exist, the investigative and disciplinary information related to Emilio Medina are reasonably likely to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS), and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, respectively. Information relative to the status of Emilio Medina as a confidential source, if any records exist, is reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011. No other systems of records maintained by DEA would reasonably be likely to contain the records responsive to the plaintiff's requests.

22. DEA is a component of the Department of Justice that performs as its principal function activity pertaining to the enforcement of criminal laws, specifically those activities related to the

illicit trafficking in controlled substances and chemicals that include the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*. See 28 C.F.R. § 0.100.

23. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq*. (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking; cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

24. The principal functions performed by DEA include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals. In performing these functions, DEA creates and maintains investigative and other records related to the enforcement of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq*.

25. The DEA Investigative Reporting and Filing System, JUSTICE/DEA-008, the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, and the DEA Operations Files, JUSTICE/DEA-011, are Privacy Act Systems of records. Each system is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). In accordance with the Privacy Act, notice that the systems are exempt from access, pursuant to 5 U.S.C. § 552a(j)(2), is published in the Department of Justice Agency Rules at 28 C.F.R. § 16.98.

26. Consistent with both PA Exemption (j)(2) and (k)(2), the records maintained in IRFS, and to the extent the matters relate to an individual that cooperates with DEA, the Planning and Inspection Records and the Operations Files, consist of: (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2).

27. As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains or by providing proof of death, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent jurisdiction.

28. The DOJ Agency Rules, 28 CFR § 16.3, also require, in pertinent part, when "making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that the individual is deceased (example omitted) will help with the processing of your request."

29. To date, there is no record that the plaintiff provided proof of death or a written authorization for release from Emilio Medina, no court order was received by DEA, and, if records existed, release is not required by the Freedom of Information Act, pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F) for the reasons set forth below.

## JUSTIFICATION FOR EXEMPTIONS

### Records or Information Compiled for Law Enforcement Purposes

### FOIA Exemption (b)(7) (C)

30. The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Similarly, FOIA, 5 U.S.C. § 552 (b)(6), sets forth an exemption for personnel, and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

31. In making the determination to withhold information, the individual's privacy interests are balanced against any discernible public interest in disclosure of an individual's identity or information related to an individual. The public interest in disclosure of the information is determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce federal criminal and Controlled Substance Act statutes and/or how DEA conducts its internal operations and investigations.

32. Where there is no legitimate public interest in the information withheld under exemption (b)(6) and/or (b)(7)(C), release of any information about an individual would constitute an unwarranted invasion of that individual's personal privacy, since the release of such information can have a potentially stigmatizing or embarrassing effect on the individual and cause that individual to be subjected to unnecessary public scrutiny and scorn.

33. In this instance, the plaintiff provided neither proof of death nor a written authorization of release. The plaintiff merely asserted "Media Publishing" and "illegal underhanded activities of public concern" to overcome the privacy interests of Emilio Medina. He failed (1) to provide any information showing that he was a media representative or the manner and method of publishing any information, (2) what was the public interest or (3) the nature of the "illegal" activities that would overcome the substantial privacy interest of Emilio Medina. These mere unsupported assertions were deemed insufficient to overcome the privacy interests of Emilio Medina.

## FOIA Exemption (b)(7) (D)

34. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

35. Unlike Exemption (b)(6) and (b)(7)(C), there is no balancing test to employ in the application of Exemption (b)(7)(D). Exemption (b)(7)(D) is based upon a privilege that can be

waived by an official public acknowledgment. Simply because individuals testify in court or that information is released in discovery, does not constitute a waiver.

36. The plaintiff failed to provide any information that there was a public disclosure by a DEA official regarding the status of Emilio Medina who he alleges is a confidential source. The DEA Report of Investigation, DEA Form 6 and 6a, attached to the plaintiff's complaint as Exhibit 3, is not sufficient. Given that the form indicates "Prosecutor," the form would have been that which was provided for purposes of discovery.

## FOIA Exemption (b)(7) (F)

37. The FOIA, 5 U.S.C. § 552 (b)(7)(F), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

38. Confidential sources approach and associate with violators in a covert capacity. It has been the experience of DEA that discovery of the identities of confidential sources has, in the past, resulted in several instances of physical attacks, threats, harassment, attempted murder and murder of sources and individuals connected to them.

39. It has also been the experience of DEA that violence is inherent in the illicit trafficking in controlled substances such as cocaine. This plaintiff was involved in the importation and transportation internationally of cocaine.

-10-

40. Thus, it may, therefore, be reasonably anticipated that confidential sources and individuals associated with the confidential source would become targets of similar abuse if they were identified as participants in DEA enforcement operations. Thus, FOIA Exemption (b)(7)(F) also applies to records maintained by DEA related to confidential sources.

## USE OF THE *GLOMAR* RESPONSE

41. DEA did not conduct a search for records at the time the plaintiff's request was processed. DEA responded to the plaintiff by neither confirming or denying the existence of responsive records, known as the "Glomar" response.

42. DEA employs the "Glomar" response to respond to requests for investigative information related to third-parties where no release authorization or proof of death is provided in order to protect the privacy interests of the individuals, pursuant to FOIA Exemption (b)(6) and (b)(7)(C).

43. The "Glomar" response is employed to protect an individuals privacy where the individual's privacy interest outweighs the public interest. The plaintiff in his requests to DEA merely stated "illegal underhanded activities of public concern." The plaintiff's statement was deemed to be insufficient as evidence that warranted a belief that Government misconduct may have occurred. With no supporting evidence, it was determined that, if records existed, the privacy interests of Emilio Medina outweighed the public interest asserted by the plaintiff.

44. It is the DEA position that merely confirming that any individual is mentioned in a DEA investigative record system or that DEA is in possession of records is a disclosure under the Privacy Act. Confirming that DEA has records related to an individual in its possession, in and of itself, would constitute an unwarranted invasion and would be a violation of an individual's personal privacy pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), since it would have a potentially stigmatizing or embarrassing effect by associating the individual with a criminal investigation.

45. DEA has found that the "Glomar" response to "neither confirm nor deny" provides the best protection to those individuals about whom records are sought by third-party FOIA requesters and does not mislead a requester. The use of "neither confirm nor deny" is distinct from a "no record" response.

46. DEA typically uses "no record" as a response where, in fact, a search was undertaken and no records could be located based upon a requester's description of the record, the records requested are not "agency records," or the information falls within the FOIA (c)(1) or (c)(2) exclusions. To use a "no record" response would leave in the requester's mind a belief that records do not exist.

47. Also, DEA employs the "Glomar" response relative to requests for information related to the identity of and information provided by confidential sources to prevent a requester from drawing any adverse inferences. If a search was conducted and the requester is informed that the records

were exempt from disclosure pursuant to the Privacy Act and/or the Freedom of Information Act, DEA would effectively acknowledge the status of any individual that is a confidential source of information. Acknowledging an individual as a confidential source is not required by FOIA Exemption (b)(7)(D) and Exemption (b)(7)(F) would also apply where the individual's safety would be jeopardized.

48. Denying the status of an individual as a confidential source would allow the requester to draw other adverse inferences. FOIA Exemption (b)(7)(D) allows the withholding of information that would disclose the identity of a confidential source. By denying that an individual is a confidential source, through the process of elimination, a requester could uncover the identity of an actual confidential source – expressed confidentiality-- even if the individual merely assisted the Government and provided information -- implied confidentiality – in the course of an investigation.

49. Thus, employing the "Glomar" response is the best method to protect the identity of an individual as a confidential source. The response is employed where there is no evidence that there was a waiver of the privilege by an official public confirmation of the status of an individual as a confidential source.

50. By denying that an individual provided information to the government allows the plaintiff, through the process of elimination, to narrow and identify individuals who may have assisted the government. Therefore, using the Glomar response is the most effective means of protecting the

identity of a confidential source where the status or identity of the source has not been officially acknowledged.

51. DEA, if records existed, would withhold information pursuant to Privacy Act Exemption (j)(2) and (k)(2), except if release was required by the FOIA. In that regard, any third party information would be withheld pursuant to FOIA Exemption (b)(7)(C), and any information that disclosed the identity of any confidential source would be withheld pursuant to Exemption (b)(7)(D) and (F). If appropriate, the (c)(1) and/or (c)(2) exclusion could apply.

52. If records existed that related to Emilio Medina as a confidential source, DEA would respond with "neither confirm or deny" or "no records", unless there was a showing of a public acknowledgment of the status of Emilio Medina as a confidential source. If other records existed and since a release authorization is the granting to the particular individual access to privacy protected records, DEA would respond with "no records" or release information to which an exemption does not apply.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
DATE

_____
William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

-14-

# EXHIBIT A

## FREEDOM OF INFORMATION ACT REQUEST LETTER

September 06, 2006

FOIA OFFICER
Drug Enforcement Administration
U.S. Department Of Justice
FOIP/Record Management
1405 Eye Street, N.W.
Washington, D.C. 20537

> Re: Freedom Of Information Act Request Of Title 5 USC §552
> Subject: Medina, Emilio
> Arresting Date: July 19, 1998
> Place Of Arrest: Aruba, Netherlands Antilles
> Arresting Parties: Aruban Authorities in combination with the country
> attached DEA Office in Curacao, N.A.

Dear Sir/Madam,
        This is a request under the Freedom Of Information Act of
Title 5 USC §552 for all public and none public records maintained
in your agency's files and in the files of your Country attached
DEA Office in Curacao, N.A., such as Court records, mugshot(s) and
News clippings produced as result of the arrest and conviction of
the above referenced subject in Aruba, N.A. That including all
foreign public and none public Court and government records produced
and maintained by the Aruban Authorities, which are retrieval under
the **Foreign Mutual Legal Assistance Treaty**, as result of the above
subject's "arrest" and "conviction" in Aruba, N.A.

        It has been already established before the U.S. District
Court in Barbosa's case (U.S. v. Barbosa, 51 F.Supp.2d 597 (E.D.
Pa. 1999)) that the above referenced subject was who supplied the
99 cylinders allegedly containing "heroin" that later, after a
Laboratory anlysis, turned out to be "cocaine base", and also the
evidence that led to the arrest and conviction of Barbosa herein
tthe United States. Subject's involvement in Barbosa's case, arrest
and conviction in Aruba is part of the same investigation origina-
ted by the Philadelphia, PA. based DEA Office working in combination
with their Country attached DEA Office in Curacao, N.A. Both subject's
and Barbosa's arrests and convictions are materially connected, enti-
tling Barbosa with legal statutory right to possessing the records
sought. Records will also be used for Media Publishing suspected illegal
underhanded activities of public concern, where the above subject
was identified by three (3) other witnesses, as active DEA Informant.

        Report of investigation from the DEA indicates that the Subject
and four (4) other people were arrested on July 19, 1998 by Aruban
Authorities incident to the seizure of 75 kilograms of cocaine (see
attachment).

I request a waiver of all fees for this request. The new rules require that that fees must be waived or reduced if desclosure of the information is in the public interest because it is likely to contribute significantly to Barbosa's case and to public understanding of the operations or activities of the government and not primarily in the commercial interest of the requester.

Because the exemption requires agencies to strike a balance between an individual's privacy interest and the public's right to know, and Barbosa's legal statutory right to possess, the requested records should not be protected by exemptions (b)(6) nor (b)(7)(C) if the injury to the individual is outweighed by Barbosa's legal statutory right to possess and by a public interest favoring disclosure.

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - West, Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640

Enclosure: Certificate of Indentity
           DEA Form -6's:report of investigation

-2-

# EXHIBIT B

07.0075

Luis H. Barbosa
FCI Fort Dix/Camp
P.O. Box 1000
Fort Dix, New Jersey 08640

FOIA Officer
Drug Enforcement Administration
U.S. Department of Justice
FOIP/Record Management
1405 Eye Street, N.W.
Washington, D.C. 20537

## RE: ADDRESS CHANGE REQUEST

Dear Sir/Madam,

On September 06, 2006, Freedom Of Information Act Request Letter was sent to your Office at the above address (attachment).

The above petitioner, as of September 21, 2006, has been relocated to another address. Please make note of this change in your records.

Thank you for your time and patience on this matter.

Respectfully submitted,

Dated: 10/10, 2006.

Luis H. Barbosa, petitioner

# EXHIBIT C

## FREEDOM OF INFORMATION ACT REQUEST LETTER

November 15, 2006

Ms. Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
Drug Enforcement Administration
Washington, D.C. 20537

Re: Freedom Of Information Act Request Of Title 5 USC §552
Subject: MEDINA, EMILIO
Arresting Date: July 19, 1998
Place Of Arrest: Aruba, Netherland Antilles
Arresting Parties: Aruban Authorities & DEA Country Attached Office In Curacao, N.A.

Dear Ms. Myrick,

This is a request under the Freedom Of Information Act of Title 5 USC §552 for all public and none public records maintained in your agency's files and in the files of your Country attached DEA Office in Curacao, N.A., such as Court records, mugshot(s), and News Clippings produced as result of the arrest and conviction of the above referenced subject in Aruba, N.A., that including all foreign public and none public court and government records produced and maintained by Aruban Authorities, that are retrieval under the Foreign Mutual Legal Assistance Treaty, as result of the above subject's arrest and conviction in Aruba, N.A.

The Court in the undersigned case has established that the above referenced subject was the "drug" supplier that led to the arrest and conviction of the undersigned herein the United States. The subject's arrest and conviction in Aruba, N.A. is part of the same investigation originated by the Philadelphia, PA. based DEA Office working in combination with their DEA Country attached Office in Curacao, N.A.

Both subject's and the undersigned arrests and convictions are materially connected entitling the undersigned with legal statutory right to possessing the records sought. The records will also be used for Media Publishing of illegal underhanded activities of public concern, where the above subject was identified by three (3) other witnesses as active DEA informant.

2006 DEC -1 AM 9: 21

SARO
OPERATIONS UNIT

DEA report of investigation indicates that the subject and four other people were arrested on July 19, 1998, by Aruban Authorities incident to the seizure of 75 kilograms of cocaine (see attachment).

I request a waiver of all fees for this request. The new rules require that that fees must be waived or reduced if disclosure of the information is in the public interest because it is likely to contribute significantly to the undersigned's case and to public understanding of the operations or activities of the government and not primarily in the commercial interest of the undersigned.

Because the exemption requires agencies to strike a balance between an individual's privacy interest and the public's right to know, and the undersigned's legal statutory right to possess, the requested records should not be protected by exemptions (b)(7) nor (b)(7)(C) if the injury to the individual is outweighed by the undersigned's legal statutory right to possess and by a public interest favoring disclosure.

Respectfully submitted,

11-15-2006

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 1000
Fort Dix, New Jersey 08640

Enclosure: Certificate Of Identity.

DEA Report Of Investigation.

NOTE: This Request Is Served Under Legal Certified
U.S. Mail No. 7000 1670 0008 0403 6686

2 of 2

# EXHIBIT D

)7-050b    FOIA (F) DEA

#07-0075-7
Closed 1/24/07
Full Denial

## FREEDOM OF INFORMATION "APPEAL LETTER"

From:    Luis H. Barbosa #29500-053
         FCI Fort Dix - Camp
         P.O. Box 1000
         Fort Dix, New Jersey 08640

To:      CO-DIRECTOR
         Office Of Information And Privacy
         Flag Building, Suite 570
         Washington, D.C. 20530

Dear CO-DIRECTO,

This is an "Administrative Appeal" under the Freedom Of Information Act, Title 5 U.S.C. § 552(a)(6) and 552(6)(A)(ii), and pursuant to 28 C.F.R. § 16.8. The reasons are stated within.

1.    On September 6, 2006, the under signed petitioner filed a Freedom Of Information Act request letter, pursuant to 5 U.S.C. § 552, for all records withheld by the DEA Agency and its Country attached Office in Curacao, N.A., including all Foreign Public and none Public records pertinent to Emilio Medina's arrest and conviction in Aruba. Material witness to the under signed's criminal case herein the United States. Medina was arrested in Aruba stemming out of the same DEA investigation which originated in Philadelphia, PA. (see, attachment "A").

On October 10, 2006, the under signed petitioner sent to the FOIA Officer, a letter requesting address change (see, attachment "B").

This September Freedom of Information request was never answered despite Agency's requirement by law.

2.    On November 15, 2006, the under signed petitioner filed another similar request but this time addressed to Katherine L. Myrick, Chief Operation Unit. Under Certified return receipt No. 7000 1670 0008 0403 6686, which was received on 12/01/2006. This November Freedom of Information Act request was also never answered (see, attachment "C").

3.    Now the under signed petitioner expects a reply within twenty working-days time limit pursuant to Title 5 U.S.C. § 552(6)(A)(ii).

Respectfully submitted,

Luis H. Barbosa

Cc: FILE
NOTE: Instant Served Under Certified
      receipt No. 7000 1670 0008 0654 6893

# EXHIBIT E

**U.S. Department of Justice**
Drug Enforcement Administration

---

Case Number: 07-0075-F                                          JAN 2 6 2007

Subject: INFORMATION ON A THIRD PARTY - MEDINA, EMILIO

Luis H. Barbosa
Reg. No. 29500-063
FCI Fort Dix
P.O. Box 1000
Fort Dix, NJ 08640

Dear Mr. Barbosa:

Your initial Freedom of Information Act request letter dated September 6, 2006, your change of address letter dated October 10, 2006, as well as your latest letter dated November 15, 2006 has been received at the Drug Enforcement Administration (DEA), FOI/Records Management Section, Operations Unit (SARO), for processing. Your request for DEA records pertaining to the above individual will not be processed as constituted. This response neither confirms nor denies the existence of any requested records. Before DEA can begin processing your request, it will be necessary for you to provide an original notarized authorization (privacy waiver) from that person. For your convenience, we have enclosed two forms to assist you in meeting this requirement.

Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Please be advised that without an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

2

If you wish to appeal this response, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
NYAV, 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

# EXHIBIT F

**U.S. Department Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB - 7 2007

Mr. Luis H. Barbosa
Register No. 29500-053
Federal Correctional Institution
Post Office Box 1000
Fort Dix, NJ 08640

Re:     Appeal No. 07-0506
Request No. 07-0075-F
JTR:CIH

Dear Mr. Barbosa:

You attempted to appeal from the failure of the Drug Enforcement Administration (DEA) to respond to your request for access to records pertaining to Emilio Medina.

DEA responded to your request by letter of January 26, 2007 (copy enclosed). Because DEA responded to your request, your appeal from DEA's failure to respond to your request is moot. Accordingly, I am closing your appeal file in this Office.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS H. BARBOSA,                    )
                                    )
                  Plaintiff         )
                                    )
         v.                         )          Civil Action No. 07-1052 (RWR)
                                    )
DRUG ENFORCEMENT ADMINISTRATION,    )
         et al.                     )
                                    )
                  Defendants.       )
                                    )

## DECLARATION OF CHIQUITA J. HAIRSTON

I, Chiquita J. Hairston, hereby make the following declaration under penalty of perjury

pursuant to 28 U.S.C. § 1746 and declare the following to be correct and true:

1.       I am an Information Assistant in the Office of Information and Privacy ("OIP"), United

States Department of Justice ("DOJ"). I have been employed in this position and with the OIP

since October, 2000. As an Information Assistant, my responsibilities include responding to

inquiries regarding administrative appeals from actions taken by components of the Department

of Justice under the Freedom of Information Act (FOIA) and the Privacy Act of 1974.

2.       In response to a recent inquiry from William C. Little, an attorney for the Drug

Enforcement Administration ("DEA"), I conducted a search of OIP's records to determine

whether or not any administrative appeals have been filed by a Luis Humberto Barbosa. All

administrative appeals are recorded and tracked in an OIP Oracle database. In responding to Mr.

1

Little's inquiry, I searched the database using the following search terms: (1) Barbosa, Luis; (2) individual request no. 07-0075-F; and (3) component DEA. Because of the way OIP logs information into the database, these search terms should have retrieved any administrative appeals filed by Mr. Barbosa.

3.    My search revealed only one administrative appeal that was filed by Mr. Barbosa, designated appeal no. 07-0506. This appeal was received by OIP on January 12, 2007 and in pertinent part, concerned the DEA's non-response to Mr. Barbosa's September 6, 2006 FOIA request. On February 7, 2007, OIP responded to Mr. Barbosa's administrative appeal and closed out the case. Specifically, OIP advised Mr. Barbosa that because DEA responded to his request by letter dated January 26, 2007, OIP considered his appeal moot and advised that it was closing the appeal file.

4.    OIP has not received any further appeals from Mr. Barbosa. Specifically, OIP has not received any administrative appeals of the DEA's January 26, 2007 response, nor has OIP received any appeals from Mr. Barbosa following his January 12, 2007 appeal.

I declare under penalty of perjury that the foregoing is true and correct.

_____8/27/07_____
DATE

_____
Chiquita J. Hairston
Information Assistant
Office of Information and Privacy
Department of Justice

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUIS H. BARBOSA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Civil Action No. 07-1052 (RWR) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

Upon consideration of Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment, the relevant law, and the entire record herein, it is this _____ day of

_____, 2007

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE