IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

SEP 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LUIS HUMBERTO BARBOSA,         )
                               )
         Plaintiff Pro-Se      )
                               )
                               )
    Vs.                        )    Civil Action No.: 07-1052 (RWR)
                               )
                               )
U.S. DEPARTMENT OF JUSTICE, et al., )
                               )
         Defendants.           )
                               )

## MOTION TO COMPEL DEFENDANTS ANSWERING
## FIRST SET OF INTERROGATORIES

Plaintiff Luis Humberto Barbosa, pursuant to Rule 33 and 37(a), FRCP, moves this court for an order to compel defendants answering first set of interrogatories dated August 08, 2007.

Respectfully submitted,

Executed on 9/10th, 2007.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,                )
                                      )
        Plaintiff Pro-Se              )
                                      )
                                      )
        Vs.                           )   Civil Action No.: 07-1052 (RWR)
                                      )
                                      )
U.S. DEPARTMENT OF JUSTICE, et al.,   )
                                      )
        Defendants.                   )
                                      )

## BRIEF IN SUPPORT OF MOTION TO COMPEL

### STATEMENT OF THE CASE

This is a § 1983 civil action law suit filed pro-se by a Federal prisoner at Fort Dix Prison Camp, New Jersey, seeking money damages, declaratory judgment, and injunctive relief alleging violation of his Federal Constitutional Rights. This motion seeks to compel answers to plaintiff's first set of interrogatories, pursuant to Rule 37, FRCP.

### STATEMENT OF FACTS

On August 08, 2007, plaintiff filed his first set of interrogatories pursuant to Rule 33, FRCP (see, ex. 1-4). On August 29, 2007, defendants responded in a letter advising their objection as inappropriate plaintiff's interrogatories in this FOIA case (see, ex. 5-6).

Plaintiff has attempted without success to persuade the defendants to answer his first set of interrogatories without resorting to a motion to compel.

## ARGUMENT

I. **FIRST SET OF INTERROGATORIES IS RELEVANT TO THE SUBJECT MATTER OF THE LAWSUIT.**

Rule 26(b)(1), FRCP, provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Each question in plaintiff's first set of interrogatories is relevant to the subject matter of the lawsuit. Thus plaintiff's first set of interrogatories is appropriate in this FOIA lawsuit. Defendants' objection is nothing more than part two of their continued effort to roadblock the records plaintiff is entitled to possess by statute because the requested records is material evidence to plaintiff, and the defendants know that. For this reason the defendants have gone to the extreme to even violating Federal Statutes in effort to roadblocking the requested records.

The case is indeed an exceptional one that requires discovery because of the defendants' action to willfully, intentionally violating Federal Statutes in their effort to stopping plaintiff from receiving the requested records that the defendants know plaintiff is entitled to possess by statute. The defendants by their actions have made the case deviated from the general rule disfavoring discovery in FOIA cases for the following reasons:

    a)    Defendant DEA willfully and intentionally failed to respond to plaintiff's repeated FOIA requests within the lawful mandated limited time to respond, all in a willful, intentional violation of 5 U.S.C. § 552(a)(6)(A)(i). Defendant responded after the violations denying to process the records as constituted, after being warned by the OIP, but not because it was willing to comply with lawful mandates.

    b)    Subsequent to DEA's response denying processing plaintiff's FOIA request. Plaintiff filed his appeal appealing this denial with the OIP in a Freedom Of Information Act Appeal Letter dated February 24, 2007 (see, complaint ex. 20). Defendant OIP also

failed to respond to this appeal, neither within the lawful mandated time limit of twenty (20) working days, nor ever, all in a willful and deliberately violation of 5 U.S.C. § 552(a)(6)(A)(ii).

Plaintiff alleges that the defendants' actions are clear fingerprint of a mayor collective sting operation to roadblocking the records plaintiff is entitled to possess by statute and by public safety demand favoring disclosure. Defendants are well trained government agencies that very well know the procedures in a FOIA request. It is for this reason that plaintiff alleges that the defendants did not act on their own, but rather were following orders, though knowing they were violating a Federal mandate.

II. DEFENDANTS' OBJECTION TO ANSWERING PLAINTIFF'S FIRST SET OF INTERROGATORIES ON THE GROUNDS OF BEING INAPPROPRIATE HAS NO MERIT.

Defendants claim that plaintiff's first set of interrogatories is inappropriate. However, they have not provided any factual support for this claim. An objection that plaintiff's interrogatories is inappropriate does not even present an issue unless specific reasons are shown. Leumi Financial Corp. v. Hartford Accident and Indemnity Co., 295 F.Supp. 539, 544 (S.D.N.Y. 1969). Even if the first set of interrogatories was inappropriate in this civil suit, an answer would be required if relevant to the case. King v. Gorgia Power Co., 50 F.R.D. 134 (N.D.Ga. 1970).

C O N C L U S I O N

WHEREFORE, and for all of the above reasons, the court should grant plaintiff's motion to compel defendants answering plaintiff's first set of interrogatories dated August 08, 2007.

Respectfully submitted,

Executed on 9/10 7th 2007.

## CERTIFICATION OF GOOD FAITH

I, Luis Humberto Barbosa, plaintiff, certify that I have in good faith conferred or attempted to confer with the parties refusing to answering plaintiff's first set of interrogatories in an effort to secure their answers to the interrogatories without court action.

Respectfully submitted,

Executed on 9/10Th, 2007.

Luis Humberto Barbosa

## CERTIFICATE OF SERVICE

I, Luis Humberto Barbosa, plaintiff, pro-se, certify that on this 10Th day of August, 2007, I caused the foregoing "Motion and Brief to Compel the defendants to answer First Set of Interrogatories" to be served, via First Class pre-paid U.S. Postage, to the parties listed below.

| | |
|---|---|
| Clerk Of The Court<br>United States District Court<br>For The District Of Columbia<br>U.S. Courthouse<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Quan K. Luong, Esq.<br>Special Assistant U.S. Attorney<br>For The District Of Columbia<br>555 Fourth Street, N.W.<br>Room E-4417<br>Washington, D.C. 20530 |

Respectfully submitted,

Luis Humberto Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

Exhibits 1-6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,                )
                                       )
        Plaintiff Pro-Se               )
                                       )
                                       )
                                       )
        Vs.                            )   Civil Action No. 07-1052 (RWR)
                                       )
                                       )
                                       )
U.S. DEPARTMENT OF JUSTICE, et al.,    )
                                       )
        Defendants.                    )
_____)

### FIRST SET OF INTERROGATORIES
### PURSUANT TO RULE 33, FRCP

Plaintiff now submits the following interrogatories to the defendants pursuant to Rule 33, FRCP. You are directed to answer them in writing under oath and within 30 days of service.

  1.    Define what the duties and responsibilities of each defendants are.

  2.    On or about September 06, 2006, did defendant DEA receive plaintiff's Freedom of Information Act Request Letter (see, complaint ex. 1-5)? If yes, state the reason(s) for not answering the request.

  3.    Assuming that defendant DEA is a well trained government agency that sworn to uphold its lawful official duties and respositibilities, was the agency following superiors orders not to respond to plaintiff's initial FOIA request dated September 06, 2006? If yes, provide the name(s) and Title(s).

4. Did defendant DEA know that by not responding to plaintiff's initial FOIA request letter within the Twenty (20) working-day constitutes violation of Federal Lawful Mandate pursuant to 5 U.S.C. § 552(6)(A)(i)?

5. Did defendant DEA receive plaintiff's address change inquiry dated October 10, 2006 (see, complaint ex. 6)?

6. Assuming that defendant DEA did not receive plaintiff's initial FOIA request dated October 06, 2006, did defendant DEA receive plaintiff's similar subsequent FOIA request letter dated November 15, 2006 (see, complaint ex. 7-12)? If yes, state the reason(s) for not answering within the Twenty (20) working-day as madated by Federal Law.

7. Assuming that defendant DEA received plaintiff's initial FOIA request, address change inquiry, and plaintiff's similar subsequent FOIA request which defendant failed repeatedly answering within the Twenty (20) working-day lawfully mandated, what was the reason(s) that forced the defendant to respond for the first time about 110 days from the filing of the initial request, and about 60 days from the filing of the subsequent FOIA request (see, complaint ex. 15-16)?

8. Was defendant DEA contacted by the Office of Information and Privacy (OIP) regarding plaintiff's FOIA requests prior to its response dated January 26, 2007 (see, complaint ex. 15-16)? If yes, provide records of the contact.

9. Assuming that defendant DEA is a well trained government agency that sworn to uphold its lawful official duties and resposibilitis, was the agency following superiors orders not to respond to plaintiff's similar subsequent FOIA request dated November 15, 2006, when it failed to respond pursuant the Federal Mandate (see, complaint ex. 7-12)? If yes, provide name(s) and Title(s).

10. Did defendant OIP receive plaintiff's Freedom of Information Act Appeal Letter dated 2/24/2007, appealing DEA case denial No.: 07-0075-F (see, complaint ex. 20)? If yes, state the reason(s) for the agency's failure to ever answering when the law mandates a reply within Twenty (20) working-day time limit pursuant to 5 U.S.C. § 552(6)(A)(ii).

11. If defendant OIP had previously answered plaintiff's Freedom of Information Act Appeal Letter within the Twenty-day time limit dated January 08, 2007, where defendant OIP recognizes DEA's failure to respond to plaintiff's FOIA requests, was defendant OIP following superiors orders when it failed to ever respond at all to plaintiff's FOIA appeal letter dated 2/24/2007 (see, complaint ex. 17 & 20)? If yes, provide name(s) and Title(s).

12. Did defendant OIP know that by not responding to plaintiff's FOIA Appeal Letter dated 2/24/2007 within the Twenty (20) day time limit, constitutes violation of a lawful mandate pursuant to 5 U.S.C. § 552(6)(A)(ii)?

Executed on 8/8th, 2007.

Respectfully submitted,

Luis Humberto Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

## CERTIFICATE OF SERVICE

I, Luis Humberto Barbosa, pro-se plaintiff, hereby certify that on this 8th day of August, 2007, I caused the foregoing "First Set Of Interrogatories" pursuant to Rule 33, FRCP, to be served via U.S. First Class mail, upon the parties listed below.

Clerk Of The Court
United States District Court
For The District Of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Quan K. Luong, Esq.
Special Assistant U.S. Attorney
For The District Of Columbia
555 Fourth Street, N.W.
Room E-4417
Washington, D.C. 20530

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640



U.S. Department of Justice



Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 29, 2007

**VIA FIRST CLASS MAIL**
Luis Humberto Barbosa
R29500-053
FCI-Fort Dix Camp
P.O. Box 1000
Fort Dix, NJ  08640

    Re:   *Luis H. Barbosa v. Drug Enforcement Administration, et al*, **No. 07-1052 (D.D.C.)**

Dear Mr. Barbosa:

    This letter responds to your First Set of Interrogatories, dated August 8, 2007. Please be advised that defendants hereby object to your interrogatories as inappropriate in this Freedom of Information Act ("FOIA") case.

    Discovery in FOIA cases is very limited and granted only in exceptional cases. See Public Citizen Health Research Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) ( "Discovery is to be sparingly granted in FOIA actions."); Butler v. Department of Treasury, No. 95-1931(GK), 1997 WL 138720, at *1, n.2 (D.D.C. Jan. 14, 1997) ("The Court sees no justification for granting discovery in this rather straight-forward FOIA case."); Code v. FBI, No. 95-1892 (RMU), 1997 WL 150070 at * 8 (D.D.C. Mar. 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); Key v. Attorney General of U.S., No. 94-0916 (GK), 1994 WL 775443, at *3 (D.D.C. Dec. 23, 1994) ("Discovery in FOIA lawsuits, if available at all, is limited."). Even in those cases for which discovery is granted, it is typically limited to the adequacy of the search. This rule is emphasized in the Comments to Local Civil Rule 16.3(b): "[W]e have included Freedom of Information Act actions to this list, as item number (9) because they are actions that typically do not require discovery." Local Civil Rule 16, Cmt. 16.3(b). In this case, we do not believe that you have articulated any compelling basis for deviating from the general rule disfavoring discovery in FOIA cases. As such, we object to your interrogatories in their entirety.

Please do not hesitate to contact me if you would like to discuss this further. Thank you for your time and consideration.

Respectfully,

Quan K. Luong
Special Assistant United States Attorney