UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUIS H. BARBOSA,                )<br>                                             )<br>          Plaintiff                       )<br>                                             )<br>     v.                                    )<br>                                             )<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>          et al.                          )<br>                                             )<br>          Defendants.                )<br>                                             ) | Civil Action No. 07-1052 (RWR) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

For the reasons discussed below, defendant hereby opposes plaintiff's discovery request and motion to compel and respectfully requests that they be denied.

### BACKGROUND

On or about June 14, 2007, plaintiff filed the instant civil action against the Drug Enforcement Administration ("DEA") and other defendants seeking declaratory and injunctive relief and monetary damages pursuant to the Freedom of Information Act ("FOIA"). Docket Entry 1. Specifically, plaintiff alleged that the DEA failed to timely and properly respond to his September 6, 2006 FOIA request for information and records pertaining to the arrest and conviction of a third party, Emilio Medina, whom plaintiff alleges is a DEA informant. Id. As relief, plaintiff asks the Court to declare that the DEA improperly withheld documents and also asks for an injunction ordering DEA to produce the requested information. Id. at 7-8. Plaintiff also seeks monetary damages, comprised of compensatory and punitive damages in the amount of $11,000,000.00. Id.

On or about August 8, 2007, prior to any answer or dispositive motion being filed by the

defendants, plaintiff served twelve interrogatories on defendants.  See Pl. Mot. to Compel at Exs. 1-4 (Docket Entry 10).  The interrogatories relate generally to when, if at all, the DEA received the plaintiff's various FOIA-related correspondence and the reasons for any untimely responses by the DEA.  Id.  Plaintiff also sought information regarding whether DEA employees were directed not to respond to his various FOIA-related correspondence.  Id.

On August 27, 2007, defendants filed a motion to dismiss, or in the alternative, for summary judgment.  Mot. to Dismiss (Docket Entry 8).  In pertinent part, defendants argued: (1) that plaintiff failed to exhaust his administrative remedies prior to filing the instant FOIA action; (2) that plaintiff's request for third-party records were exempt from FOIA under Exemptions 7(C), 7(D), and 7(F); and that plaintiff is not entitled to monetary damages under the FOIA.  Id.  In support of its motion, defendants submitted detailed declarations from two DEA FOIA officials, along with a number of supporting exhibits.  Id. at Ex. 1 and Ex. 2.

Two days later, defendants timely responded to plaintiff's discovery request with an objection:

> Please be advised that defendants hereby object to your interrogatories as inappropriate in this Freedom of Information Act ("FOIA") case.
>
> Discovery in FOIA cases is very limited and granted only in exceptional cases. See Public Citizen Health Research Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) ( "Discovery is to be sparingly granted in FOIA actions."); Butler v. Department of Treasury, No. 95-1931(GK), 1997 WL 138720, at *1, n.2 (D.D.C. Jan. 14, 1997) ("The Court sees no justification for granting discovery in this rather straight-forward FOIA case."); Code v. FBI, No. 95-1892 (RMU), 1997 WL 150070 at * 8 (D.D.C. Mar. 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); Key v. Attorney General of U.S., No. 94-0916 (GK), 1994 WL 775443, at *3 (D.D.C. Dec. 23, 1994) ("Discovery in FOIA lawsuits, if available at all, is limited.").  Even in those cases for which discovery is granted, it is typically limited to the adequacy of the search.  This rule is emphasized in the Comments to Local Civil Rule 16.3(b):  "[W]e have included Freedom of Information Act actions to this list, as item number (9) because they are actions that typically do not require discovery."  Local Civil Rule 16, Cmt.

>16.3(b). In this case, we do not believe that you have articulated any compelling basis for deviating from the general rule disfavoring discovery in FOIA cases. As such, we object to your interrogatories in their entirety.

Pl. Mot. to Compel at Exs. 5-6 (defendant's August 29, 2007 letter to plaintiff).

Plaintiff now files this motion to compel.[1]  Docket Entry 10.  In his motion, plaintiff alleges that the DEA failed to timely respond or failed to respond at all to his various FOIA-related correspondence.  Id.  Plaintiff argues that discovery is necessary because of the "defendants' action to willfully, intentionally violating Federal statutes in their effort to stopping plaintiff from receiving the request records..." Id. at 3.

## ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

"Discovery is to be sparingly granted in FOIA actions."  Public Citizen Health Research

---

[1] In the certificate of service attached to his motion to compel, plaintiff erroneously indicates that he served the motion on August 10, 2007.  Docket Entry 10 at 5.  Presumably, plaintiff intended to indicate that he served the motion on September 10, 2007, the same date that he sets forth under his certification of good faith.  Id.

Also, contrary to plaintiff's representations in his certification of good faith, the undersigned counsel for the defendants has not received any correspondence or other contact from the plaintiff regarding efforts to resolve this discovery dispute.

Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998); Butler v. Department of Treasury, No. 95-1931(GK), 1997 WL 138720, at *1, n.2 (D.D.C. Jan. 14, 1997) ("The Court sees no justification for granting discovery in this rather straight-forward FOIA case."); Code v. FBI, No. 95-1892 (RMU), 1997 WL 150070 at * 8 (D.D.C. Mar. 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); Key v. Attorney General of U.S., No. 94-0916 (GK), 1994 WL 775443, at *3 (D.D.C. Dec. 23, 1994) ("Discovery in FOIA lawsuits, if available at all, is limited."). See also Local Civil Rule 16, Cmt. 16.3(b) ("We have included Freedom of Information Act action to this list, as item number (9) because they are actions that typically do not require discovery.").

  In FOIA cases, the government has the opportunity and bears the burden of proving that its response to the requester is supported by the FOIA. See 5 U.S.C. 552(a)(4)(B) ("the burden is on the agency to sustain its action"). To meet its burden of establishing that it has met the requirements of FOIA in a response to a request, the government may rely on affidavits submitted by its officials, and "[i]f the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish [compliance with the requirements of FOIA], the district court need look no further." Lewis v. I.R.S., 823 F.2d 375, 378 (9th Cir. 1987) (citations omitted); see also Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (district court may deny discovery and award summary judgment based on government's "relatively detailed" affidavits alone).

  "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden. . . . [A]ccordingly, discovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may 'forgo discovery and award

summary judgment on the basis of affidavits.' . . . In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations , or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." Carney v. DOJ, 19 F.3d 807, 812 (2nd Cir.) cert. denied, 513 U.S. 823 (1994); see also Kay v. Federal Communication Comm'n, 976 F. Supp. 23, 34, n.35 (D.D.C. 1997) ("discovery should be denied [in a FOIA case] if the district court determines that plaintiff merely desires discovery as a means of finding 'something that might impugn the affidavits' submitted by the agency."). The federal courts have consistently ruled that discovery should only be used in rare circumstances, and that requests for discovery "should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." See, e.g., Schrecker v. U.S. Dep't of Justice, 217 F.Supp.2d 29, 35 (D.D.C. 2002).

    Notably, plaintiff does not dispute any of the following, material facts:  (1) that he submitted a FOIA request for records related to a third party, Mr. Medina, whom he asserted is an "active DEA informant;" (2) that on January 26, 2007, DEA responded to plaintiff and advised that it could neither confirm nor deny the existence of any records related to Mr. Medina and that plaintiff would need to obtain a release authorization from Mr. Medina before any such records could be confirmed and released; (3) that plaintiff has never submitted any such release; and (4) that DEA has submitted a motion for summary judgment, along with detailed declarations, setting forth the basis for DEA's denial of plaintiff's FOIA request.

    In his motion to compel, plaintiff speculates that the DEA's untimely responses demonstrates a DEA conspiracy to deny him requested records and argues that discovery is

necessary to expose those efforts. Other than mere conjecture, however, plaintiff sets forth no specific or credible factual allegations to support such a claim. See Accuracy in Media, Inc. v. Nat'l Park Serv., 194 F.3d 120, 124 (D.C. Cir. 1999) (upholding denial of discovery based on "speculative criticism" of agency's search); Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (finding discovery unwarranted based on plaintiff's "speculation that there must be more documents" and that agency acted in "bad faith" by not producing them). Admittedly, DEA did not respond to some of the plaintiff's FOIA requests within the time frames contemplated by the FOIA statute. However, mere administrative tardiness and plaintiff's ruminations about a conspiracy fall well short of demonstrating bad faith on the part of the DEA sufficient to impugn the detailed declarations provided in its summary judgment motion.

## CONCLUSION

For reasons stated herein, this Court should deny plaintiff's motion to compel and quash their inappropriate discovery requests.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendants' Opposition to Plaintiff's Motion to Compel to be served by first class mail upon *pro se* Plaintiff at:

**Luis Humberto Barbosa
R29500-053
FCI-Fort Dix Camp
P.O. Box 1000
Fort Dix, NJ  08640**

on this 21st day of September, 2007.

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney