IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

NOV - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LUIS HUMBERTO BARBOSA,     )
                              )
        Plaintiff Pro-Se,     )
                              )
                              )
        Vs.                 )  Civil Action No: 07-1052 (RWR)
                              )
                              )
                              )
U.S. DEPARTMENT OF JUSTICE, et al., )
                              )
        Defendants.    )
_____)

**PLAINTIFF'S MOTION AND DECLARATION
IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

NOW COMES, Luis Humberto Barbosa, plaintiff pro-se, and respectfully submits his Motion and Declaration in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment on grounds that:

    a)    plaintiff presented genuine issues for trial supported by compelling material facts and evidences;

    b)    plaintiff is properly before this court after having exhausted all of his administrative remedies;

    c)    records sought do not require privacy waiver nor are protected under any FOIA exemptions because they relate  to the main material witness in plaintiff's criminal case, and

    d)    seven year old "mystery" about DEA informant Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix

Zorrilla has just recently been made clear by newly investigatory discovery.

In support of this motion, plaintiff directs this court to the attached brief and Barbosa's declaration.

Respectfully submitted,

Executed on 11/01, 2007.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,          )
                                )
          Plaintiff Pro-Se,     )
                                )
                                )
                                )
     Vs.                        )    Civil Action No: 07-1052 (RWR)
                                )
                                )
                                )
U.S. DEPARTMENT OF JUSTICE, et al., )
                                )
          Defendants.           )
_____)

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT

    Plaintiff now submits his brief in support of his Motion in
Opposition to Defendants' Motion to Dismiss, or in the Alternative,
for Summary   Judgment, sustaining  that he had clearly stated
genuine claim for trial in accordance with this court's Local Rule
7(h).

                          F A C T S

    1.    Plaintiff in the above civil action; Rafael Abreu in case
No. 97-423-02; Wandy Reynoso in case No. 97-380, all having unrelated
criminal cases out of the Eastern District of Pennsylvania. All
collectively  and coincidentally, back in the year 2000, discovered and
identified DEA informant "Juan Medina" operating under police misconduct,
whom after so many years of investigatory efforts  was just recently

identified by newly investigatory discovery material under the name of **Liober Medina**. See, Barbosa Decl., ¶¶ 8, 31-47.

   2.    Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla participated in Mr. Abreu's and Mr. Reynoso's case under the name of Juan Medina. See, Barbosa Decl., ¶¶ 12, 13, 15, 16, 17, and 18.

   3.    Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla also participated in plaintiff's case in Aruba posing as drug trafficker and informant Disla's associate and whom Disla used for supplying plaintiff with the 99 pellets allegedly containing "heroin" in Aruba under a/k/a Emilio Medina, a/k/a Felix Zorrilla. See, Complaint (Comp.), Ex. 1, 2, 3, 4, 7, 8, 9, 10, and Barbosa Decl.

   4.    Subsequently, plaintiff as well as Mr. Abreu and Mr. Reynoso all in good faith unsuccessfully moved for obtaining discovery for resolving their positive discovery of police misconduct, for challenging their criminal cases, and for informing the public about DEA's illegal activity.

   5.    Plaintiff filed numerous FOIA requests with different government agencies requesting records related to Juan Medina. See, Barbosa Decl., ¶ 9.

   a)    United States Customs Service (See, Ex. 27, 28).

   b)    United States Immigration and Naturalization Service (See, Ex. 29, 30, 31).

   c)    United States Bureau of Investigation (See, Ex. 32, 33).

   d)    The Royal Netherlands Embassy for records related to Emilio Medina's arrest and conviction in Aruba (See, Ex. 34.

e)    United States Executive Office for United States Attorneys (See, Ex. 35-45).

6.    Plaintiff also informed his direct appeal attorney, Mr. James Kousouros, about this important police misconduct discovery over the phone and by several letters. See, Barbosa Decl. ¶ 10, and Ex. 46-50.

7.    Mr. Abreu also moved and submitted with the DEA a FOIA request for records related to Juan Medina that was not pursued any further after it was denied by the OIP. See, Barbosa Decl. ¶ 11, and Ex. 51-52.

8.    Mr. Reynoso also informed his attorney, Mr.Rocco C. Cipparone, Jr., about the coincidental discovery and some other allegations related with police misconduct in his case. Mr. Cipparone moved for specific answers from the prosecutor pursuant Brady v. Maryland and its progeny. Mr. Cipparone requested answers before sentencing day of his client Mr. Reynoso. See, Barbosa Decl. ¶ 12, and Ex. 53-55.

9.    On or about March 07, 2001, Mr. Abreu submitted an affidavit with the court in his criminal case raising allegations of police misconduct behalf DEA informant Juan Medina  and requesting court order for the production of the photograph of informant Juan Medina in his case and the photograph of Emilio Medina material witness in plaintiff Barbosa's case in Aruba, who was arrested, convicted and sentenced in Aruba. See, Barbosa Decl., ¶ 13, and Ex. 56-60.

10.    Plaintiff Barbosa also filed similar affidavit with the court in his criminal case but was denied because plaintiff's appeal in his case divested the court of jurisdiction. See, Barbosa Decl. ¶14.

11.    Nonetheless, the court in Abreu's criminal case directed the prosecutor to respond to Abreu's allegations raised in his affidavit. On or about April 06, 2001, the prosecutor responded opposing Abreu's allegations. On May 23, the court ordered the government to provide the court with the prints of the photographs at issue for an in camera inspection. On June 13, 2001, the court was provided with the photographs along with agent Devlin's declaration. See, Barbosa Decl. ¶¶ 13, 15, 16, and 17.

12.    On September 20, 2001, the court in Abreu's case conducted a section 2255 motion hearing, and in that hearing the court conducted the in camera inspection. See, Barbosa Decl. ¶ 18, and Ex. 72-76, Dkt entries 187-189.

13.    Subsequently, on October 09, 2001, plaintiff file a motion in Abreu's case for the conduction of a second in camera inspection due to that the court erred setting proper due process for the examination of the photographs at issue. The government responded opposing plaintiff's request for in camera inspection on a variety of grounds. On November 07, 2001, plaintiff responded to the government's response to non-party's request for in camera inspection of photographs. On November 13, 2001, the court in Abreu's case denied plaintiff Barbosa's motion for the conduction of a second in camera inspection on grounds that plaintiff had no standing to file the motion. See, Barbosa Decl. ¶¶ 19, 20, 21, 22.

14.    On September 06, 2006, plaintiff reinstated his investigative efforts  for   records but this time related to Emilio Medina [plaintiff's material witness and drug supplier in Aruba], who according to police agents' testimonies  was arrested, convicted and sentenced

in Aruba to serve about seven (7) years of imprisonment, and because he was detected and identified as active DEA informant operating under police misconduct under a/k/a Emilio Medina, a/k/a Felix Zorrilla in Aruba by three (3) defendants with unrelated criminal cases. See, Barbosa Decl. ¶ 23.

15.    By letter dated October 10, 2006, plaintiff informed defendant DEA of a change of address. See, Barbosa Decl. ¶ 24.

16.    By certified letter dated November 15, 2006, plaintiff filed another FOIA request with defendant DEA similar to the one he filed on September 06, 2006. See, Barbosa Decl. ¶ 25.

17.    By certified FOIA appeal letter post stamped January 08, 2007, plaintiff appealed defendant DEA's failure to respond to both of his FOIA requests. See, Barbosa Decl. ¶ 26.

18.    By letter dated January 26, 2007, marked with agency's case number 07-0075-F, defendant DEA responded to plaintiff's FOIA request originally filed September 06, 2006. See, Barbosa Decl. ¶ 27.

19.    By letter dated February 07, 2007, the Office of Information and Privacy (OIP) responded to plaintiff's January 08, 2007 appeal appealing the DEA's repeated failures to respond to plaintiff's FOIA requests. See, Barbosa Decl. ¶ 28.

20.    Subsequently, on February 24, 2007, plaintiff appealed the DEA's January 26, 2007 denial response for records for which plaintiff had sixty (60) days to appeal. This appeal was filed under Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S. Ct. 2379, Mail Box Cause, filed when received by prison officials. See, Barbosa Decl. ¶29.

21.    On or about May 15, 2007, and in light that defendant OIP this time around decided not to respond to plaintiff's February 24, 2007 appeal, plaintiff filed the above Civil Action Complaint against all named defendants. See, Civil Action No.: 07-1052 (RWR).

22.    On or about August 08, 2007, plaintiff filed his first set of interrogatories in the above Civil Action, pursuant to Rule 33, FRCP.

23.    On or about August 27, 2007, defendants filed Motion to Dismiss or, in the Alternative, for Summary Judgment, pursuant to FRCP 12(b)(6).

24.    On or about August 29, 2007, defendants responded in a letter advising their objection as inappropriate plaintiff's first set of interrogatories in its entirety.

25.    On or about September 10, 2007, plaintiff motioned the Court for an order to compel defendants answering plaintiff's first set of interrogatories.

## A R G U M E N T

26.    Plaintiff Barbosa in his criminal case, Mr. Rafael Abreu (criminal case No. 97-423-02), and Mr. Wandy Reynoso (criminal case No. 97-380) all by coincidence made a positive discovery of police misconduct as described in paragraphs 1-3 and in Barbosa Decl. ¶ 8.

After the discovery, they jointly and meticulously confirmed that informant Juan Medina, who has just been recently and finally identified by certified records as Lieber Medina, is the same individual under a/k/a Emilio Medina, and a/k/a Felix Zorrilla.

27.    As described in paragraph 5. Plaintiff contends that though all agencies, except Immigration and Naturalization Service, responded by neither confirming nor denying the existence of any responsive records or that proof of death or privacy waiver was needed for processing the records, completed a search for the requested records related to Juan Medina but did not locate any. The agency could not have found the records because Juan Medina is now known as an alias.

28.    As described in paragraph 8. Plaintiff contends that the government was not in good faith going to admit a/k/a Juan Medina of using the name of a/k/a Emilio Medina. Lesser they would have admitted to any participation involving its informants to illegally supplying drugs in any case. Concealing informant Lieber Medina's real name prejudiced Plaintiff Barbosa; Mr. Abreu, and Mr. Reynoso from timely and properly proving their issue of police misconduct and from challenging their criminal cases back in the year 2000.

29.    As described in paragraph 7 and 9-12. Plaintiff contends that though the DEA succeeded Abreu's FOIA request for records related to a/k/a Juan Medina described in paragraph 7. The Court in Abreu's criminal case ordered the production of said records for an in camera inspection of the photographs. Nonetheless, the DEA performed its trickery in the in camera inspection in order to establish that Juan Medina and Emilio Medina was **"NOT"** the same individual. To meet their goal they staged the process for identifying the photographs at issue by doing the following: (1) precluded plaintiff Barbosa from attending the in camera inspection to  attesting Emilio Medina's photograph because Mr. Abreu was not privy to Emilio's identity in plaintiff Barbosa's case; (2) presented a false photograph to the court depicting "Emilio Medina"

from records that the government obtained from DEA's attached Office in Curacao, N.A. (Ex. 70, 71), and (3) showed the photographs to Mr. Abreu's only to see that the individuals at issue were **"NOT"** the same. They proceeded and conducted the <u>in camera</u> inspection without subpoening plaintiff Barbosa despite that Mr. Abreu and plaintiff Barbosa requested it to their defense attorney Mr. James Kousouros long prior the in camera inspection. Plaintiff further contends that though agent Devlin admits Juan Medina as informant in his declaration supporting the photographs. He never disclosed the truth to the court nor to Mr. Abreu that <u>Juan Medina</u> was an alias to informant <u>Liober Medina's</u> real name. Liober Medina while actively working for the DEA was arrested three (3) times. In 1992 for importation of cocaine into the United States for which he received five (5) years probation; In 1993 charge 1-ARMED ASLT IN DWELLING W/INT TO COMMIT, ETC for which his records show no disposition; And in 1996 for importation of cocaine into the United States for which he received five (5) years probation and ninety (90) days CCC. Liober Medina is a corrupted DEA informant and the DEA knows that, and for this reason he is kept by the DEA under a/k/a Juan Medina so he could never be properly identified in case that his detected as active informant operating under police misconduct, as he was in Reynoso's and plaintiff Barbosa's cases.

30.    As described in paragraph 13. Plaintiff contends that since the government had already played its trickery described in paragraph 29. Another in camera inspection was no way to be permitted or allowed by the government  because that would have exposed the government's true colors.

31.    As described in paragraphs 14, 16. Plaintiff contends that his FOIA request dated September 06, 2006, and his second FOIA request were not responded    by defendant DEA when it had a lawful obligation to respond within twenty (20) working days, was because defendant DEA this time around knew that plaintiff is entitled to possess a/k/a Emilio Medina's records by statute cause Emilio Medina is main material witness in plaintiff Barbosa's criminal case. They did it in effort to discourage plaintiff from further pursuing the records sought, though knowing not responding is  violation of 5 U.S.C. § 552(a)(6)(A)(i).

32.    As described in paragraph 17. Plaintiff contends that the reason for the DEA deciding to finally respond to plaintiff's repeated FOIA requests  was because the OIP warned the DEA to do so, and not because it was willing to obey the lawful mandate that which the DEA violated twice before deciding to answering. Plaintiff further contends that the DEA's denial of records sought is without merit. United States Vs. BAGLEY, 473 U.S. 667, (1985) BAGLEY Vs. LUMPKIN, 798 F.2d 1297 (1986), right of defendant to inspect report of Presentence Investigation of any witness(es) in his case previously convicted of a crime under Rule 32(c) of Federal Rules of Criminal Procedures, (FRCP). Under 95 ALR3d 832, an accused has a right to discovery and inspection of records of any prior complaint(s) against or similar, personnel records of any government Officer/Agent/Official/Informant(s)/Witness(es) involved in his(er) case, 86 ALR 3d 1170 an accused has a right to discovery of and review of records of Rap Sheet or similar police records of prosecution witness(es) or informants in his(er) case.

33.   As described in paragraph 18. Plaintiff contends that defendant DEA's statement in its response advising that it does not confirm nor deny the existence of any requested records is meritless because the records do exist and they were produced for Mr. Abreu's in camera inspection (see, ¶ 12). Plaintiff further contends that the records he sought are related to the main material witness in his criminal case for which his entitled by law to possess the records without disposition from his material witness. Defendant's denial is part of the same coverup for protecting a corrupted DEA informant who is very productive in fabricating cases for the DEA. SELLER Vs. BUREAU OF PRISON, 959 F.2d (DC Cir. 1992), as long as information contained in agency's files is capable of being verified, then, under the Freedom of Information/Privacy Act, agency must take reasonable steps to maintain accuracy of information to assure fairness to individual and, if agency willfully or intentionally fails to maintain its records in that way, and consequently makes determination adverse to individual, it will be liable to that individual for money damages. In the case at Bar the defendants intentionally and willfully failed to respond in violation of 5 U.S.C. § 552(a)(6)(A)(i). And when it did respond, it denied processing the requested records knowing plaintiff is entitled to possess them by statute.

34.   As described in paragraph 19. Plaintiff contends that though defendant OIP timely responded plaintiff's appeal post stamped January 08, 2007, appealing the DEA's repeated failures to respond to plaintiff's FOIA requests, it failed to take authoritative remedial actions for DEA's denial in producing records plaintiff is entitled to possess by statute.

35.    As described in paragraph 20. Plaintiff contends that though his appeal dated February 24, 2007, was filed under Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S. Ct. 2379, "Mail Box Clause, filed when received by prison Officials." Defendants in their motion to dismiss or for summary judgment now assert that plaintiff did not file an appeal to DEA's January 26, 2007 denial and thus did not exhaust his administrative remedies. This assertion is without merit because plaintiff did file said appeal (See, Complaint Ex. 20). Plaintiff further contends that is fact that all Federal Institutions log all outgoing and incoming special/legal inmates' mail. This procedure was instituted to benefit the inmates, the courts, and all government Agencies in case of any dispute by any party not receiving documents or not meeting dead lines to filing responses. On or about September 04, 2007, plaintiff requested from prison Staff to be provided logging receipt of an outgoing Special Legal Mail that was delivered to prison Staff dated February 24, 2007, addressed to: Co-Director, Office of Information and Privacy, U.S. Department of Justice, New York Avenue, 11th Floor, Washington, D.C. 20530. Prison Staff responded to plaintiff's request on September 07, 2007, as follows: "Legal/Special Mail  Is Not Logged When Outgoing From The Institution, It Is Date Stamped For That Day." Plaintiff now contends this response by prison Staff is an outright lie because plaintiff himself has witnessed his own Special mail being logged by his case counselor Mr. Tolbert. On or about September 24, 2007, plaintiff requested from his case counselor the following: (1) to log two pieces of outgoing Special Mail and to afford plaintiff receipts after they have been processed; (2) to afford plaintiff copy of the Memorandum for Camp Inmates Population posted on the Bulletin Board. Subject: Outgoing

Special Mail, dated April 04, 2007. Plaintiff contends this request have not yet been answered by Prison Staff. On September 27, 2007, plaintiff noticed that the Memorandum was removed from the Bulletin Board and has not been returned. On or about October 22, 2007, plaintiff submitted with Prison Staff a follow up request to plaintiff's September 24, 2007 request. This request has not been responded. <u>See</u>, Ex. 118, 119, 120.

36.    Fortunately, plaintiff through other means just managed to attained copy of the Memorandum he requested through Prison Staff that was mysteriously removed from the Bulletin Board nor ever afforded to plaintiff when requested it from Staff Officials. <u>See</u>, Ex. 121.

The Memorandum reads:

"Effective immediately, all outgoing Special Mail will be processed at the conclusion of mail call. Inmates must bring their properly identified Special Mail to the Unit Officer and have their inmate identification card available. The Unit Officer will check the return address against the inmate identification card. The Unit Officer is only authorized to accept outgoing Special Mail from the inmate identified in the return address and will only accept this mail at the conclusion of mail call. This change in procedure is necessary to ensure the security of the institution and general public."

"In you have any questions, please feel free to speak with any member of the Unit team."

37.    Plaintiff contends that the government in Abreu's criminal case; in Reynoso's criminal case, and in plaintiff Barbosa's criminal case as well as the defendants in the above civil action, were for years given in good faith the opportunity to be truthful by coming forward with the truth about the role, identity, and conduct about informant <u>Lieber Medina</u>, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla. Information that plaintiff, Abreu, and Reynoso would have used to challenge their criminal convictions before the court.

38.    Plaintiff contends that the withholding and concealment of informant Liober Medina's real identity, and then making the Court, Mr. Abreu, Mr. Reynoso and plaintiff Barbosa believe that **Juan Medina** was his real name, prejudiced Mr. Abreu, Mr. Reynoso and plaintiff Barbosa from fairly challenging their criminal cases.

39.    Plaintiff further contends that for all of the above reasons is why: (1) defendant DEA in the above civil action intentionally failed to respond twice to plaintiff Barbosa's repeated FOIA requests; (2) defendant OIP also failed intentionally to ever respond to plaintiff's February 24, 2007 appeal; and (3) denied answering plaintiff's first set of interrogatories.

## S U M M A R Y   O F   A R G U M E N T S

40.    Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla is for all intended purposes the same active DEA informant who was coincidentally discovered and identified operating under police misconduct back in the year 2000 by Mr. Abreu , Mr. Reynoso, and plaintiff Barbosa. He is accused  of supplying plaintiff Barbosa with the 99 pellets allegedly containing "heroin" in Aruba back in 1998. He is also accused of supplying the cocaine involved in Reynoso's criminal case (see, Ex. 53-55). Informant Liober Medina used in plaintiff Barbosa and in Mr. Reynoso the same trend of police misconduct that he used back in 1992 and in 1996 by himself importing cocaine into the United States for implicating others. When he was arrested at JFK Airport for importation of cocaine into the United States while actively working for the DEA back in 1992. Noticed that he had produced eight (8) indictments including his about four (4) months before he even committed the crime for importing cocaine into the United States. The

plot was already in place for him to bring the drugs into the United
States in order to implicating others and for executing the eight (8)
indictment that were returned by the grand jury on 9/16/1991. These
indictments were ordered filed by the court shortly after Liober
Medina was arrested at JFK Airport (see, Ex. 95). In 1996, Liober Medina
executed the same plot that he had executed in 1992, again his arrested
for importation of cocaine into the United States. Though Liober Medina
was arrested while on probation from his 1992 "conviction." His probation
Officer never told the court that apart from violating his supervision
by leaving his judicial district without permission, he had committed
another crime similar for which he was serving probation (see, Ex. 107,
108, 109, 115, 116, and 117). It is for these reasons that the DEA
had concealed Liober Medina's real identity so he can never be identified
in case he is discovered operating under police misconduct as he was in
Reynosos's and plaitiff Barbosa's case.

41.    Even agent Devlin under oath in his declaration concealed
Liober Medina's real identity making the court and everyone else
believe that Juan Medina was his real name (see, Ex. 70-71).

42.    The prosecutor in Reynoso's criminal case also admitted that
Juan Medina is an informant in the case but never revealed his true
identity though knowing that his real name is Liober Medina (see, Ex. 53,
54, and 55).

43.    In Abreu's in camera inspection the government went as far
as to presenting a false photograph of a/k/a Emilio Medina to show the
court and Mr. Abreu that Juan Medina and Emilio Medina was "NOT" the
same person. Let me predict what the government's alibi would be: (1)
that it was given by the authorities in Aruba the wrong photograph of

a/k/a Emilio Medina, a/k/a Felix Zorrilla, and (2) that they did not "know" that Liober Medina, a/k/a Juan Medina was at that time in Aruba.

44.    When defendant DEA in the above civil action case failed to respond twice to plaintiff's repeated FOIA requests. The failures were intentional in effort to coverup the whole truth about Liober Medina's role and identity in light that he was already identified operating under police misconduct under a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla.

45.    When defendant OIP in the above civil action case failed to ever respond to plaintiff's February 24, 2007 appeal. This also was done as part of the same coverup effort. Now the OIP's best alibi is asserting that plaintiff did "NOT" appeal the DEA's response of January 26, 2007 (see, Comp., Ex. 15, 20).

46.    When a government agency is bound not to respond to a request for records under FOIA knowing that that constitutes violation of the law. Its best alibi is to assert they "never" received the request. An example to this is exhibit 38.

47.    Defendants DEA and OIP actions, though is violation of 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(A)(ii). It is also prejudicial to plaintiff Barbosa from timely and properly exhausting his legal administrative remedies for accessing the court.

### C O N C L U S I O N

Plaintiff Barbosa in the above civil action complaint has indeed established the following: (1) genuine issues for trial; (2) he is properly before the court after having exhausted his administrative remedies; (3) he is not legally required to present waiver to receive

the records sought under the FOIA because a/k/a/ Emilio Medina is the main material witness in his criminal case, and not a third party as the defendants are asserting; (4) records sought do not fall under any FOIA exemption requiring protection, (5) Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla, whom the government, the DEA and the defendants in the above civil action have concealed and protected from being properly identified, is now finally identified by certified records.

The defendants in the above civil action have asserted that the plaintiff was speculating that there must be more documents and that the agency acted in bad faith by not producing them. Now plaintiff's allegation about a conspiracy to coverup and there was more documents and that the agencies acted in bad faith is now proven.

**WHEREFORE**, and for all of the above reasons, supported by plaintiff Barbosa's Declaration, plaintiff requests the following:

a)    defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment be denied;

b)    grant all relief requested under plaintiff's original Civil Action Complaint;

c)    producing and releasing full certified records relating to Liober J. Medina's driver license including his photograph from his New York States and Florida State licenses (see, Ex. 111, 112);

d)    producing and releasing  Liober J. Medina's full certified records including his photograph and finger prints withheld by Immigration and Naturalization Service, and

e)    producing and releasing Liober J. Medina's full certified records including mug shot and finger prints withheld by the FBI in case number FBI/75745PA6/.

The plaintiff files this Motion, Brief, Declaration, and Appendix of Exhibits under <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed.2d 245, 108 S. Ct. 2379, Mail Box Clause, filed when received by prison Officials.

I, Luis H. Barbosa (plaintiff pro-se), declare under the penalty of perjury that the foregoing is true and correct, 28 U.S.C. § 1746.

Executed on 11/01, 2007.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

# C E R T I F I C A T E   O F   S E R V I C E

I, Luis H. Barbosa, plaintiff pro-se, certify that on this _/ɛ⁵ᵗ_ day of November, 2007, I caused the foregoing Motion, Brief, Declaration and Appendix of Exhibits in opposition to defendants' Motion to Dismiss, or in the Alternative for Summary Judgment to be served, via First Class Certified Mail and via First Class Regular Mail, to the following parties.

BY CERTIFIED PREPAID FIRST CLASS
MAIL No. 7005 0390 0000 8742 8289

Clerk Of The Court
United States District Court
For The District Of Columbia
U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

BY FIRST CLASS PREPAID MAIL
Fred E. Haynes, D.C. Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,           )
                                 )
        Plaintiff Pro-Se,        )
                                 )
                                 )
                                 )
                                 )
        Vs.                      )   Civil Action No.: 07-1052 (RWR)
                                 )
                                 )
                                 )
U.S. DEPARTMENT OF JUSTICE, et al., )
                                 )
        Defendants.              )
_____)


**APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S
MOTION, BRIEF, AND BARBOSA'S DECLARATION IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE , FOR SUMMARY JUDGMENT**


**EXHIBITS 21 THROUGH 121**

EX 213 124175

**U.S. Department of Justice**
**Drug Enforcement Administration**

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

Read Instructions on Reverse before completing.

| 1. HOW OBTAINED (Check) | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|
| ☐ Purchase  ☒ Seizure  ☐ Free Sample  ☐ Lab. Seizure  ☐ Money Flashed  ☐ Other (Specify)  ☐ Compliance Sample (Non-Criminal)  ☒ Internal Body Carry. | CK-98-0095 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Philadelphia, PA. | 07/18/98 | MEDINA-FELIX Emilio et al |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | ☐ Case No. OR  ☐ Seizure No.  No. | 07/18/98 | 2 |

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | 98105535 | Heroin | 99 cylindrical pellets brown in color wrapped in wax paper, encased in a latex rubber material, further encased in a wax type coating. | 1013.86grm | 1013.86grm | |
| NOTE: | NOT | "BIOHAZARDOUS" FIELD TESTED!! | Pellets seized from swallower'S excretement. | "BIOHAZARDOUS" | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?  ☐ NO (included above)  ☒ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:
On July 18, 1998, at approximately 10:30 a.m., Exhibit # 1 was seized from Luis BARBOSA at the Hilton Hotel (room # 517), located at 4509 Island Ave., Philadelphia, PA.  S/A Carl Giardinelli, G/S John Adams and S/A Phil Devlin obtained Exhibit #1 at the Hilton Hotel.  S/A Devlin transported Exhibit #1 to the Philadelphia FD.  S/A Giardinelli processed and maintained custody of Exhibit #1 until transferred to the Northeast Regional Laboratory for analysis.  S/A Giardinelli placed Exhibit #1 into the overnight vault of the Philadelphia FD for safekeeping on 7/18/98.  Exhibit N-55 is the number for packaging of Ex. #1. No field test

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| S/A Carl P. Giardinelli | G/S John Adams |

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) 7-20-98 | 21. Print or Type NAME and TITLE  S A N. TY. |
|---|---|---|
| 22. SEAL  ☐ Broken  ☒ Unbroken | 23. RECEIVED BY (Signature & Date) Dawn Michael 7/20/98 | 24. Print or Type NAME and TITLE  Dawn Michael S.T. |

7/27/98    **LABORATORY REPORT**    N 2380

25. ANALYSIS SUMMARY AND REMARKS

Exhibit #1 contains l-cocaine base
Gross Wt: 1,014 g    Net Wt: 882.0 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 01 | 124175 | l-cocaine base | 85 | % | | 749.7g | 879.9g |

| 34. ANALYST (Signature)  CHARLES L. CUSUMANO | 35. TITLE  FORENSIC CHEMIST | 36. DATE COMPLETED  7/22/98 |
|---|---|---|
| 37. APPROVED BY (Signature)  HOWARD L. DOBRES | 38. TITLE  LABORATORY DIRECTOR | 39. LAB. LOCATION  NEW YORK |

DEA Form - 7 (Sept. 1995)    Previous edition dated 4/90 may be used until stock is exhausted.    1 - Prosecution

EX. 22

AO 91, Rev. 11/82

CRIMINAL COMPLAIN

| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS HUMBERTO BARBOSA | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>98 - 612 - M |

| Complaint for violation of Title 21 United States Code § 841(a)(1) and (b)(1)(B)(I) | | |
|---|---|---|
| NAME OF JUDGE OR MAGISTRATE<br>Honorable Carol Sandra Moore Wells | OFFICIAL TITLE<br>US Magistrate Judge | LOCATION<br>Philadelphia, PA |
| DATE OF OFFENSE<br>July 18, 1998 | PLACE OF OFFENSE<br>Philadelphia, PA | ADDRESS OF ACCUSED (if known)<br>608 W. 204th Street, Apt. 52<br>New York, NY  10034 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Defendant did knowingly possess with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(I).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>PHILIP G. DEVLIN |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Drug Enforcement Administration |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE (1)<br>Honorable Carol Sandra Moore Wells, US Magistrate Judge | DATE |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

EX. 23

# AFFIDAVIT

1.     The undersigned affiant has been employed as a Special Agent for the Drug Enforcement Administration (DEA) for fourteen years. I am currently assigned to the DEA office in Philadelphia. During the time I have been employed by DEA, I have worked on hundreds of narcotics investigations, both in the United States and overseas, and I have participated in hundreds of arrests.

2.     The information contained in this affidavit is based upon my own observations and from discussions with other law enforcement officers.

3.     In May 1998 a confidential informant (CI), working under the direction of DEA, arranged for the purchase of one kilogram of heroin from a drug trafficker in Aruba. The trafficker told the CI that he would arrange to have a "swallower" bring the heroin into the United States and deliver it to Philadelphia. A swallower is an individual who ingests controlled substances, which have been wrapped in latex encased pellets in order to smuggle them from one country to another. Swallowers ingest the controlled substances in the exporting country, and then discharge the wrapped packages in the importing country. Each pellet usually contains approximately 10 grams of controlled substances.

4.     On June 11, 1998, the drug trafficker in Aruba supplied the CI with beeper number (917) 954-4447, and asked him to contact this number regarding a counterfeit United States passport. Luis Humberto Barbosa returned the page, and he and the CI agreed to meet in New York the following day. Barbosa has a federal arrest for possession of counterfeit obligations in 1989 in the District of New Jersey (disposition of that case has not yet been determined from the records available to me), and a federal conviction on January 31, 1991 for importation of controlled substances. Barbosa received a prison sentence of 45 months, to be followed by 5 years supervised release. He is currently believed to be on supervised release in New York. P/o AVRIEL GEORGE,

5.     On June 12, 1998, Barbosa and the CI met at LaFamilia restaurant at 171st Street and Broadway in New York. During the meeting, in addition to discussing the fraudulent passport, Barbosa also told the CI that he arranged for swallowers to travel to the Netherlands Antilles and bring narcotics into the United States.

6.     On July 6, 1998, Barbosa and the CI again met at LaFamilia in New York. Barbosa told the CI that he would bring the one-kilogram of heroin into the United States for a fee of $10 per gram plus expenses.

7.     On July 13, 1998, Barbosa traveled to Philadelphia to obtain $1600 in travel expenses from the CI.

8.      On July 17, 1998, the CI met Barbosa at JFK International Airport in New York, and returned with him to Philadelphia. The CI drove Barbosa to the Philadelphia Airport Hilton, Room 517, 4509 Island Avenue. Barbosa asked the CI, who was staying in an adjoining room, to obtain specific foods and juices so that Barbosa could more easily discharge the controlled substances.

9.      On July 18, 1998, at approximately 8:00 AM, Barbosa informed the CI that he had completed discharging the heroin.

10.     On July 18, 1998, at approximately 10:30 AM, Barbosa was arrested by DEA agents. At the time of his arrest, Barbosa was in his room at the Philadelphia Airport Hilton, in the process of cleaning the heroin packaging. 1013 grams of a white powder were recovered in Barbosa's room. (This weight includes the weight of the evidence bags. It is anticipated that this powder will weigh slightly less than 1 kilogram when it is weighed by the DEA laboratory without the weight of these bags.) This powder field tested positive for heroin.

11.     On July 18, 1998, after being informed of his constitutional rights, Barbosa made a statement in which he admitted his role in importing the heroin described above into the United States.

Based upon the above evidence, I have probable cause to believe that Luis Humberto Barbosa did knowingly possess with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i).


_____
Philip G. Devlin
Special Agent, Drug Enforcement Administration


Sworn to before me this
20th day of July, 1998.


_____
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

*Ex. 25*

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

WARRANT FOR ARREST

v.

LUIS HUMBERTO BARBOSA                    CASE NUMBER:

To:    The United States Marshal and any Authorized
       United States Officer

       YOU ARE HEREBY COMMANDED to arrest    LUIS HUMBERTO BARBOSA

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment ☐ Information ☒ Complaint ☐ Order of court ☐ Violation notice ☐ Probation violation petition

charging him or her with (brief description of offense)

On July 18, 1998, knowingly possessing with intent to distribute more than 100 grams of a
mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug
controlled substance.

In violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(B)(I).

Carol Sandra Moore Wells
_____
Name of Issuing Officer

_____
Signature of Issuing Officer

United States Magistrate Judge
_____
Title of Issuing Officer

July 20, 1998 - Philadelphia, PA
_____
Date and Location

Bail fixed at $ _____  by  _____
                                              Name of Judicial Officer

| RETURN | |
| --- | --- |
| This warrant was received and executed with the arrest of the above-named defendant at | |
| | |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| --- | --- | --- |
| | PHILIP G. DEVLIN | |
| DATE OF ARREST | Drug Enforcement Administration | |

*Ex- 26*

401idict.lhb

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. *96- 383* |
| v. | : | DATE FILED: *8/13/98* |
| LUIS HUMBERTO BARBOSA | : | VIOLATIONS: 21 U.S.C. § 841(a)(1) |
| | : | (Possession with intent to distribute cocaine base- 1 Count) |

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

On or about July 18, 1998, in the Eastern District of Pennsylvania, defendant

LUIS HUMBERTO BARBOSA

did knowingly and intentionally possess with intent to distribute 50 grams or more of a controlled

substance, that is, approximately 882 grams of a mixture or substance containing a detectable

amount of cocaine base, a Schedule II non- narcotic controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).

A TRUE BILL:

_____
FOREPERSON

_____
MICHAEL R. STILES
UNITED STATES ATTORNEY

First Assistant U.S. Attorney

*Ex. 27*



## U.S. Customs Service

1300 Pennsylvania Avenue, N.W.    Washington, D.C.  20229

DIS 2-01 OI:APP:FOIA
00-12249 AAA

JAN 8 2001

Mr. Luis H. Barbosa
Reg. No. 29500-053
FCI Schuylkill
P.O. Box 759
Minersville, Pennsylvania 17954

Dear Mr. Barbosa:

This is in further response to your letter dated October 3, 2000, wherein you requested, pursuant to the Freedom of Information Act (FOIA) and/or Privacy Act (PA), access to records pertaining to Carlos Ramon Disla, Juan Libor Medina and yourself.

We have located and enclosed eight (8) Treasury Enforcement Communications System (TECS) records responsive to your request. However, certain portions are exempt from disclosure pursuant to exemptions (b)(2), (b)(7)(C) and (b)(7)(E) of the FOIA.

Regarding that portion of your request for records pertaining to Carlos Ramon Disla and Juan Libor Medina, please be advised that we will neither confirm nor deny the existence of any responsive records. The Privacy Act (5 U.S.C. 552a) expressly prohibits the disclosure of records in a system of records pertaining to an individual without the express written consent of the individual to whom the records pertain, except when that individual is deceased or provides a written waiver of his or her rights, unless the disclosure is required by 5 U.S.C. 552 (FOIA). However, exemption (b)(7)(C) of the FOIA provides that records may be withheld if disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Therefore, it would be inappropriate to allow a discretionary disclosure in this situation.

If there are any other identifiable records responsive to you, they would be located in our Office of the Special Agent in Charge in New York, New York. Therefore, your request has been forwarded to that office for direct response to you. Further inquiries concerning this matter should be directed to the Special Agent in Charge, U.S. Customs Service, 6 World Trade Center, Room 508, New York, New York 10048 (Telephone:  (212) 637-4200).

TRADITION

SERVICE

HONOR

*Ex. 28*

- 2 -

You may appeal this partial denial of your request for disclosure, in writing, within 35 days after the date of this notification to the Assistant Commissioner, Office of Regulations and Rulings, U.S. Customs Service, 1300 Pennsylvania Avenue, NW, Washington, D.C. 20229.

Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA, administrative appeal and judicial review.

Sincerely,

Gloria L. Marshall
Director, FOIA/PA
Administration, Planning and Policy
Office of Investigations

Enclosures

**U.S. Department of Justice**                                    *Ex .29*
Immigration and Naturalization Service

COW2001000735

*425 I STREET, NW*
*2nd Floor ULLICO Bldg.*
*Washington, DC 20536*

February 2, 2001

Luis Barbosa
Reg. No. 29500-053
FCI Shuylkill
P.O. Box 759
Minersville, PA 17954-0759 USA

Dear Luis Barbosa:

We received your request for information relating to Medina, Juan Libor on 02/01/2001.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C.552). It has been assigned the following control number: COW2001000735. Please cite this
number in any further inquiry about this request.

In accordance with Department of Justice Regulations (28 CFR 16.11), your request is deemed to
constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for
searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

The following information needs to be sent to our office in order to continue processing your
FOIA/PA request: Please provide us with the date and place of birth for the above subject. You must also
provide us with consent from the subject as well. Please note your control number with any correspondence
you send.

Please provide this information within 30 days otherwise your FOIA/PA request will be
administratively closed out as a failure to comply.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With
this system we consider each request according to the complexity and volume so that requesters with a
simple and quick response do not wait for extended periods of time while we review complex voluminous
requests. Because of the nature of your request we have placed your request on the simple track.

*EX. 30*

Luis Barbosa
Page 2


We will answer your request as quickly as possible. If you have further questions, please address your inquiry to this office, Attention: FOIA/PA Officer. You may also call us at (202) 514-3278 or fax any correspondence to (202) 514-4310.

Sincerely,

AVE M. SLOANE
CHIEF, FOIA/PA UNIT



**U.S. Department of Justice**
Immigration and Naturalization Service     *Ex.31*

COW2001000735

*425 I STREET, NW*
*2nd Floor ULLICO Bldg.*
*Washington, DC 20536*

April 30, 2001

Luis Barbosa
Reg. No. 29500-053
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759 USA

Dear Luis Barbosa:

     Your request was received in this office on 2/1/2001, regarding Medina, Juan Libor. We have completed our search for records responsive to your request but did not locate any. If you still believe that we have records within the scope of your request, and can provide us with additional information, we will conduct another search. If you elect to request another search, we recommend that you NOT follow the appeals procedure described below until we have completed the search.

     If you elect to file an appeal, you may submit the finding in this matter by writing to Co-Director Office of Information and Privacy, Department of Justice, Suite 570, Flag Building, Washington, DC 20530 within sixty (60) days of receipt of this letter. Your letter should reference the INS control number above and the letter and envelope should be clearly marked "FOIA/PA Appeal."

     If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (202) 514-3278 or fax any correspondence to (202) 514-4310.

Sincerely,

AVE M. SLOANE
CHIEF, FOIA/PA UNIT



U.S. Department of Justice    *Ex. 32*

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR LUIS BARBOSA                                           May 22, 2001
**29500-053
POST OFFICE BOX 759
MINERSVILLE, PA  17954

Request No.:  0943102- 000
Subject: MEDINA, JUAN LIBOR

Dear Requester:

A copy of your letter asking for information maintained by the FBI under the  Freedom of Information Acts (FOIA) concerning another individual(s) is being returned to you.

Before we commence processing your request for records pertaining to another individual(s), we ask that you submit to the FBI either proof of death or a privacy waiver from that person.  Proof of death can be a copy of a death certificate, obituary or a recognized reference source.  Death is presumed if the birth date of the subject is more than 100 years ago.  Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy.  Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form.  (You may make additional copies of you are requesting information on more than one individual.)  The subject of your request should complete this form and then sign it, preferable in the presence of a notary.  The original privacy waiver must be provided to the FBI.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may submit an appeal from any denial contained herein by writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530-0001, within 60 days from receipt of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIA number assigned to your request so that it may easily be identified.

Sincerely yours,

*John M. Kelso Jr.*

John M. Kelso Jr.
Section Chief,
Freedom of Information-
 Privacy Acts Section
Office of Public and
 Congressional Affairs

**All Attached Correspondence Must Be Returned to the FBI With This Letter**

**U.S. Department of Justice**

*Ex. 33*

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

Mr. Luis Barbosa
Register No. 29500-053
Federal Correctional Institution
Post Office Box 759                    Re:  Appeal No. 01-2808
Minersville, PA  17954-0759                 RLH:ADW:TPH

Dear Mr. Barbosa:

You appealed from the action of the Federal Bureau of
Investigation on your request for access to records concerning
Juan Libor Medina.

After carefully considering your appeal, I have decided to
affirm the action of the FBI in refusing to confirm or deny the
existence of the records you requested.  Without an individual's
consent, proof of death, official acknowledgment of an investigation,
or an overriding public interest, confirming or denying the existence
of law enforcement records concerning an individual could reasonably
be expected to constitute an unwarranted invasion of personal
privacy.  5 U.S.C. § 552(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

EX.34



Ambassade van het
**Koninkrijk der Nederlanden**

Mr Luis Barbosa
Reg.no.29500-053
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Royal Netherlands Embassy
4200 Linnean Avenue, NW
Washington, DC  20008

| | | | |
|---|---|---|---|
| *Date* | June 18, 2001 | *Processor* | Han Peters |
| *Our ref.* | | *Tel.* | (202) 274 2752 |
| *Page* | 1/1 | *Fax* | (202) 364 4213 |
| *Encl.* | | *E-mail* | jpm.peters@minbuza.nl |
| *Subject* | Information request | | |
| *C.c.* | | | |

Dear Sir:

I forwarded your letter dated March 11, last, to the relevant authorities in Aruba and I have received the following reply.

According to the Office of the Attorney-General in Aruba a request should be made by the appropriate US authorities under the Mutual Legal Assistance Treaty. For further information you may contact the U.S. Department of Justice.

Yours Sincerely,

Han Peters
Counselor

EX.35

## FREEDOM OF INFORMATION REQUEST

```
From: Luis H. Barbosa
      Reg. No. 29500-053 Unit 5803
      FCI Fort Dix - West
      P.O. Box 7000
      Fort Dix, New Jersey 08640
To:   Patrick L. Meehan, U.S. Attorney
      US Department of Justice
      US Attorney's Office
      615 Chestnut Street, Suite 1250
      Philadelphia, PA 19106-4476
Subject: Medina, Felix Emilio - DEA File Title Identifier, CK-980095 -
         DEA File Number, XNH1I - G-DEP ID.
Re:   Request for all respective criminal records including mogshot
      and fingerprints that have been produced and withheld by the
      Local Authorities in Aruba N.A. that resulted from the arrest
      and conviction of the above subject in Aruba having direct
      connection with the arrest and jury conviction to Barbosa's
      criminal case (98-383-01 E.D. PA.) herein the USA. The above
      subject (Felix Emilio Medina) was arrested on July 19, 1998
      aided by DEA Philadelphia based CI, Miguel A. Morel, who wor-
      ked out of DEA Group Identifier XNH1I that traveled to Aruba
      under direction of the DEA. The above subject is the main mate-
      rial witness and the drug supplier to Barbosa in Aruba that
      resulted in the arrest of Barbosa. Furthermore, the requested
      records constitute essential part to Barbosa's discovery mate-
      rials favorable to his case. Medina has been unexpectedly iden-
      tified as being the same exact active DEA CI with participation
      in three (3) other unrelated criminal cases back in 1997 & 1998. This dis-
      covery occurred shortly post Barbosa's sentencing. Now materials are needed
      to attest defendants' findings. See DEA Form-6 attached.
```

Pursuant to Title 5 USC and any other relevant provision of your
agency's regulations covering access to the right of freedom of
information, I hereby identify myself as: Luis H. Barbosa, and
material witness to the above subject having direct connection with
the subject's arrest in Aruba N.A.

I make this request for any and all materials for the entire cen-
tral file that your agency and any other agency(s) under your
supervision, as may be referred to below, has compiled to date,
or other branches thereof under your supervision may have desig
nated in this file or any portion thereof, and the reason for
each designation, and the name of the person and his/her title
requesting same.

I would like for this request to be fulfilled and completed as soon
as time permits, pursuant to section (d), paragraph (1) of the
Privacy Act of 1974. I would also like to have a copy of the

EX. 36

applicable regulations of your agency(s) as may be provided for by
the Freedom of Information Act so that I may adhere to the approved
rules and regulations for your agency(s).

As you know, investigation records compiled for law enforcement
agencies are no longer generally exempted from disclosure, but
may be inspected in camera by the U.S. Courts to determine whether
they fall within any of the six specified accepted categories
of investigations records subscribed in the Act.

If, for any reason, it is determined that portions of the materials
requested are exempted under some recognizable category under
the Freedom of Information Act, or the Privacy Act of 1974, then
I request that any such exempted materials be indexed and itemized
with detailed justification for any exclusion made under the autho-
rity of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), or any simi-
lar authority. However, I do request to obtain those documents as
soon as possible and in no way waive my right to the entire file,
which, after I have examined the material you send, I may still
choose to review by appeal with respect to any excluded portions.

I do agree to pay for any fee incur for the search and copying of
the requested documents.

                                    Respectfully submitted,

Executed on 10/19 , 2005.

                                    Luis H. Barbosa

$Ex.3$

Mr. Patrick L. Meehan, U.S. Attorney
U.S. Department of Justice
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Dated: 1ST Dec, 2005

CERTIFIED RETURN RECEIPT
7002 2030 0006 8829 5806

Re: <u>FOI/PA REQUEST DATED 10/19/2005</u>
    <u>Pursuant to Title 5 U.S.C. §552</u>

Dear Mr. Meehan:

    This is to advise you that a FOI/PA request dated 10/19/2005
was sent to your attention in which you had, pursuant to Title
5 U.S.C. §552(6)(A)(ii), twenty (20) working -day time limit to
reply. As of yet you have not complied with this FOI/PA requirement,
that which mandates to reply to the requester within twenty (20)
working-day time limit.  Please be respectfully advised that any
continued refusal to comply with any FOI/PA requirements will lead
to a lawsuit.  As courtesy, I have giving you fifteen (15) day to res-
ponse  from the date of this letter.

    Furthermore, please take note that it is my Constitutional
duty to take affirmative action on this matter and thus I intent
to publish this matter in the interest, awareness and protection
of the American Public. This Communication is being notarized as for
making it public information. <u>Enclosures:</u> Copy of original FOI/PA request.

Respectfully submitted,

Executed on _1 Dec_ , 2005

Luis Humberto Barbosa
29500-053 Unit 5803
FCI Fort Dix - West
P.O. Box 7000
Fort Dix, New Jersey 08640

SEAL

NOTARY PUBLIC

WALTER T. BIEDERBECK
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 28, 2006

U.S. Department of Justice   *Ex.38*

United States Attorney

Eastern District of Pennsylvania

_____

*Donna Donohue*
*Direct Dial: (215) 861-8484*
*Facsimile: (215) 861-8582*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

December 13, 2005

Luis Humberto Barbosa
29500-053 Unit 5803
FCI Fort Dix - West
P. O. Box 7000
Fort Dix, New Jersey 08640

> **RE:   *Freedom of Information Act Request***
> ***Dated October 19, 2005***

Dear Mr. Barbosa:

Our office has received your letter dated December 1, 2005. Please note that I did not receive your October 19, 2005 request. Your letter has been forwarded to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington, DC.

Federal regulation 28 C.F.R. § 16.3 requires all U.S. Attorneys offices to forward FOIA requests to the FOIA Unit in Washington DC. That office coordinates the processing of all FOIA requests for all of the United States Attorney Offices, and that office will respond directly to you regarding your request.

In the future, please direct all of your FOIA matters to the FOIA Unit in Washington, DC as this will accelerate the processing of your request.

The address for the FOIA Unit in Washington, DC is as follows:

> Freedom of Information Act/Privacy Act Unit
> Executive Office for United States Attorneys
> 600 E Street, NW, Room 7300
> Washington, DC 20530
> 202-616-6757
> Fax: 202-616-6478

*EX.3⁹*

December 13, 2005
Page 2


    If you have any questions regarding this matter, please
direct your questions to the FOIA Unit in Washington, DC.


                   Very truly yours,

                   PATRICK L. MEEHAN
                   United States Attorney

                   Donna Donohue
                   FOIA Contact, EDPA

EX.40

U.S. Department of Justice

DEC 30

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-3822

Requester: Luis H. Barbosa

Subject of Request: Felix E. Medina

Dear Requester:

    The Executive Office for United States Attorneys has
received your Freedom of Information Act request and assigned the
above number to the request.

    You have requested records concerning a third party (or
third parties).  Records pertaining to a third party generally
cannot be released absent express authorization and consent of
the third party, proof that the subject of your request is
deceased, or a clear demonstration that the public interest in
disclosure outweighs the personal privacy interest and that
significant public benefit would result from the disclosure of
the requested records.  Since you have not furnished a release,
death certificate, or public justification for release, the
release of records concerning a third party would result in an
unwarranted invasion of personal privacy and would be in
violation of the Privacy Act, 5 U.S.C.§552a.  These records are
also generally exempt from disclosure pursuant to sections (b)(6)
and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

    We have not performed a search for records and you must not
assume that records concerning the third party exist.  We will
release, if requested, any public records maintained in our
files, such as court records and news clippings, without the
express authorization of the third party, a death certificate, or
public justification for release.  If you desire to obtain public
records, if public records exist in our files, please submit a
new request for public documents.

    Should you obtain the written authorization and consent of
the third party for release of the records please submit a new
request for the documents accompanied by the written
authorization.  A form is enclosed to assist you in providing us
the authorization and consent of the subject of your request.
The authorization must be notarized or signed under penalty of
perjury pursuant to 18 U.S.C. §1001.  **Please send your new
request to the address above.**

                                        (Page 1 of 2)
                                        Form 006 - 6/02

*EX. 41*

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

EX. 42

## FREEDOM OF INFORMATION ACT APPEAL LETTER

Dated: _February 24, 06_

Agency Appeal Officer
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Re: <u>FREEDOM OF INFORMATION ACT APPEAL</u>
    <u>Case ID No.: 05-3822</u>

Dear Appeal Officer:

    This is an "<u>Administrative Appeal</u>" under the Freedom of Infor-
mation Act of 1974, Title U.S.C. §552 (a)(6), and pursuant to 28
C.F.R. §16.8.

    On October 19, 2005, I requested documents under the Freedom
of Information Act (see attachment "A"). Subsequently, your Agency
failed to respond within the required Twenty (20) working-day time
limit pursuant to Title 5 U.S.C. §552 (6)(A)(ii). On December 1st
2005, a follow-up letter was forwarded to your Agency advising that
it had failed to reply to my FOIA request (see attachment "B"). On
or about December 13, 2005, your Agency replied to my follow-up
letter of December 1st, 2005 (see attachment "C"). On or about
December 30, 2005, I received a correspondence from your Agency
signed by <u>Marie A. O'Rourke</u>, Assistant Director, deying me release
of the requested information, which was assigned the above referenced
case number (05-3822) (see attachment "D"). Now I appeal the denial
of my request.

    The documents that were denied release must be disclosed under
the FOIA because they are in the Public Interest because the infor-
mation is likely to contribute significantly to Public understanding
of the operations or activities of the government and is not primarily
in my commercial interests.

1 of 3

EX. 43

The sbject's information was requested because he was identified
by the petitioner and by Three (3) other defendants with unrelated
cases into the conduction and/or perpetration of illegal underhanded
activities while at the same time employed and actively working for
and under the supervision and direction of the Drug Enforcement Agency
(DEA). Now the requested information is needed for Media Publishing
these illegal underhanded activities. Therefore, releasing the subject's
information is likely to contribute significantly to Public understan-
ding of the operations or activities of government, also the awareness
and protection of the Public and not primarily in my commercial interests.

Your Agency's justification for refusing the information was that
records pertaining to a third party generally cannot be released absent
express authorization and consent of the third party, proof that the
subject of interest is deceased, or a clear demostration that the Public
interest in disclosure outweighs the personal privacy interest and that
significant Public benefit would result from the disclosure of the
requested records. Although I am herein demostrating a clear need for
Public disclosure of the requested information, the information being
requested pertains to a legal person and a legal person has no privacy
rights under the Sixth exemption thus release should be granted.

Release of information about another individual is considered an
invasion of privacy if he or she could reasonably object because of
its intimacy or its possible adverse effects upon himself or herself
or family. But such information is not protected by exemption (b)(6)
nor (7)(C) if the injury to the individual is outweighed by a Public
interest favoring disclosure. For this the exemption requires Agencies
to strike a balance between an individual's privacy interest and the
Public's right to know. Therefore, and for all of the above reasons,
petitioner prays that the information requested be released in the
interest of the Public and their right to know.

I expect a reply within the Twenty (20) working-day time limit
pursuant to Title U.S.C. §552(6)(A)(ii). Please be advised that any
continued refusal to releasing the requested information will lead to
a lawsuit.

Ex. 44

Petitioner files this FOIA appeal petition under <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, Mail Box Clause, filed when received by prison Officials.

Thank you for your consideration of this appeal. Done this 24th day of February 2006 at FCI Fort Dix, New Jersey.

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - West, Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640

**U.S. Department of Justice**

EX. 45

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

APR - 7 2006

Mr. Luis H. Barbosa
Register No. 29500-053
Federal Correctional Institution         Re:    Appeal No. 06-1403
Post Office Box 7000                             Request No. 05-3822
Fort Dix, NJ  08640                              BVE:GLB:TEH

Dear Mr. Barbosa:

        You appealed from the action of the Executive Office for United States Attorneys on your
request for access to records regarding Felix Emilio Medina.

        After carefully considering your appeal, I have decided to affirm the EOUSA's action on
your request. The EOUSA properly refused to confirm or deny the existence of records
responsive to your request. Without Mr. Medina's consent, proof of his death, or an overriding
public interest, confirming or denying the existence of law enforcement records about Mr.
Medina would constitute an unwarranted invasion of his personal privacy. See 5 U.S.C.
§ 552(b)(7)(C).

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

                                        By:

                                        Janice G. McLeod
                                        Senior Counsel

EX. 46

June 3, 2000.

James Kousouros
Attorney at Law
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York  11415

     Re:  <u>United States v. Luis Barbosa</u>

Dear Mr. Kousouros,

    After discusing and comparing my case with two other
individuals, the strong possibility has developed that
<u>Emilio Medina</u>, who conspired in my case, may be a DEA
<u>informant</u> whose real name is <u>Juan Medina</u>.

    I believe that Juan Medina is an informant for the DEA
in Philadelphia who participated in the cases of the two
individuals mentioned below.  Here is how these two
people and I came to this conclusion:

    While discussing our cases, I learned that informants
Miguel Morel, Nestora Salcedo and another informant named
Juan Medina participated in these two other cases.  Morel,
Salcedo, and <u>Emilio</u> Medina participated in my case.  I now
belive that <u>Emilio</u> and Juan are in fact the same person.
Carlos Disla, who belongs to the same group of informants,
only participated in my case because at the time of the
arrests in the others cases, he was deported to the
Dominican Republic.

    The two defendants I spoke with are Wandy Reynoso
(Criminal Case No. 97-380-1) and Rafael Abreu (Criminal
Case No. 97-423-2).  Both were arrested in 1997.  Reynoso
has not been sentenced yet, but one of his codefendants
was convicted at trial at which Salcedo testified.  Abreu
was also convicted at trial at which Salcedo testified.
Emilio and Juan Medina share a close physical resemblance,
which supports our belief that they are the same individual.

    If we could obtain a photograph of Emilio or Juan, or
both, it would go a long way towards resolving the matter.
Can we invoke some investigative technique or discovery
procedure to obtain these photographs?

EX. 47

Page 2.
James Kousouros, Attorney at Law
June 3, 2000.


According to the DEA, Emilio Medina is presently incarcerated in an Aruban jail, hence some records of him should exist.

During a review of another defendant's government-supplied pretrial discovery, I came upon Juan Medina's criminal history record. According to this information, Juan was born in the Dominican Republic on December 31, 1950. He is 5'6" in height, 155 lbs. with brown eyes and black hair. His Social Security Number is 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 and his FBI number is 75745PA6. His criminal history record contains the following arrests:

- January 20, 1992, Importation of Cocaine, DEA New York, 5-years probation (NY DEA 0300)

- November 16, 1993, Worcester, MA, Police Department (MA 0146000)

- February 08, 1996, Importation of Cocaine into the United States, 5-years probation and 90 days CCC.

I now recall that upon my return to the United States from Aruba, while Disla and Salcedo drove me from JFK Airport to Philadelphia, that Salcedo once mentioned "Juan" in reference to "Medina" who was in Aruba. She immediately reiterated that some people would nickname him "Juan" also.

Confirmation of my suspicion will resolve at least two important questions:

- Why wasn't I arrested at the hotel in Aruba?

- Why didn't the government file extradition papers after the "supposed" arrest?

Reynoso, Abreu, and I have mutually agreed to advise our respective attorneys of these facts in the hope of a definitive resolution. Reynoso's attorney, Rocco C. Cipparone, Jr., may contact you in this regard.

EX. 48

page 3.
James Kousouros, Attorney at Law
June  3, 2000.


          I will call you shortly after this letter  arrives
for further discussion.  Thank you very much for the
special concern you have shown toward my case.

                              Respectfully,


                              Luis Barbosa
                              29500-053
                              F.C.I. Schuylkill
                              P.O. Box 759
                              Minersville, PA. 17954-0759

cc:

July 5, 2000.

*EX. Y9*

James Kousouros, Esq.
Attorney at Law
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York  11415

      Re:  <u>United States v. Luis Barbosa</u>

Dear Mr. Kousouros:

      Greetings!  This letter supplements the information in my letter of June 3rd.

      Mr. Reynoso, Mr. Abreu, and I have finally pieced together an important aspect of my case that was once a "mystery," through the recent discovery of new facts. Please read the Memorandum and Mr. Reynoso's letter to his attorney, which help to clear up the "mystery."  Copies of both are enclosed.

      This group of informants worked their trickery in my case just as they had in the past.  Thus, any claim of "mutual mistake of fact" cannot be available.  Based on our investigation it is now clear that the <u>Juan Medina</u> who set up Reynoso and Abreu is in fact the <u>same individual</u> who posed as a drug trafficker in my case under the name of <u>Emilio Medina</u>.

      Disla's initial strategy was to get me to provide him with drugs in New York.  When I repeatedly refused, the entrapment strategy changed its focus to informant <u>Juan Medina</u> posing as a drug trafficker in Aruba.

      Deception and trickery is how these corrupt informants have been so successful for the DEA in Philadelphia. Negotiations for heroin was always the ploy.  If that failed, they simply substituted a less expensive controlled substance.

      Please review the enclosed and, as always, thank you very much for your efforts on my behalf.

                      Respectfully,

                      Luis Barbosa     29500-053
                      F.C.I. Schuylkill
                      P.O. Box 759
                      Minersville, PA  17954-0759

cc:

EX. 50

July 14, 2000.

James Kousouros, Esq.
Attorney at Law
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York  11415

          Re:  United States v. Luis Barbosa
               Case No. 98-CR-383

Dear Mr. Kousouros,

     Enclosed is a copy of the letter I mentioned in our
telephone conversation of Tuesday, July 11th.

     While it may be permissible for government agents to
advance a criminal investigation by posing as drug
suppliers to induce suspects already predisposed to commit
crimes, it should be improper for the government to
actually supply drugs to manufacture an offense.  A case
that comes to mind is that of former automaker John
DeLorean, who was acquitted at trial.

     In my case, the government supplied the drug, then
improperly withheld Brady material to conceal the role and
true identity of Emilio Medina.

                         Respectfully,

                         Luis Barbosa
                         No. 29500-053
                         F.C.I. Schuylkill
                         P.O. Box 759
                         Minersville, PA  17954-0759



     cc:

October 10, 2000

EX. 5 '

Co-director
Office of Information and Privacy
Flag Building, Suite 570
Washington, D.C. 20530

RE:   **Freedom of Information Act Appeal**
**No. 01-0020-F**

Dear Co-director:

This is an appeal under the Freedom of Information Act pursu-
ant to 28 C.F.R. 16.9.

On September 28, 2000, I request documents under the Freedom
of Information Act.  My request was assigned the following Identi-
fication Number:  01-0020-F.

On October 6, 2000, I received a response to my request in a
letter signed by Katherine L. Myrick.  Therefore, I am appealing
the denial of my request.

The documents which I requested must be disclosed under the
FIOA because:

1.)  They pertain to the main government informant who
participated in my case (see pages 5 to 9 in the enclosed govern-
ment's response to my direct appeal, in support hereof).

2.)  Most importantly, apart from his role in my case,
this particular informant, Juan Medina, had been coincidentally
detected conducting illegal activities while representing the gov-
ernment.

There are obvious suspicions of him posing as drug
trafficer in other cases under another identity, situations where
he had supplied government's drugs thereto involving innocent pre-
disposed people for the commission of crimes, that which is illegal
(see Exhibits A and B).  I am in possession of informant's [rap]
sheet, thus what is needed is his photograph to confirm (see Exhi-
bit C).

3.)  It concerns me, the people and the judicial author-
ities, that the documents which I have requested be disclosed in
order to clear this matter.  Indeed, the disclosure of this inform-
ation is likely to contribute significantly to the protection of
liable law-abiding citizens as well as to the interest of the gov-
ernment.

**page 1 of 2**

EX- 57

      Thus, obstruction in hindering the release of the hereby re-
quested information should not be permitted when it comes to clear-
ing up such a serious legal issue that is of concern to all
involved herein.

      Thank you for your time and consideration toward this appeal.

                                            Respectfully submitted,

                                            Rafael Abreu
                                            51059-066
                                            FCI Schuylkill
                                            P.O. Box 759
                                            Minersville, PA 17954-0759

"R.I. Helder, Case Manager"
Authorized by the Act of July 7,
1955, amended, to administer
oaths (18 USC 4004).

10/10/2000

enclsoures

LAW OFFICES
OF

*EX. 53*

# ROCCO C. CIPPARONE, JR.

203-205 BLACK HORSE PIKE
HADDON HEIGHTS, NEW JERSEY 08035
(856) 547-2100

FACSIMILE: (856) 547-2225

ROCCO C. CIPPARONE, JR.*†

* CERTIFIED BY THE SUPREME COURT OF NEW JERSEY
AS A CRIMINAL TRIAL ATTORNEY

† ADMITTED TO PRACTICE IN NJ, PA &
FEDERAL COURTS IN MICH., NJ, PA

PA OFFICE
21 SOUTH 12TH ST.
SUITE 1040
PHILADELPHIA, PA 19107

(215) 854-9600

PA MAILING ADDRESS
POST OFFICE BOX 2443
PHILADELPHIA, PA 19147

July 5, 2000

Alicia Strohl-Resnicoff, Esquire, AUSA
615 Chestnut Street/Suite 1250
Philadelphia, PA 19106

Re: United States vs. Wandy Reynoso

Dear Ms. Resnicoff:

Pursuant to <u>Brady vs. Maryland</u> and its progeny, on behalf of Mr. Reynoso, I am inquiring of the Government as follows:

1.   whether the individual who acted as an informant with regard to the events involving Mr. Reynoso and his co-defendants, which informant was referred to by the name Juan Medina, has ever used the name Emilio Medina in any capacity, including any connection with participation in any other investigations, his role as an informant, in any other cases involving the Drug Enforcement Administration or any other governmental agency, and including but not limited to an investigation/ case regarding an individual known as Luis Barbosa;

2.   whether the individuals known or referred to as Carlo Disla, Nestora Salcedo, or Miguel Morel had any involvement or participation in any aspect of the investigation regarding the activities which are the subject of the indictment against Mr. Reynoso or the activities of which he has been convicted by guilty plea and for which he is pending sentencing;

3.   whether government agents, and/or persons acting as informants for government agents during the course of the investigation of Wandy Reynoso and his co-defendants, acted as the supplier of cocaine to Wandy Reynoso and/or his co-defendants;

Alicia Strohl-Resnicoff, Esquire, AUSA
U.S. vs. Wandy Reynoso                                                *EX. 54*
July 5, 2000
Page Two

4.    whether government agents, and/or persons acting as informants for government
agents during the course of the investigation of Wandy Reynoso and his co-
defendants, acted as the purchasers of cocaine in that investigation.

These requests are being made pursuant to *Brady vs. Maryland* and its progeny.  I request
that you provide to me specific written responses to the above-referenced inquiries being made
on behalf of Mr. Reynoso.  Of course, appropriate responses should be provided prior to the
currently scheduled date for Mr. Reynoso's sentencing.

Very truly yours,

Rocco C. Cipparone, Jr.

RCC/mtr

cc: Wandy Reynoso (#50986-066)

*EX.55*



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

---

*Alicia Strohl Resnicoff*
*(p) 215-861-8523*
*(f) 215-861-8233*
*e-mail alicia.strohl@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

July 19, 2000

BY FACSIMILE AND U.S. MAIL

Rocco C. Cipparone, Jr., Esq.
203-205 Black Horse Pike
Haddon Heights, NJ 08035

Re:    *United States v. Wandy Reynoso (Criminal No. 97-380)*

Dear Mr. Cipparone:

I am in receipt of your letter dated July 5, 2000. I disagree that you are entitled to the information you requested pursuant to <u>Brady v. Maryland</u>. However, as a courtesy, I consulted with the case agent, DEA Special Agent John Adams, who reviewed his file and has provided me with the following answers to your questions:

1.    to the best of our knowledge Juan Medina has never used the name Emilio Medina;

2.    Carlos Disla did not participate in the investigation; Nestora Salcedo did participate as did Miguel Morel;

3.    the government did not supply the drugs involved in this transaction; and

4.    Miguel Morel acted as the purchaser of the drugs.

Very truly yours,

MICHAEL R. STILES
United States Attorney

ALICIA STROHL RESNICOFF
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EX.56

|                                   |       |                        |
|-----------------------------------|-------|------------------------|
| Rafael Abreu,                     | :     | Criminal Case          |
| Petitioner                        | :     | Docket No: 97-423-02   |
|                                   | :     |                        |
| VS                                | :     | Affidavit of:          |
|                                   | :     | Rafael Abreu           |
| United States of America,         | :     |                        |
| Respondent                        | :     |                        |

State of Pennsylvania    :
County of Philadelphia   :    § §

I, Rafael Abreu, am the defendant in the above captioned matter, being sworn, appears according to the penalties of perjury and makes the following statements in this affidavit in an attempt to plead this Honorable Court to order release of discovery materials pursuant to Title 28, U.S.C. §2255.

01) I am presently serving a 63 month prison term at the Federal Correctional Facility, FCI Schuylkill, Minersville, Pennsylvania, 17954.

02) I attest that Juan L. Medina, the federal informant in this instant case and also in the case of Wandy Reynoso, No. 97-380-01, E.D. Pa., has been previously arrested and convicted in the Country of Aruba for distributing illegal narcotics under the alias name of Emilio Medina in connection with the case of Luis Humberto Barbosa, No. 98-383-01 and D.E.A. File # CK-98-0095.

1

03) D.E.A. Special Agent, Philip G. Devlin, testified under oath in the case of Luis Humberto Barbosa, No. 98-383-01, that Medina was, in fact, arrested and convicted in the Country of Aruba in the investigation No: CK-98-0095 in connection with Barbosa's case, which netted the seizure of 75 kilograms of cocaine.

04) Moreover, it is the further attestation of Petitioner, Rafael Abreu, that Juan L. Medina, Miguel A. Morel and Nestora Salcedo were all active federal informants who aided authorities in the investigation and prosecution of your affiant, Wandy Reynoso and Luis Humberto Barbosa.

05) Juan L. Medina was born in the Dominican Republic on December 31, 1950. Juan L. Medina was subsequently provided with the social security number: 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 for use in the United States after his arrests and convictions for undercover operations. The Federal Bureau of Investigation assigned No: 75745 Pa6 as their agency ID number for Medina.

06) After sharing and comparing the descriptions of both Juan and Emilio Medina with both inmate Barbosa and inmate Reynoso, the three of us have come to the conclusion through our findings that both Medina's share the same exact physical descriptions.

07) In the spirit of fair play, pursuant to the rules of discovery, it has become imperative that the photographs of both Juan and Emilio Medina be produced so that your affiant may more fully develop his §2255 Motion, and to be able to prove prior government illegalities, misconduct and cover-ups.

(8) Your affiant attests that the foregoing statements are correct to the best

of his knowledge, under penalty of perjury pursuant to Title 28, U.S.C.

§1746.

*EX.58*

This affidavit is sworn before me this 7TH day of March 2001.

Respectfullly Submitted,

*Rafael Abreu*

Rafael Abreu, Pro Se
(USM# 51059-066)
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

NAME W Whalen          TITLE Case Manager
AUTHORIZED BY THE ACT OF JULY 7, 1955 TO
ADMINISTER OATHS (18 USC 4004).

3

EX. 59

## CERTIFICATE OF SERVICE

I, Rafael Abreu, hereby certify that on this day I have caused to be served, via United States Mail, postage prepaid, the attached affidavit by mailing such to the following:

United States District Judge
Honorable Jan E. DuBois
United States Courthouse
601 Market Street
Philadelphia, PA    19106

Dated: 3/15/2001

Rafael Abreu

EX - 60

## CERTIFICATE OF SERVICE

I, Rafael Abreu, hereby certify that on this day I have caused to be served, via United States Mail, postage prepaid, the attached affidavit by mailing such to the following:

M. Taylor Aspinwall, Esq.
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA    19106

Dated: 3/15/2001

Rafael Abreu

EX- 61

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :      CRIMINAL ACTION

          v.                  :

LUIS HUMBERTO BARBOSA      :       No. 98-383-1

### ORDER

AND NOW, this 16th day of March, 2001, upon
consideration of defendant's affidavit that he filed <u>pro</u> <u>se</u> in
this matter, apparently seeking "release of discovery materials
pursuant to the Rules of Discovery, Federal Rules of Criminal
Procedure 16", defendant's appeal of this case having divested
this Court of jurisdiction, it is hereby ORDERED that defendant's
request is DENIED WITHOUT PREJUDICE.


BY THE COURT:


_____

Stewart Dalzell, J.

EX. 62

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

AN E. DuBOIS                                              12613 UNITED STATES COURTHOUSE
                                                          601 MARKET STREET
JUDGE                          March 19, 2001             PHILADELPHIA, PA 19106-1766
                                                          (215) 597-5579

M. Taylor Aspinwall, AUSA
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476

      Re:   <u>U.S. v. Abreu a/k/a "Ito"</u>, Criminal No.: 97-423-02

Dear Counsel:

     On March 15, 2001, I received a copy of Rafael Abreu's affidavit and certificate of service. You should have received a copy of the affidavit by now.

     I direct that you respond to the matters raised by the affidavit within two weeks. If additional time is required, you should request it before the expiration of the two week period.

                Very truly yours,

                Jan DuBois

JED:l-ldk
cc:  Mr. Rafael Abreu

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA          $\mathcal{EX}$. 63

UNITED STATES OF AMERICA          :

                                        CIVIL NO. 00-CV-3964
          v.                       :    CRIMINAL NO. 97-423-02

RAFAEL ABREU                      :
     a/k/a "Ito"

          GOVERNMENT'S RESPONSE TO REQUEST FOR INFORMATION

     The United States of America, by and through its

counsel, hereby opposes Petitioner's request for photographs

of Juan Medina and Emilio Medina.

     Abreu was initially charged by complaint and warrant on

August 8, 1997 after he and his co-defendants brought

approximately 348.9 grams of heroin from New York to

Philadelphia secreted in Abreu's vehicle.   Trial in his case

commenced on March 10, 1998 and the jury returned its

verdict on March 13, 1998.  Abreu has filed a Section 2255

Motion in which he alleged a variety of grounds to set aside

his conviction.  Subsequent to the filing of his Section

2255 Motion, he filed a request for discovery in which he

seeks the photographs of Juan Medina and Emilio Medina.  His

alleged basis for requesting these photographs is to develop

more fully the allegations in his 2255 Motion.  Abreu

implies that Juan Medina and Emilio Medina are the same

1

EX. 64

person, and that if they are, that this taints the prosecution of Abreu's case because Emilio Medina was charged with drug trafficking crimes in Aruba which the government failed to disclose in Abreu's case.

The government submits that Emilio Medina's arrest in Aruba is irrelevant to Abreu's case on any number of grounds. Contrary to Abreu's flight of fancy, Juan Medina and Emilio Medina are two different individuals. Even if they were not, Emilio Medina's arrest occurred well after Abreu's arrest and trial. Moreover, while Juan Medina was one of the informants in Abreu's case, he was never called as a witness by the government or the defense.

Abreu was convicted of a drug conspiracy that spanned at most two weeks at the end of July, 1997 to August 8, 1997, the date of his arrest. Emilio Medina was arrested in Aruba in July 1998, more than eleven months after Abreu was arrested. Emilio Medina was arrested as part of an investigation that also resulted in charges against Luis Humberto Barbosa. Barbosa was charged initially in a complaint and warrant on or about July 18, 1998 with possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). These

2

charges arose from Barbosa having smuggled controlled substances into the United States by swallowing them in Aruba and then traveling to the United States. Barbosa was arrested in Philadelphia on July 18, 1998, shortly after he had dispelled the controlled substances. (Criminal complaint and warrant attached as Exhibit A). Barbosa was subsequently indicted and convicted before the Honorable Stewart Dalzell and sentenced on June 8, 1999 to 240 months incarceration. <u>United States v. Barbosa</u>, 98-383-01 (E.D. Pa.). Barbosa testified at his trial that he flew to Aruba on July 15, 1998 where he met Emilio Medina[1] and that on July 16, 1998 in Medina's presence he swallowed 99 capsules that he believed were heroin. Barbosa further testified that he flew from Aruba to New York on July 17, 1998. (Excerpt from Barbosa trial testimony attached as Exhibit B). Drug Enforcement Administration (DEA) Agent Phillip Devlin testified at Barbosa's trial that Emilio Medina was arrested by the authorities in Aruba two days after Barbosa left (Excerpt from Agent Devlin's trial testimony attached as Exhibit C), which would have been on or about July 19, 1998.

---

[1]    Barbosa refers to Emilio Medina as Felix Zorrilla, which is an alias for Emilio Medina (Exhibit C).

3

EX. 66

Thus, Emilio Medina was charged with drug trafficking well after Abreu's trial.

Barbosa and Abreu have apparently been comparing cases in prison and have erroneously concluded that Juan Medina and Emilio Medina are the same person. While they are not the same person, the government objects to the disclosure of a photograph of an informant to a defendant, particularly where the informant assisted in the investigation against that defendant. Although Abreu met Juan Medina during the conspiracy, it is a separate matter to provide a defendant with a photograph of an informant which could pose obvious safety issues for the informant. In the alternative the government has available photographs of each, along with their heights, which we will make available to the Court for an in camera inspection.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney


M. TAYLOR ASPINWALL,
Assistant United States Attorney

4

EX. 67

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the Government's Response to Request for Information was sent by U. S. First-Class Mail, postage prepaid to:

James Kousouros, Esquire
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY    11415


M. TAYLOR ASPINWALL
Assistant United States Attorney

DATE: 4/06/01

*EX - 68*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :      Criminal No.: 97-423-2

vs.                  :

RAFAEL ABREU a/k/a ITO      :

## ORDER

AND NOW this 23rd day of May, 2001, upon further consideration of defendant's Request for Information and the Government's Response, IT IS ORDERED that the Government shall provide the Court with prints of the photographs at issue for <u>in camera</u> examination within seven days.

IT IS FURTHER ORDERED that the Court will conduct a scheduling conference by telephone promptly upon receipt of the photographs at issue in the case.

BY THE COURT:

JAN E. DUBOIS, J.

*O:\Orders 2001\Abreu Order of 5-23-2001.wpd*



*EX. 69*

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

---

M. TAYLOR ASPINWALL
*Direct Dial: (215) 861-8264*
*Facsimile: (215) 861-8233*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

June 13, 2001

Honorable Jan E. DuBois
Judge, United States District Court
12613 United States Courthouse
601 Market Street
Philadelphia, PA 19106

RE:     U. S. v. Rafael Abreu
        Criminal No. 97-423-02
        <u>Civil No. 00-CV-3964</u>

Dear Judge DuBois :

    As Your Honor directed, I am enclosing photographs of Juan Medina and Emilio Medina for in camera inspection.  The photographs are attached as Exhibits to Special Agent Phillip Devlin's Declaration.  By copy of this letter I am forwarding a copy of Agent Devlin's Declaration, without the attached photographs, to opposing counsel, James Kousouros.

                        Respectfully yours,

                        MICHAEL L. LEVY
                        United States Attorney


                        M. TAYLOR ASPINWALL
                        Assistant United States Attorney

Encs.
cc:    James Kousouros, Esquire
       80-02 Kew Gardens Road
       Suite 1030
       Kew Gardens, NY 11415

EX- 70

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                              CIVIL NO. 00-CV-3964
         v.                       :           CRIMINAL NO. 97-423-02

RAFAEL ABREU                      :
    a/k/a "Ito"

DECLARATION OF Phillip DEVLIN

I, Phillip Devlin, Special Agent, being duly sworn and on oath, deposes and states as follows:

1.   I have been a special agent with the Drug Enforcement Administration since 1983.  For the last year, I have been a group supervisor.

2.   In approximately 1998 I was assigned to the investigation into drug activity of Luis Humberto Barbosa, who was initially charged by complaint and warrant on July 18, 1998, with possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). These charges arose from Barbosa having smuggled controlled substances into the United States by swallowing them in Aruba and then traveling to the United States.  Barbosa was arrested in Philadelphia on July 18, 1998, shortly after he had dispelled the controlled substances. He was subsequently indicted and convicted in a trial before the Honorable Stewart Dalzell.

EX-71

3. I am familiar with the allegation of Rafael Abreu that an individual known as Emilio Medina, a/k/a Felix Zorilla, is the same person as Juan Medina, a confidential informant in Abreu's case.

4. I am aware that Emilio Medina was arrested by the Aruban authorities in Aruba two days after Barbosa left Aruba which would have been on or about July 19, 1998. To my best information and belief, Emilio Medina was charged in Aruba with drug trafficking and remains in custody in Aruba.

5. I obtained photographs of both Juan Medina and Emilio Medina attached to this affidavit. Juan Medina's photograph is attached as Exhibit A and Emilio Medina's photograph is attached as Exhibit B.

6. Juan Medina's photograph was obtained from the DEA confidential informant file for Juan Medina. The photograph of Emilio Medina was obtained from the DEA country attache in Curacao.

   I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 13th day of June, 2001.

6-13-01

Phillip Devlin, Group Supervisor
Drug Enforcement Administration

*EX. 72*

INTERP, PRIOR

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
## CRIMINAL DOCKET FOR CASE #: 2:97-cr-00423-JD-2
### Internal Use Only

Case title: USA v. FERREIRAS                    Date Filed: 09/03/1997
Magistrate judge case number: 2:97-mj-00643

---

Assigned to: HONORABLE JAN E.
DUBOIS

## Defendant

**RAFAEL ABREU** (2)                represented by    **RAFAEL ABREU**
*TERMINATED: 09/11/1998*                             #51059-066
*also known as*                                      FCI- SCHUYLKILL
ITO                                                  PO BOX 759
                                                     MINERSVILLE, PA 17954-0759
                                                     PRO SE

                                                     **A. CHARLES PERUTO**
                                                     235 S. 8TH ST
                                                     PHILADELPHIA, PA 19106
                                                     215-925-5800
                                                     Fax: 215-925-1590
                                                     *TERMINATED: 09/11/1998*
                                                     *LEAD ATTORNEY*
                                                     *Designation: Retained*

                                                     **EUGENE P. TINARI**
                                                     LAW OFFICE OF EUGENE P.
                                                     TINARI
                                                     TWO PENN CENTER PLAZA, SUITE
                                                     200
                                                     15TH & JOHN F. KENNEDY BLVD
                                                     PHILADELPHIA, PA 19102
                                                     215-569-2551
                                                     Fax: 610-469-6094
                                                     *TERMINATED: 09/11/1998*
                                                     *LEAD ATTORNEY*
                                                     *Designation: CJA Appointment*

                                                     **JAMES KOUSOUROS**
                                                     80-02 KEW GARDENS ROAD
                                                     SUITE 1030
                                                     KEW GARDENS, NY 11415

*TERMINATED: 12/10/2004*
*LEAD ATTORNEY*
*Designation: Retained*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

21:846 CONSPIRACY TO POSSESS          IMPR. 63 MOS., SUPV'D RELEASE 4
WITH INTENT TO DISTRIBUTE             YRS., FINE $5,000.00, SPEC.
HEROIN.                               ASSESS. $200.00
(1)

21:841(a)(1) POSSESSION WITH          IMPR. 63 MOS., SUPV'D RELEASE 4
INTENT TO DISTRIBUTE HEROIN.          YRS., FINE $5,000.00, SPEC.
(2)                                   ASSESS. $200.00

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                        **Disposition**

None

---

**Interested Party**
**LUIS HUMBERTO BARBOSA**          represented by **LUIS HUMBERTO BARBOSA**
                                                 #29500-053
                                                 FCI- FORT DIX
                                                 BLDG. 5803
                                                 PO BOX 7000 WEST
                                                 FORT DIX, NJ 08640
                                                 PRO SE

---

**Plaintiff**
**USA**                            represented by **M. TAYLOR ASPINWALL**
                                                 UNITED STATES ATTORNEY'S
                                                 OFFICE
                                                 615 CHESTNUT ST
                                                 SUITE 1250
                                                 PHILADELPHIA, PA 19106
                                                 215-861-8264

United States District Court Eastern District of Pennsylvania - Docket Report    Page 14 of 16
Case 1:07-cv-01052-RWR    Document 14-2    Filed 11/05/2007    Page 55 of 103
EX-74

| 04/03/2001 | 180 | ORDER OF 4/2/01 AS TO RAFAEL ABREU THAT COUNSEL FOR DEFT IS GRANTED LEAVE TO FILE/SERVE WITHIN 30 DAYS AN AMENDED MOTION UNDER 28 USC 2255, SAID COUNSEL SHALL REPORT TO THE COURT AND GOVT. WITHIN 2 WEEKS AS TO WHETHER PETITIONER PLANS TO PROCEED WITH THE FILING OF THE AMENDED 2255 PETITION; IN THE EVENT PETITIONER PLANS TO PROCEED WITH THE FILING OF AN AMENDED 2255 PETITION, THE GOVT. SHALL HAVE 2 WEEKS FROM THE DATE OF SERVICE WITHIN WHICH TO RESPOND; THE COURT WILL SHCEDULE A HEARING ON THE MOTION (OR AMENDED MOTION) UNDER 28:2255 AFTER IT IS ADVISED WITH RESPECT TO THE FILING OF AN AMENDED MOTION, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 4/3/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 04/03/2001) |
|---|---|---|
| 04/06/2001 | 181 | Govt.'s Response to request for information, Cert. of Service. (cmc) (Entered: 04/09/2001) |
| 04/10/2001 | 182 | ORDER OF 4/9/01 AS TO RAFAEL ABREU THAT DEFENSE COUNSEL SHALL ADVISE THE COURT IN WRITING WITHIN 2 WEEKS AS TO WHAT FURTHER INFORMATION, IF ANY, DEFT CONTENDS HE IS ENTITLED TO RECEIVE FROM THE GOVT. WITH RESPECT TO SUBJECT MATTER OF DEFTS REQUEST FOR INFORMATION. (SIGNED BY JUDGE JAN E. DUBOIS) 4/10/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 04/10/2001) |
| 06/04/2001 | 183 | ORDER OF 5/23/01 AS TO RAFAEL ABREU THAT THE GOVERNMENT SHALL PROVIDE THE COURT WITH PRINTS OF THE PHOTOGRAPHS AT ISSUE FOR IN CAMERA EXAMINATION WITHIN SEVEN DAYS. IT IS FURTHER ORDERED THAT THE COURT WILL CONDUCT A SCHEDULING CONFERENCE BY TELEPHONE PROMPTLY UPON RECEIPT OF THE PHOTOGRAPHS AT ISSUE IN THE CASE. (SIGNED BY JUDGE JAN E. DUBOIS), 6/5/01 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 06/05/2001) |
| 07/11/2001 | | Notice of HABEAS CORPUS HEARING as to RAFAEL ABREU set for 8/2/01 10:00 a.m. Courtroom 12-B. (cmc) (Entered: 07/12/2001) |
| 07/19/2001 | 184 | ORDER OF 7/18/01 THAT THE WARDEN OF FCI- SCHUYLKILL AND THE U.S. MARSHALS FOR THE E.D.PA. PRODUCE THE BODY OF RAFAEL ABREU ON 8/2/01 10:00 A.M. FOR HABEAS CORPUS MOTION HEARING, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/20/01 ENTERED AND COPIES FAXED. (cmc) (Entered: 07/20/2001) |
| 07/27/2001 | 185 | ORDER OF 7/25/01 AS TO RAFAEL ABREU THAT HEARING ON DEFTS MOTION FOR WRIT OF HABEAS CORPUS UNDER 28:2255 IS CONTINUED TO 9/20/01 10:00 A.M. COURTROOM 12-B. FURTHER ORDERED THAT LEAVE IS GRANTED TO SUPPLEMENT THEIR WRITTEN SUBMISSIONS BY 9/6/01. |

United States District Court Eastern District of Pennsylvania - Docket Report    Page 15 of 16
Case 1:07-cv-01052-RWR    Document 14-2    Filed 11/05/2007    Page 56 of 103
EX. 75

| | | (SIGNED BY JUDGE JAN E. DUBOIS) 7/30/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 07/30/2001) |
|---|---|---|
| 07/27/2001 | 186 | ORDER OF 7/26/01 THAT THE WARDEN OF FCI- SCHUYLKILL AND THE U.S. MARHSALS FOR THE E.D.PA. PRODUCE THE BODY OF RAFAEL ABREU ON 9/20/01 10:00 A.M. FOR 2255 HABEAS MOTION HEARING, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/30/01 ENTERED. (cmc) (Entered: 07/30/2001) |
| 09/19/2001 | 187 | ORDER OF AUTHORIZATION FOR ABOVE-NORMAL PAYMENT OF INTERPRETER as to RAFAEL ABREU ( SIGNED BY JUDGE JAN E. DUBOIS ) (cb) (Entered: 09/19/2001) |
| 09/20/2001 | | **Set Interpreter Flag for Spanish for RAFAEL ABREU (cb) (Entered: 09/24/2001) |
| 09/24/2001 | 188 | Transcript filed in case as to RAFAEL ABREU for dates of 9/20/01 Re: 2255 Motion Hearing. (jcz) (Entered: 09/25/2001) |
| 09/25/2001 | 189 | ORDER OF 9/20/01 AS TO RAFAEL ABREU THAT A COPY OF THE DECLARATION OF PHILLIP DEVLIN DATED 6/13/01, WITHOUT THE PHOTOGRAPHS ATTACHED, SHALL BE FILED OF RECORD; AND THE ORIGINAL OF THE DECLARATION OF PHILLIP DEVLIN DATED 6/13/01 WITH 3 PHOTOGRAPHS ATTACHED, SHALL BE FILED UNDER SEAL. (SIGNED BY JUDGE JAN E. DUBOIS) 9/26/01 ENTERED AND COPIES FAXED. (cmc) (Entered: 09/26/2001) |
| 10/09/2001 | | **Added party LUIS HUMBERTO BARBOSA (cmc) (Entered: 10/10/2001) |
| 10/09/2001 | 190 | PRO SE MOTION by LUIS HUMBERTO BARBOSA as to RAFAEL ABREU FOR CONDUCTING IN CAMERA PHOTOGRAPHS INSPECTION DUE TO DISTRICT COURT ERRED COMPLYING SETTING PROPER DUE PROCESS , CERT. OF SERVICE. (cmc) (Entered: 10/10/2001) |
| 10/12/2001 | 191 | ORDER OF 10/11/01 AS TO RAFAEL ABREU THAT THE GOVT. SHALL FILE A RESPONSE TO THE MOTION FOR CONUCTING INCAMERA PHOTOGRAPHS INSPECTION (#190) WITHIN 2 WEEKS. IF ADDITIONAL TIME IS REQUIRED, IT SHOULD BE REQUESTED WITHIN THE 2 WEEK PERIOD. (SIGNED BY JUDGE JAN E. DUBOIS) 10/12/01 ENTERED AND COPIES MAILED. (cmc) (Entered: 10/12/2001) |
| 10/25/2001 | 192 | Response to Non-Party's Request for in camera inspection of photographs as to RAFAEL ABREU, Cert. of Service. (cmc) (Entered: 10/25/2001) |
| 11/13/2001 | | **Address labels only (lk) (Entered: 11/13/2001) |
| 11/13/2001 | 193 | PRO SE Response by RAFAEL ABREU to response to [190-1] MOTION FOR CONDUCTING IN CAMERA PHOTOGRAPHS INSPECTION DUE TO DISTRICT COURT ERRED COMPLYING SETTING PROPER DUE PROCESS, Cert. of Service. (cmc) (Entered: |

United States District Court Eastern District of Pennsylvania - Docket Report    Page 16 of 16
Case 1:07-cv-01052-RWR    Document 14-2    Filed 11/05/2007    Page 57 of 103
PX-76

| | | 11/13/2001) |
|---|---|---|
| 11/13/2001 | 194 | ORDER OF 11/9/01 AS TO RAFAEL ABREU AS TO [190-1] MOTION BY LUIS HUMBERTO ROSA FOR CONDUCTING IN CAMERA PHOTOGRAPHS INSPECTION DUE TO DISTRICT COURT ERRED COMPLYING SETTING PROPER DUE PROCESS IS DENIED ON THE GROUND HE HAS NO STANDING TO FILE THE MOTION. THE COURT NOTES THAT LUIS HUMBERTO ROSA FILED A SIMILAR MOTION IN THE CASE IN WHICH HE IS A DEFT (98-383-1) AND THAT MOTION WAS DENIED ON THE GROUND THAT THE CASE WAS THEN ON APPEAL; THE PART O F THE MOTION IN WHICH RELIEF IS SOUGHT ON BEHALF OF DEFT ABREU IS DENIED ON THE GROUND THAT THE GOVT. ESTABLISHED THROUGH THE AFFIDAVIT AND TESTIMONY OF D.E.A. AGENT PHILIP DEVLIN THAT THE PHOTOSGRAPHS ARE AUTHENTIC AND DEPICT 2 INDIVIDUALS, JUAN MEDINA AND EMILIO MEDINA. (SIGNED BY JUDGE JAN E. DUBOIS) ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 11/14/2001) |
| 11/13/2001 | 195 | ORDER OF 11/9/01 AS TO RAFAEL ABREU THAT DEFTS REQUEST FOR INFORMATION IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 11/14/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 11/14/2001) |
| 09/06/2002 | 197 | MEMORANDUM & ORDER OF 9/5/02 AS TO RAFAEL ABREU DENYING [170-1] MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 9/6/02 ENTERED AND COPIES MAILED. (cmc) (Entered: 09/06/2002) |
| 08/12/2003 | ☉201 | Probation Jurisdiction Transferred to Southern District of New York as to RAFAEL ABREU Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (dt) (Entered: 08/13/2003) |
| 08/27/2003 | ☉202 | Copy of Letter from U.S.D.C. Southern District of New York returned. RE: Receipt of Transfer of Probation Documents on 8/25/03 as to Rafael Abreu. (DT) (Entered: 08/27/2003) |



*EX. 77*

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

---

M. TAYLOR ASPINWALL, AUSA
Direct Dial: (215) 861-8264
Facsimile: (215) 861-8582
E-mail Address: Taylor.Aspinwall@usdoj.gov

615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106-4476
(215) 861-8200

October 24, 2001

**By Hand Delivery**

Honorable Jan E. DuBois
Judge, United States District Court
12613 United States Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:  *United States v. Rafael Abreu, a/k/a "Ito"*
>      *Criminal No. 97-423-02 & Civil No. 00-CV-3964*

Dear Judge DuBois:

      Enclosed please find two courtesy copies of the Government's Response to Request for In Camera Inspection of Photographs in the above captioned case. The original has been filed with the Clerk of the Court and a copy has been served.

      Very truly yours,

      PATRICK L. MEEHAN
      United States Attorney

      *M. Taylor Aspinwall/yp*

      M. TAYLOR ASPINWALL
      Assistant United States Attorney

Enclosure

cc: Luis Barbosa, Prisoner No. 29500-053
    James Kousouros, Esquire

*EX. 78*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

              v.                 :          CRIMINAL NO. 97-423-02

RAFAEL ABREU                       :          CIVIL NO. 00-CV-3964
    a/k/a "Ito"

## GOVERNMENT'S RESPONSE TO NON-PARTY'S REQUEST FOR *IN CAMERA* INSPECTION OF PHOTOGRAPHS

Luis Humberto Barbosa, who was convicted before the Honorable Stewart Dalzell in an unrelated case, Criminal No. 98-383-01, has filed a motion in Rafael Abreu's case for an incamera inspection of photographs. The government opposes this motion on a variety of grounds.

I.  Procedural History of Barbosa's Criminal Case

Barbosa was arrested on July 18, 1998, while cleaning what was believed to be 99 pellets of heroin that he had swallowed in Aruba, brought into the United States, and expelled. He was charged in a complaint and warrant with possession with intent to distribute heroin. The Drug Enforcement Administration (DEA) laboratory subsequently determined that the pellets contained cocaine base rather than heroin. Barbosa was charged in an indictment returned on August 13, 1998, with possession with intent to distribute more than 50 grams, that is 882 grams, of cocaine

base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). After a five day trial presided over by the Honorable Stewart Dalzell, the jury returned a verdict of guilty on January 29, 1999. On June 8, 1999 the Court sentenced Barbosa to the statutory minimum of 240 months in prison. (A copy of the district court docket entries no. 98-383-01 is attached as Exhibit A).

On June 15, 1999, Barbosa filed a notice of appeal, docketed at no.99-1478. (A copy of these docket entries are attached as Exhibit B). Barbosa later filed a motion to remand the case to the district court for a Rule 33 hearing regarding newly discovered evidence. The government did not oppose Barbosa's motion which the Court of Appeals granted on October 15, 1999.

After a Rule 33 hearing on February 24, 2000, the district court denied Barbosa's motion.[1] Barbosa re-instituted the appeal of his conviction which is presently pending in the Court of Appeals, docket number 00-1205. (A copy of the summary docket for this appeal is attached as

---

[1]     Barbosa attached as Exhibit 1 to the instant petition a copy of his motion in the Court of Appeals for remand to the district court for a Rule 33 hearing. He failed to advise this Court that the district court denied his Rule 33 motion.

EX-80

Exhibit C).

On March 15, 2001, long after the Court of Appeals had assumed jurisdiction over Barbosa's appeal, Barbosa filed an affidavit in his own case in the district court seeking the release of discovery materials, specifically the photographs of Juan Medina and Emilio Medina, a/k/a Felix Zorilla. By order entered on March 16, 2001, the district court denied, without prejudice, Barbosa's motion because his appeal had divested the district court of jurisdiction.  (Copies of Barbosa's affidavit seeking discovery and the district court's Order denying that request are attached as Exhibits D & E).

## II. Argument

This Court has already conducted an *in camera* inspection of the photographs at issue and an evidentiary hearing.  No further inspection or hearing is warranted or appropriate in this case.  At the hearing on Abreu's Section 2255 petition, the government called as a witness a DEA Agent whose affidavit had been previously provided to defense counsel.  The DEA Agent testified that the two individuals, Juan Medina and Emilio Medina, a/k/a Felix Zorilla, are not the same person.  Abreu was shown the

3

EX-81

photographs of the two individuals and had the opportunity to study those photographs during the entire hearing.  While copies of the photographs were displayed to Abreu, he was not permitted to retain copies.  The government went above and beyond the Court's requirements in proving that the two individuals are not the same person.  Another *in camera* inspection would serve no further purpose.

This Court lacks jurisdiction to grant the relief that Barbosa seeks because Barbosa is not a party to this case and Barbosa's appeal in his criminal case is still pending in the Third Circuit.  Barbosa, who is represented by the same counsel as Rafael Abreu, is simply attempting through his pro se motion to obtain discovery that he is presently precluded from obtaining in his own case.  Judge Dalzell denied without prejudice Barbosa's pro se motion seeking the production of the same photographs that he seeks here because the district court lacked jurisdiction while Barbosa's case was on appeal.  Barbosa's case is still pending in the Court of Appeals and accordingly, the district court still lacks jurisdiction over Barbosa's case.  Moreover, Barbosa, as a non-party to this matter does not have standing to move for relief in it. See <u>Linda R.S. v.</u>

EX-82

Richard D., 410 U.S. 614, 618 (1973), (private citizen generally lacks standing to participate as a party in the criminal prosecution of another).

Barbosa is simply attempting to accomplish in this case what he has so far been denied in his own case. It is merely an effort to circumvent the prior March 16, 2001 ruling of the district court and should be denied.

Conclusion

For all the foregoing reasons, the government respectfully requests that this Court deny Barbosa's request for in camera inspection.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

M. TAYLOR ASPINWALL
Assistant United States Attorney

EX·83

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Non-Party's Request for *In Camera* Inspection has been served this date, by first class mail upon the following:

Luis Barbosa, Prisoner No. 29500-053
FCI Fort Dix - Bldg. 5803
P.O. Box 7000
Fort Dix, New Jersey 08640

James Kousouros, Esquire
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415

M. TAYLOR ASPINWALL,
Assistant United States Attorney

Dated: October 24, 2001

*EX.84*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
                                )
United States of America        )
                                )
v.                              )      Civil No: 00-CV-3694
                                )      Crim. No: 97-423-02
Rafael Abreu                    )
        a/k/a "Ito"             )
_____)
```

### RESPONSE TO THE GOVERNMENT'S RESPONSE TO NON-PARTY'S REQUEST FOR IN CAMERA INSPECTION OF PHOTOGRAPHS

Now comes Luis H. Barbosa (Movant/Mr. Barbosa) pro-se respectfully submits the above entitled Response to the Government's Response to Non-Party's Request for In Camera Inspection of Photographs.


DISCUSSION

On or about October 10, 2001, the above movant moved this Honorable Court for a second evidentiary hearing for compliance with the procedural due process of law requirement, for identifying the individual[s], to attest that Juan Medina and Emilio Medina, a/k/a Felix Zorilla, are for all intended purposes the same individual on grounds that:

1) there exist unquestionable evidence that the government concealed **Brady** material relevant in the matter of **United States v. Barbosa** (movant) cited 51 F.Supp.2d. 597 (E.D.Pa. 1999) and the above captioned case, and in **United States v. Reynoso**,

2) the government has already broken its credibility shield in the concealment of relevant evidentiary material,

3) under this assertion there are no assurances that the govern-

ment would, or did, afford this Honorable Court and/or Mr. Abreu

the appropriate photograph for conducting the in camera inspection,

and,

4) this Honorable Court, nor Mr. Abreu are prelude to the

asserted identity of Emilio Medina, a/k/a Felix Zorilla, inasmuch

that Mr. Abreu could not possibly have identified Juan Medina as

Emilio Medina because he was not prelude to Juan Medina's identity

as Emilio Medina in another circumstance.

On or about October 24, 2001, the government filed opposition

of any further hearings for inspection of the photographs on the

following grounds: (1) that the government afforded testimony by

a DEA agent that the two individuals, Juan Medina and Emilio Medina

(a/k/a Felix Zorilla) are not the same person; (2) that Mr. Abreu

was afforded and shown the photographs of the (so-called) tow indivi-

duals in question and ample opportunity to study the photographs;

and (3) that the District Court lacks subject matter jurisdiction

inasmuch that the movant is not a party to the above captioned case.

The movant will respond to the government's position in turn.

(1) The government has an inheritance principle to oppose the due

process requirement, inasmuch that the credibility of the government

(and government's agency) will come into question and will affect

the conviction of three criminal cases. Thus, the allegation of

the DEA agent cannot be called credible under the current circum-

stances. (2) affording and showing this Honorable Court and Mr.

Abreu two separate photographs only established, under the circum-

stance, that the government displayed two different photographs.

-2-

For as established above in movant's ground (4), this Honorable
Court nor Mr. Abreu is prelude to the asserted identity of Juan
Medina as Emilio Medina as the movant is, or was, prelude to.  And
(3) for the sake of arguendo that this Honorable Court concurs with
the government that it lacks subject matter jurisdiction to entertain
movant's motion.  Nevertheless, this Honorable Court could exercise
original jurisdiction in the matter **Abreu v. United States**, No:
00-CV-3964 and grant rehearing in compliance with procedural due
process, in the interest of justice and in the fairness, integrity,
and public reputation of judicial proceedings.

For as the government makes clear, "The government went above
and beyond the court's requirement in proving that the two individuals
are not the same person." (Id Govenrment Responds Brief at 4).

However, the Petitioner (Mr. Abreu) was not afforded the same
latitude to establish, in principle and/or allegation, that the
two individuals alleged by the government are truly the same indivi-
dual.  Inasmuch that the only witness that can establish and/or
confirm the Petitioner's allegations was procluded from the eviden-
tiary hearing despite his objections.

EX.87

CONCLUSION

For the reasons stated herein, the movant respectfully moves this Honorable Court to grant movant's motion for a secondary in camera inspection or exercise its original jurisdiction and order a second evidentiary hearing to conform and/or comply with the proper proceedings in compliance with the due process requirement.


Written and argued by:
Miguel A. Casiano, Jr.
On behalf of Movant:
Luis H. Barbosa


I, Luis H. Barbosa, do hereby state that all herein is true to the best of my knowledge, and supported by the law and the Constitution of the United States, under penalty of perjury.

Respectfully yours,

Luis H. Barbosa

EX. 88

## CERTIFICATE OF SERVICE

I, Luis H. Barbosa, do hereby certify that on this 7th day of November, 2001, I place a true and exact copy of Movant's response in the institutional mailbox addressed to all parties listed below.

cc: M. Taylor Aspinwall, AUSA
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106-4476

    Judy Goldstein-Smith, AUSA
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106-4476

    James Kousouros, Esq.
    Attorney at Law
    80-02 Kew Gardens Road, Suite 1030
    Kew Gardens, NY  11415

    Martha Abreu
    1110 Anderson Ave.  Apt. 2B
    Bronx, NY  10452

Respectfully yours,

Luis H. Barbosa

-5-

*EX. 89*

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION



𝔗𝔬 𝔞𝔩𝔩 𝔱𝔬 𝔴𝔥𝔬𝔪 𝔱𝔥𝔢𝔰𝔢 𝔭𝔯𝔢𝔰𝔢𝔫𝔱𝔰 𝔰𝔥𝔞𝔩𝔩 𝔠𝔬𝔪𝔢. 𝔊𝔯𝔢𝔢𝔱𝔦𝔫𝔤:

...rtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

u...    seal of the National Archives and Records Administration, that the attached reproduction(s) is

a...    correct copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| NAME  THERESA MELLON | DATE  8-28-06 | |
| TITLE  SUPERVISORY ARCHIVES SPECIALIST | | |
| NAME AND ADDRESS OF DEPOSITORY | | |
| NARA - Office of Regional Records Services 200 Space Center Drive Lee's Summit, MO 64064 | | |

NA FORM 13040 (10-86)

EX. 90

92-0111M

PAN:AW
F #
MED.COM.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

    - Against -

LIOBER MEDINA,
          Defendant.

----------------------------------X

C O M P L A I N T
(T. 21, U.S.C., § 952)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.

☆ JAN 2 1992 ☆

TIME A.M.
P.M.

EASTERN DISTRICT OF NEW YORK, SS:

    ANDREW WNUKOWSKI, being duly sworn deposes and says that he is a Special Agent with the United States Drug Enforcement Administration, duly appointed according to law and acting as such.

    Upon information and belief, on or about January 20, 1992, within the Eastern District of New York, the defendant LIOBER MEDINA did knowingly and intentionally import into the United States from a place outside thereof a substance containing cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. Section 952.

    (Title 21, United States Code, Section 952)

    The source of your deponent's information and the grounds for his belief are as follows:

    1.  On or about January 20, 1992, at approximately 9:15 p.m., the defendant LIOBER MEDINA arrived at John F. Kennedy International Airport in Queens, New York, aboard Avianca # 020 from Colombia.

#1.

2

2.  During a routine Customs examination, the defendant stated that the three suitcases in his possession were his. In addition, the tag numbers on the luggage matched those on the stubs attached to the defendant's airline tickets.

3.  During the examination, Customs inspectors noticed that the inside of the brown suitcase that LIOBER MEDINA was carrying was unusually thick and heavy in the back. Further inspection revealed the same to be true for the inside of the blue suitcase that LIOBER MEDINA was carrying. The Inspector probed the inside of the two suitcases and discovered a white powdery substance.

4.  The white substance found in the two suitcases field-tested positive for cocaine.

5.  The gross weight of the cocaine seized was approximately 3666.8 grams.

EX. 92

3

WHEREFORE, your deponent respectfully requests that
the defendant LIOBER MEDINA be dealt with according to law.

ANDREW WNUKOWSKI
Special Agent
Drug Enforcement
Administration

Sworn to before me this
21st day of January, 1992

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

*EX.93*

```
Proceedings include all events.
1:92cr177-ALL USA v. Medina                           PRIOR

U. S. Attorneys:

  Joseph Nocella
  [COR LD NTC]
  United States Attorney's Office
  225 Cadman Plaza East
  United States Court House
  Brooklyn, NY 11201
  (718) 330-7480
```

*EX.94*

Proceedings include all events.
1:92cr177-ALL USA v. Medina                                    PRIOR

1/21/92   --      ARREST of Lieber Medina (1) count(s) cmp
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

1/21/92   1       COMPLAINT as to Lieber Medina
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

1/21/92   --      Magistrate Arraignment as to Lieber Medina  held Before
                  Magistrate Azrack, case called, Ausa-Judith Lieb present,
                  Defendant present(in custody) with counsel Lori Levinson,
                  Spanish Interpreter (Robert Whitford) present...Detention
                  hearing held, Defendant permanently detained Counsel has no
                  bail package (Defendant informed of rights.)
                  92/03(1080-1200)
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

1/21/92   --      Added Government Attorney Judith S. Lieb
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

1/21/92   --      Added for Lieber Medina  Attorney Lori H. Levinson
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

1/21/92   2       ORDER OF DETENTION as to Lieber Medina ( Signed by
                  Magistrate Joan M. Azrack ,  dated: 1/21/92)
                  [ 1:92-m -111 ] (th) [Entry date 01/23/92]

2/10/92   3       INDICTMENT as to Lieber Medina (1) count(s) 1, 2 (lg)
                  [Entry date 02/12/92]

2/10/92   4       CALENDAR ENTRY as to Lieber Medina ; Case called  before
                  Magistrate John L. Caden   on date of 2/10/92 for grand
                  jury presentment of Indictment. (lg) [Entry date 02/12/92]

2/10/92   --      Added Government Attorney Joseph Nocella (lg)
                  [Entry date 02/12/92]

2/10/92   --      Mag Azrack has been selected by random selection to handle
                  any matters that may be refered in this case. (lg)
                  [Entry date 02/12/92]

EX. 95

CALENDAR MINUTES
ON GRAND JURY PRESENTMENT

Before Magistrate/Judge ___CADEN___    Date 2/10/92

The Grand Jury of 9/16/91 (Reg. Monday) handed up

___EIGHT___    Indictment(s) which were ordered filed
(number)

by the Court.

FILED
IN CLERK'S OFFICE
U.S. DIST. COURT E.D. N.Y.

FE.  1992

P.M. _____
TIME A.M. _____

___TWO___    Indictment(s) were ordered sealed by
(number)

the Court.

___0___    Bench Warrant(s) were ordered by the Court.
(number)

The Grand Jury thereupon

___XXXX___ returned for further deliberations

_____ was dismissed with the thanks of the Court

CR 92 0173 -SEALED
WEXLER, J. JORDAN, M.

CR 92 0174 -SEALED
WEXLER, J. JORDAN, M.

CR 92 0175
GLASSER, J.    THREE

CR 92 0176
WEINSTEIN, J. AZRACK, M.

CR 92 0177
GLASSER, J. AZRACK, M.

CR 92 0178 #

CARTER, M.

CR 92 0179 -SEALE.
RUSS, M.

CR 92 0180
AMON, J.    THREE

4

*EX-96* FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT ED. N.Y.

★ FEB 10 1992 ★

P.M. _____

TIME A.M. _____

CWG:JN:yc
F. #9200328
JN200024.IND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

LIOBER MEDINA,

          Defendant.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 92 0177

Cr. No.
(21 U.S.C. §§ 841(a)(1),
841(b)(1)(B)(ii)(II),
952(a), 960(a)(1) and
960(b)(2)(B)(ii); 18
U.S.C. §§ 3551 et seq.)

GLASSER, J.

AZRACK, M.

THE GRAND JURY CHARGES:

COUNT ONE

     On or about January 20, 1992, within the Eastern

District of New York and elsewhere, the defendant LIOBER MEDINA

did knowingly and intentionally import into the United States

from a place outside thereof cocaine, a Schedule II narcotic drug

controlled substance.

     (21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(B)(ii);

18 U.S.C. §§ 3551 et seq.)

COUNT TWO

     On or about January 20, 1992, within the Eastern

District of New York, the defendant LIOBER MEDINA did knowingly

*EX.97*

2

and intentionally possess with intent to distribute cocaine, a
Schedule II narcotic drug controlled substance.

(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II); 18
U.S.C. §§ 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ANDREW J. MALONEY
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R.O. 131

P E D I G R E E   S H E E T

1. Magistrate Case Number: _____

2. DEFENDANT'S NAME: _MEDINA_ _Liober_
   (Last)               (First)            (M.I.)

3. Defendant's Telephone No.: _212 568 6632_

4. Defendant's Address: _75 Cabrini Blud Ap 14 NY 10033_

5. Date of Birth: _12/31/80_   Age: _-40_   SSN: _068 72 9429_

6. Citizen of: _DOM. REP_   Needs _____ Interpreter

7. Name of interpreter used today: _Robert Whitford_

8. Removal Proceeding: _____ Yes _____ No   Other District: _____

9. Arrest Warrant Issued: _yes_   Date Issued: _____
                          (kwarr.)

10. Date and Time of arrest: _1/20/92 1030p_ Deft in custody: _✓_ Yes ___ No
                            (kars)

11. Title: _21 USC_   Section(s): _952a 960_

12. Bail set at: _Perm Det._   Bail hearing date and Time: _____
              (ksetond.)        (kbndhrc.)

13. Arraignment on Complaint held: _✓_ Yes _____ No _____

14. Time of Arraignment on Complaint: _5:15 pM_
                                      (kmarr.)

15. (a) Status Conference Set For: _____
                                  (kstatcnfddl.)
    (b) Preliminary hearing set for: _____ ; or waived: _✓_
                                    (plxmddl.)

16. ASSISTANT U.S. ATTORNEY: _Judith Lieb_
                            (kdadatty.)

    DEFENSE COUNSEL'S NAME: _Lori Levinson_
                           (kdadatty.)

    ADDRESS: _____

    BAR CODE _____   CJA _____   RET. _____   LEGAL AID _X_

    TELEPHONE NUMBER: ( _____ )

    Excludable delay Code (if any): _____   Start date _____
                                                End date _____

    SWORN BEFORE ME THIS _21st_ DAY OF _January_ , 19 _92_

    _JMA_
    UNITED STATES MAGISTRATE

12/03 (1080-1200)



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.

★ FEB 1 0 1992 ★

___ P.M. _____
TIME A.M. _____

### NEW YORK FEDERAL COURTS

### INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

1. Title of Case: U.S.A. v. _Liober Medina_____

   _____

2. Related Magistrate Docket Number(s): _92-0111M_____

   **CR 92 0177**

   None ( )

3. Arrest Date: _____January 20, 1992_____

   **GLASSER, I.**

4. Nature of offense(s): __X_ Felony

   ____ Misdemeanor

   **AZRACK, M.**

5. Related Cased--Title and Docket No(s). (Pursuant to Rule 3
   of the Local E.D.N.Y. Calendar Files):_____

   _____

6. County in which cause of action arose: _____

7. County of residence of defendant(s):  (1)_Queens_____

   (2)_____ (3)_____ (4)_New York, New York_

   (3)_____ (6)_____ (7)_____

   (8)_____ (9)_____ (10)_____

8. Should this indictment/information be sealed? ( ) Yes (✓)No

9. Have arrest warrants been ordered?          ( ) Yes (✓)No
   If yes, against which defendant (s)?_____

   _____

### UNITED STATES ATTORNEY

BY: _Joseph Neville_____

Assistant U.S. Attorney
Special Assistant U.S. Attorney

*EX. 100*

~(Rev. 12/81)

**APPEARANCE BOND**
FOR THE

# United States District Court • EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

*vs.*

Liober Juan Hedina

APPEARANCE
BOND FOR NO. ▶ 92 - 177 (ILG)

F I L E D
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★  Mar 09 1992  ★

A.M. _____
P.M. _____

Non-surety: ☐ I, the undersigned defendant, acknowledge that I and my . . .
Surety: ☒ We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ 20,000
¹/and there has been deposited in the Registry of the Court the sum of $_____in cash ²/or_____
_____, (describe other security)³/ a sum not exceeding 10% of the amount of bond ⁴/

The conditions of this bond are that the defendant _____

is to appear before    ALLYNE R. ROSS    , United States Magistrate for the

EASTERN    District of NEW YORK    , at⁵ 225 Cadman Plaza East, Bklyn, NY , and in the

United States District Court for the    EASTERN    District of NEW YORK    at

_____, and at such other places as the defendant may be required to appear,
in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given

or issued by the magistrate or by the United States District Court for the    EASTERN    District of    NEW YORK
or any other United States District Court to which the defendant may be removed or the cause transferred; that the defendant is not
to depart the ~~EASTERN~~  ~~District of~~  ~~NEW YORK~~/or Manhattan, Eis under house arrest, as indicated below, or the jurisdiction of any other United States District Court
to which the defendant may be removed or the cause transferred after he has appeared in such other district pursuant to the terms of this
bond, except in accordance with such orders or warrants as may be issued by the magistrate or the United States District Court for

the    EASTERN    District of    NEW YORK    or the United States District Court for
such other district; that the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence
imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe.

If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be
void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith.
Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the
above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment
may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated,
together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal
Procedure and by other laws of the United States.    CONDITIONS OF RELEASE:

① bond cosigned by 2 suretors except for atty visits and Dr. appointments
② Δ is under house arrest except for telephone
③ Δ to report to PTS 3x per wk by telephone

¹/Where no deposit is required, delete the remainder of this paragraph.
²/Where no sureties are required, indicate full amount of cash deposited in registry.
³/If a form of security other than cash is deposited, describe.
⁴/If the amount ordered to be paid exceeds 10 percent of the bond, delete.
⁵/Insert place.    [DEFENDANT ADVISED BY MAGISTRATE OF APPLICABLE PROVISIONS OF Sec.3146
AND ACKNOWLEDGED SAME IN WRITING.]

EX. 101

...ed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue in ...force and effect until such time as the undersigned are duly exonerated.

This bond is signed on this ___9th___ day of ___March___ 19 92

at  BROOKLYN, NEW YORK

Name of ~~Surety~~ _____  Address. _508 9th Ave. New York NY 10018_

Name of ~~Surety~~ _Lionel JUAN Medina_  Address. _75 Cabrini Blvd #4_

Name of Surety _Altagracia Medina_  Address. _75 cobrini BLVD APT 4 NY 10033_

Signed and acknowledged before me this ___9th___ day of ___March___ 19 92

Approved: _____

## JUSTIFICATION OF SURETIES

I, the undersigned surety, say that I reside at _____ ;

and that my net worth is the sum of _____ Dollars ($_____ ).

I further say that

_____
Surety

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                Date                              Surety

I, the undersigned surety, say that I reside at _____ ;

and that my net worth is the sum of _____ Dollars ($_____ )

I further say that

_____
Surety

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                Date                              Surety

EX. 102

<u>BAIL SLIP</u>

BAIL SET BY JUDGE _$20,000 PRB_____    -    DATE _3/9/92_____

CRIMINAL NO. _92 CR 177 (DLC)_____        Title _____ Section _____

NAME OF DEFENDANT _Libber Juan Medina_____

BAIL _co-signed by self, wife, friend_____

SPECIAL CONDITIONS _Do not leave Manhattan, 3X/wk reporting to pretrial_
_by phone / don't leave house except for atty visits, Dr. appointments_

ASSISTANT U.S. ATTORNEY _____ Joseph Morella_____



*EX.103*

CALENDAR: Magistrate's Proceeding

BEFORE: Magistrate Judge _Ross._____ Date: _3-9-92_ TIME: _____

DOCKET NUMBER: _CR-92-177 (ILG)_____

Defendant Name: _Lieber Juan Medina_ Attorney _Lori Levinson._____

Bar Code: _____

Defendant Name: _____ Attorney _____

Bar Code: _____

Defendant  ✓Present  ___Not Present  ✓In Custody  ___On Bond

AUSA: _Joseph Nocella_ Bar Code: _____

Courtroom Deputy: _92/10  (1157 to 1345)_ Interpreter: _Mr. Ana Maria Selwa_

Log Number: _Dennis Laballe_____

CRIMINAL CAUSE FOR          ___ Status Hearing {kstatcnf}

✓ Calendar call. {kce}          ___ Detention Hearing {kdtnhrg}

___ Magistrate arraignment held.     ___ Bail Hearing {kbndhrgh}
            {kmarr}
___ Status hearing held.          ___ Removal Hearing {krmvhrgh}
            {kstatcnhrgh}
                              ___ Waiver of Speedy Trial {kwvspt}
___ Status heraing adjourned to_____.

___ Detention hearing held. ___ Detention hearing adj'd to_____
            {kdtndhrgh}

___ Bail hearing held. {kbndhrgh} ___ Bail hearing adj'd to _____

___ At this time, defense counsel states on the record that defendant does
    not have a bail application/package. Order of detention entered with
    leave to reapply to a Magistrate or to the District Court Judge to
    whom this case will be assigned.          {kodtn}

✓ Defendant released. ~~on~~ on PRB of 30,000. Moreover, bond
is co-signed by 2 sureties. ( Wife and Friend ). Defendant
and co-signers informed. Restrictions as stated on the
record and bond slip.

*EX. 104*



U.S. Depar   nt of Justice

_United States Attorney_
_Eastern District of New York_

F# 9200328

---

_Federal Building_
_225 Cadman Plaza East_
_Brooklyn, New York 11201_ February 18, 1992

Mr. Lieber Juan Medina

> Re:  U.S. vs. Lieber Juan Medina
>      Criminal Docket No. CR-92-0177
>      ---------------------------------

Dear Mr. Medina:

  Please take notice that the above case will be called in the
United States District Court, 225 Cadman Plaza East, Brooklyn,
New York, on Tuesday, the 25th day of February, 1992,
at 9:30 A.M., Courtroom 5.  At that time you will be required to
plead to an Indictment heretofore filed for alleged violation of
the United States Code.

  If you fail to attend, a warrant will be sought for your arrest.

  You should report to the Probation Department which is located
in the Courthouse at least one hour before the case is to be called
so that a pretrial services report can be completed.

                         Very truly yours,

                         ANDREW J. MALONEY
                         UNITED STATES ATTORNEY

                         _Brenda L. Lewis_
              By: _____
                         Brenda L. Lewis
                         Grand Jury Clerk

CC:  Hon. I. Leo Glasser

     Joseph Nocella    74 80
     Assistant U.S. Attorney

     Lori Levinson, Esq.

     Supervisory Probation Officer

*EX.105*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★    MAR    1992    ★

TIME A.M. _____
        P.M. _____

---------------------------------- :
                                    :
    UNITED STATES OF AMERICA        :
                                    :        ORDER OF REFERRAL
                                    :        CR 91-177
        -vs-                        :           92
                                    :
    LIOBER MEDINA                   :
                                    :
                                    :
                                    :
---------------------------------- :

        The defendant, _LIOBER MEDINA_____, having asked

for permission to enter a plea of guilty, and having consented to

have a United States Magistrate Judge hear the application, the

matter is referred to Magistrate Judge _AZRACK_____ to

administer the allocution pursuant to F.R.Crim.P. Rule 11, and make

a finding as to whether the plea is knowingly and voluntarily made

and to make a recommendation as to whether the plea of guilty

should be accepted.

        I would appreciate it if the Magistrate Judge would use the

allocution that I use in taking a guilty plea. Because I have

committed the allocution to memory, use of it will facilitate my

review of the transcript of the plea before sentencing.


SO ORDERED:

March 11 1992

Dated: Brooklyn, New York

                                _____
                                UNITED STATES DISTRICT JUDGE

10

EX. 106

29

**MEMORANDUM**
**TO THE HONORABLE I. LEO GLASSER**
**United States District Judge**

RE:  Liober Medina
DOCKET #:  92-CR-177

Reference is made to the above-named individual who pled guilty
to Importation of Cocaine before Your Honor on April 15, 1992.

Please be advised that we have not received the laboratory
results from the Drug Enforcement Agency as of this date.

We have contacted chambers and the sentencing date has been
adjourned to November 18, 1992 at 9:30 A.M.

RESPECTFULLY SUBMITTED:

STEPHEN J. RACKMILL
Chief U.S. Probation Officer

Prepared by: _____
MARGARITA PESANTE

Approved by: _____

eig

cc:  Joseph Nocella
Assistant U.S. Attorney

Lori Levinson, Esq.
Legal Aid Society

*Ex.105*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
-v-
LIOBER MEDINA  Deft #1

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

CASE NUMBER: CR 92-177

**(Name of Defendant)**

PAM METZGER
225 Cadman Plaza East
Brooklyn,N.Y. 11201]

**Defendant's Attorney and Address**

**THE DEFENDANT:**
☒ pleaded guilty to count(s)  #1
☐ was found guilty on count(s)
    after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which
involve th following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC Sec 952(a) | Imported cocaine into the United States. | one |

The defendant is sentenced as provided in pages 2 through 3 of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984., and
upon motion of the gov't. for a downward departure,pursuant to 5H 1.4.
☐ The defendant has been found not guilty on count(s)
    and is discharged as to such count(s).
☒ Count(s)  #2                        (is)(are) dismissed an the motion of the
    United States.
☐ The mandatory special assessment is included in the portion of this
    Judgment that imposes a fine.
☒ It is ordered that the defendant shall pay to the United States a special
    assessment of $ 50.00 which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney
for this district within 30 days of any change of residence or mailing address
until all fines, restitution, costs, and special assessments imposed by this
Judgment are fully paid.

**Defendant's Soc. Sec. Number:**
  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
**Defendant's mailing address:**
  75 Cabrini Blvd. Apt #4

  New York, N.Y. 10033
**Defendant's residence address:**

February 18, 1993
**Date of Imposition of Sentence**

**Signature of Judicial Officer**

  I. LEO GLASSER  U.S.D.J.
**Name & Title of Judicial Officer**
February 22,1993

DATE.:
**A TRUE COPY ATTEST**
DATED          19
    ROBERT C. HEINEMANN
        CLERK

BY:

EX. 108

Defendant: <u>LIOBER MEDINA Deft #1</u>          Judgment    Page <u>2</u> of <u>3</u>

Case Number: <u>    CR 92-177    </u>

## PROBATION

Upon motion of the government for a downward departure, pursuant to 5H1.4, The defendant is hereby placed on probation for a term of <u>five years.</u>

---

**While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:**

*EX. 109*

Defendant:   LIOBER MEDINA Deft #1          Judgment    Page  3  of  3

Case Number:   CR 92-177

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from exessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of this court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

*EX. 110*

## CRIMINAL CAUSE FOR SENTENCING

BEFORE: GLASSER          DATE: FEB. 18, 1993   TIME:   4:30

DOCKET NUMBER:    CR 92-177          DEFT. NUMBER:   #1

DEFENDANT:  LIOBER MEDINA
            ✓ Present _____ Not Present _____ In Custody ___X__ On Bail

ATTORNEY FOR DEFT.:   PAM METZGER
            _____ C.J.A. _____ Retained _____ Legal Aid/PD

ASST. U.S. ATTORNEY:   JOE NOCELLA

COURTROOM DEPUTY: L.SCHILLAT          INTERPRETER: *Anna Marie Silverio*
            Ext. _____

COURT REPORTER/ESR OPERATOR: *Maryann Steiger*

TAPE NUMBER: _____

SENTENCE: *Upon motion of the defense for downward departure, pursuant to 5H1.4, the deft is placed on probation for five years and a $50 special assessment.*

DEFT. SENTENCED ON COUNTS:   #1

OPEN COUNTS DISMISSED: _____ On Govt's Motion, _____ On Ct.'s Mot.

FINE: _____    SPECIAL ASSESSMENT: _____

SPECIAL CONDITIONS OF SUPERVISION: _____

_____

_____

_____

IS SENTENCE STAYED? _____ Yes    STAYED UNTIL: _____

_____ No

[Defts. sentenced to probation/supervised release are to report immediately to the
PROBATION DEPT., Room 405, 75 Clinton St., Bklyn., & present 1 copy of this
form. The other copy should be sent by the Courtroom Deputy the same day. For
remanded defts., the Courtroom Deputy should send both copies to the Prob. Office
on the same day as the sentence.]



CLERK'S OFFICE COPY

State of New York DEPARTMENT OF MOTOR VEHICLES Empire State Plaza, Albany, New York 12228

# ABSTRACT OF DRIVING RECORD

Document # ALFEG001                              Total Fee Paid $0.00
PRINT DATE: 02/09/2007 TIME: 14:02:65  OPERATOR: FEG OFFICE: DSL

                                        CLIENT ID#: 592338484
MEDINA,LIOBEL,J                 DOB: 12/31/1950   SEX: M
501 W 139 ST 4A                 HEIGHT: 5-7    EYE COLOR: BROWN
NEW YORK        NY 10031        COUNTY: NEWY
                                MI #: M05132 05203 428185-50

LICENSE CLASS: *E*              STATUS: SURRENDERED EXPIRATION: 12/31/1998

********************            ACTIVITY            ********************
DOCUMENT SURRENDERED ON: 07/10/1996 TO EL



*** END OF RECORD ***

EXCELSIOR

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. The record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

ABS-3 (01/07)

ACTING COMMISSIONER OF MOTOR VEHICLES

EX-112

# STATE OF FLORIDA
## DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## DIVISION OF DRIVER LICENSES TRANSCRIPT OF DRIVER RECORD

DATE  10-MAY-2006 16.17.03

PAGE:  1

LICENSE FIRST  J

MIDDLE OR MAIDEN  J

LAST  MEDINA

SUFFIX

DOB  12/31/50

ADDRESS  UNAVAILABLE

CITY

COUNTY/STATE

ZIP

CLASS  E

VISION  1

SIGNS  1

RULES  1

DRIVING  0

MOTORCYCLE  0

ENDORSEMENTS  P

HEIGHT  5 9

RACE  W

SEX  M

DRIVER EDUCATION

FLORIDA DRIVER LICENSE/ID NUMBER

DATE ORIG DL ISSUED  07/10/96

CDL ISSUE DATE  06/17/97

PRIOR STATE AND DRIVER LICENSE NUMBER

PREVIOUS BATCH

REQUESTOR  646

SEARCH DATE  05/10/06

DOCKET OR TICKET NUMBER

DEPT USE ONLY  248520

CURRENT BATCH  12100370TA

DUPLICATE LICENSE  062800704

REPLACEMENT LICENSE

*** ENTRIES BELOW COVER THIS PERSONS ENTIRE RECORD *** *** RECORD APPEARS IN CDLIS *** *** BLOCKED PERSONAL INFORMATION *** *** BLOCKED FOR MAILING LIST *** *** THIS PERSON ENDORSED FOR OPERATING VEHICLES

HAULING PASSENGERS *** *** THIS PERSON HAS A DIGITAL IMAGE ***

| CRASH/OFFENSE EFFECTIVE DATE | CONVICTION DATE | REINSTATEMENT DATE | INFORMATION FROM COUNTY/STATE | CITY | COURT | ENTRY | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 12/09/96 | 12/31/96 | | DADE | | County Magistrate | | CMV - TEMPORARY DRIVING PERMIT ISSUED  12/05/1996 |
| 03/20/03 | 05/09/03 | | DADE | | County Magistrate | CONV- 0.0 PTS ADJ WITHHELD | CMV TATTOO OVER SHLDR EXPIRES 06/05/97 |
| 06/24/03 | 08/14/03 | | DADE | | Magistrate | ADJ WITHHELD | STATE REGL VIOLATION SPEED IN POSTED ZONE  056/30 FAIL TO YIELD RIGHT OF WAY |

## LICENSE CLASSES

CLASS A:  ANY TRACTOR-TRAILER WITH A GVWR OF 26,001 POUNDS OR MORE

CLASS B:  ANY SINGLE VEHICLE WITH A GVWR OF 26,001 POUNDS OR MORE

CLASS C:  ANY SINGLE VEHICLE WITH A GVWR OF LESS THAN 26,001 POUNDS

CLASS D:  ANY SINGLE VEHICLE OF 1,000 POUNDS OR MORE, BUT LESS THAN 8,001 POUNDS GVW

CLASS E:  REGULAR OPERATOR'S LICENSE

CLASS EQ:  LEARNER'S LICENSE

## RESTRICTIONS

A.  CORRECTIVE LENSES

B.  OUTSIDE REARVIEW MIRROR

C.  BUSINESS PURPOSES

D.  EMPLOYMENT PURPOSES

E.  DAYLIGHT DRIVING ONLY

F.  AUTOMATIC TRANSMISSION

G.  POWER STEERING

H.  DIRECTIONAL SIGNALS

I.  GRIP ON STEERING WHEEL

J.  HEARING AID

K.  SEAT CUSHION

L.  HAND CONTROLS OR PEDAL EXTENSION

M.  LEFT FOOT ACCELERATOR

N.  IGNITION-INTERLOCK DEVICE

W.  OTHER RESTRICTION

1.  NO PASSENGER ON MOTORCYCLE

2.  MEDICAL ALERT BRACELET

3.  EDUCATION BUSINESS

5.  VEHICLE W/O AIR BRAKES

6.  CDL INTRASTATE ONLY

7.  CDL USE ONLY

## DISPOSITION CODES

B.  GUILTY

C.  COUNSEL WAIVED

## REPRESENTATIVE CODES

C.  REPRESENTED BY COUNSEL

W.  COUNSEL WAIVED

## CITATION/CRASH CODES

A.  DISPOSITION/CITATION ISSUED

C.  INDICATES CITATION

I.  INDICATES CRASH

## ACTION CODES

B.  DEPARTMENT ACTION

C.  COURT ACTION

1.  SUSPENSION

2.  REVOCATION

3.  FORFEITURE

4.  ASSESSED DELINQUENT

5.  ADJUDICATION WITHHELD

END OF RECORD

[signature]

DIRECTOR

IN COMPLIANCE WITH SECTION 322.20, F.S., SANDRA C. LAMBERT, DIRECTOR, DIVISION OF DRIVER LICENSES, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, STATE OF FLORIDA, DO HEREBY CERTIFY THAT I AM THE CUSTODIAN OF THE RECORDS OF SAID DIVISION OF DRIVER LICENSES, AND THAT THIS IS A TRUE AND CORRECT TRANSCRIPT OF THE ABOVE NAMED SUBJECT'S DRIVING RECORD AS TAKEN FROM THE OFFICIAL RECORDS ON FILE IN THIS DEPARTMENT.

NOTE: SOME LICENSES ISSUED BY THE STATE OF FLORIDA ARE VALID IN FLORIDA ONLY. THIS RESULTS FROM APPLICANT RETAINING A VALID LICENSE FROM ANOTHER JURISDICTION.

*** THIS VIOLATION CANNOT BE USED TO SURCHARGE AN AUTOMOBILE LIABILITY INSURANCE POLICY F.S. 626.9701

70113
02113
03227

EX. 113

... RCON . TO PAPERBEAT                ...... PHOTO TO FOLLOW ...........
... - NCCH        09/22/98 11:28 ... ... 09/22/98 11:27:11 QHQOTUMOLNAC
.............M45J00
.............
.. INTERSTATE IDENTIFICATION INDEX .... ..... .. .. RESULT OF YOUR
..... ON NAM/MEDINA,LIUBER SEX/M DOB/U .....................

...                              ... NO.        INQUIRY DATE
...NA,LIUBER JUAN                75,45 ...      17.0/07/22

RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
W     1950/12/31  508     155     BRO   BLK   DOMINICAN REP

....PRINT CLASS
.. 12 14 14
.. PM P1 15

.AS NAMES
...NA,LIUBER J                MEDINA,LIUBER
...NA,LIOBEL JUAN

.... MARKS
..T000        SOCIAL SECURITY

... RCON . TO PAPERBEAT               LAST PAGE           09/22/98 ... ...
... - NCCH     09/22/98 11:28:03 - 09/22/98 11:27:11 QHQOTUMOLNAC
.. ARM   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

...TIFICATION DATA UPDATED 1996/08/01
..CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
...OWING:
...          - FBI/75745PA6!

. RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
.EX BY USING THE APPROPRIATE TRANSACTION.

_N NOCP    TO PAFLPDEAT              PIRL AND ONLY PAGE   09/22/98 ...
        NOCP   09/22/98 11:40:33 - 09/22/98 11:43:08 OHH2WJHCH301

... FOLLOWING MOTION

... TO INITIATE IDENTIFICATION INQUIRE FOR A COPY. THE RESULT OF YOUR
IRD REQUEST OR FBI/757+SPA6. THE FOLLOWING WILL RESPOND TO YOUR
...

_H NOCP    TO PAFLPDEAT              MORE PAGES TO FOLLOW  09/22/98 ...
CLH    - NUCH   09/22/98 11:40:34 - 09/22/98 11:43:32 OHH2WJHCH..

HH2WJHCH301021
0130
BUTLER FOR ML
RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-757-SPA6.
SINCE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
WILL BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.

- FBI IDENTIFICATION RECORD -

IN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
RECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

| | FBI NO. | DATE REQUESTED |
|---|---|---|
| JANA,LIBOR JUAN | 757+SPA6 | 1998/09/22 |

| RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR | BIRTH PLACE |
|---|---|---|---|---|---|---|
| W | 1950/12/31 | 506 | 155 | BRO | BLK | DOMINICAN REP |

FINGERPRINT CLASS
13 14 14
PM 01 15

FROM NCOH    TO PAPEPDEAT                  MORE PAGES TO FOLLOW    07/00/78 11:40:00
IL1         - NCOH        09/00/78 11:40:04 - 09/00/78 11:40:32 0772WBRCHO

ARRESTED OR RECEIVED 1993/01/30
AGENCY-DEA NEW YORK (NYDEA0000)

   CHARGE 1-IMP COCAINE

COURT-
               DISPOSITION-
   CHARGE-IMPORTATION OF COCAINE
   SENTENCE-

   5 YEARS PROBATION PLUS USC-ASSESSMENT FEE

 SUPERVISION OR CUSTODY-
   AGENCY-US PROBATION MIAMI (FLU1301707)
     AGENCY CASE-
       1970/02/10 STATUS-PROBATION

ARRESTED OR RECEIVED 1993/11/16
 AGENCY-POLICE DEPARTMENT WORCESTER (MA0145000)
   AGENCY CASE-00240     NAME USED-MEDINA,LIOBER J

FROM NCOH    TO PAPEPDEAT                  LAST PAGE             07/00/78 11:40
IL1         - NCOH        09/00/78 11:40:04 - 09/22/78 11:40:32 0HH2WBRCHO
   CHARGE 1-ARMED ASLT IN DWELLING W/INT TO COMMIT, ETC

ARRESTED OR RECEIVED 1996/02/08
 AGENCY-FEDERAL PRISON SRVC NEW YORK (NYO300470)
                    NAME USED-MEDINA,LIOBER
   CHARGE 1-IMPORTATION OF COCAINE INTO THE UNITED, ETC

COURT-
         DISPOSITION-
   CHARGE-IMPORTATION OF COCAINE INTO THE UNITED, ETC
   SENTENCE-
   5 YEARS PROBATION 90 DAYS CCC

 ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
 FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

 USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
 OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

 END OF RECORD

*EX. 116*

PROB 12B
(7/93)

# United States District Court

for

EASTERN DISTRICT OF NEW YORK

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: LIOBER MEDINA                           Case Number: 92-CR-177-1

Name of Sentencing Judicial Officer: I. LEO GLASSER

Date of Original Sentence: FEBRUARY 18, 1993

Original Offense: IMPORTATION OF COCAINE INTO THE UNITED STATES

Original Sentence: Five (5) years probation, $50.00 special assessment.

Type of Supervision: Probation          Date Supervision Commenced: February 18, 199

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ yea:

☒ To modify the conditions of supervision as follows:

Ninety (90) days community confinement.
A signed Waiver is attached.



*EX-117*

Request for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

As fully detailed in the attached memorandum to Your Honor, the
probationer has violated Condition One (1) of the Standard Conditions
of Probation which reads: You shall not leave the district without
permission of the Court or the Probation Officer.  As a sanction,
the probationer has signed a Waiver agreeing to participate in a
halfway house facility for a period of ninety (90) days.

Respectfully submitted,

by *Anthistre*

*Sy Anny* U.S. Probation Officer

Date: *10-31-95*

## THE COURT ORDERS

☐ No Action
☐ The Extension of Supervision as Noted Above.
☒ The Modification of Conditions as Noted Above.
☐ Other

_____
Signature of Judicial Officer

*10/31/95*
_____
Date

BP-A148.055
SEP 98

*EX. 118*

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) ~~Mr. E. Tolbert, Counselor~~ | DATE: 9/04/2007 |
|---|---|
| FROM: Luis Barbosa | REGISTER NO.: 29500-053 |
| WORK ASSIGNMENT: UNICOR | UNIT: Camp - A side |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

On or about February 24, 2007, special mail was sent to: Co-Director, Office Of Information and Privacy, U.S. Department of Justice, New York Avenue, 11th Floor, Washington, D.C. 20530.

Would you be so kind to afford me one outgoing special mail logging book receipt of said outgoing special mail. Thank you!!!!

(Do not write below this line)

DISPOSITION:

I/m BARBOSA, L. # 29500-053 LEGAL/SPECIAL MAIL IS NOT LOGGED WHEN OUTGOING FROM THE INSTITUTION, It IS DATE STAMPED FOR THAT DAY. Refer To P.S. 5265.11

Pg-16
PARA - 15
S/Sec - D

| Signature Staff Member S. W____ | Date 9/7/07 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

BP-S148.070
SEP 98

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISON

*EX. 119*

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. E. Tolbert, Counselor | 9/24/2007 |
| FROM: Luis Barbosa | REGISTER NO.: 29500-053 |
| WORK ASSIGNMENT: UNICOR | UNIT: CAMP BUILDING #6695 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

(1) Attached please find two pieces of special outgoing mail for processing: One addressed to The Clerk Of The United States District Court For The District Of Columbia, U.S. Courthouse, 333 Constitution Ave., N.W., Washington, D.C. 20001, and the other addressed to Quan K. Luong, Esq., Special Assistant U.S. Attorney, 555 Fourth St., N.W., Washington, D.C. Please afford me receipts after they have been processed.

(2) PLease afford copy of the Memorandum for Camp Inmate Population that is posted in the Bulletin Board next to CO's Office. The subject: Outgoing Special Mail Dated: April 4, 2007

Thank you for your cooperation in this matter.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055
SEP 98

EX. 120

INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. E. Tolbert, Counselor | DATE: October 22, 2007 |
|---|---|
| FROM:  Luis Barbosa | REGISTER NO.: 29500-053 |
| WORK ASSIGNMENT: UNICOR | UNIT: Camp / Building #6695 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.

This to inform that my request to you dated September 24, 2007, has not

yet been answered (attachment). Would please be so kind to respond to my

September 24, 2007 request. Your respond is needed for answering a summary

judgment on a civil action case. Thank you !!!

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate          This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)       and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
P.O. Box 38
Fort Dix, New Jersey 08640

April 4, 2007

MEMORANDUM FOR CAMP INMATE POPULATION

FROM:          A.J. Lewis, Camp Unit Manager

SUBJECT:       Outgoing Special Mail

Effective immediately, all outgoing Special Mail will be
processed at the conclusion of mail call.  Inmates must bring
their properly identified Special Mail to the Unit Officer and
have their inmate identification card available.  The Unit
Officer will check the return address against the inmate
identification card.  The Unit Officer is only authorized to
accept outgoing Special Mail from the inmate identified in the
return address and will only accept this mail at the conclusion
of mail call.  This change in procedure is necessary to ensure
the security of the institution and general public.

In you have any questions, please feel free to speak with any
member of the Unit Team.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,              )
                                   )
          Plaintiff Pro-Se,        )
                                   )
                                   )
                                   )
          Vs.                      )   Civil Action No.: 07-1052 (RWR)
                                   )
                                   )
U.S. DEPARTMENT OF JUSTICE, et al., )
                                   )
          Defendants.              )
_____)

## DECLARATION OF LUIS HUMBERTO BARBOSA

I, Luis Humberto Barbosa, first duly sworn, depose and say that
the foregoing is true and correct to the best of my knowledge and
belief, supported by hard compelling material evidence, pursuant to
28 U.S.C. § 1746.

1.    I am the plaintiff in the above Civil Action Complaint
filed with this Court on or about May 15, 2007.

(A)   INITIAL SUMMARY OF FACTS LEADING TO THE ABOVE ACTION

2.    On July 18, 1998, plaintiff was arrested at the Hilton
Airport Hotel located in Philadelphia, PA., in possession of 99
cylindrical shaped pellets allegedly containing "heroin" that plaintiff
had ingested in Aruba, N.A., flown with them to the United States, and
discharged them overnight at the hotel that the DEA had prepared for
plaintiff's arrival from Aruba. Four days later the New York DEA
Northeast Regional Laboratory determined the alleged heroin to contain
cocaine base. Plaintiff, who was initially charged for heroin under

a complaint supported by sworn affidavit, was later indicted for
possession with intent to distribute cocaine base, schedule II
non-narcotic controlled substance. <u>See</u>, exhibits 21-26

    3.    Plaintiff's involvement to traveling to Aruba, N.A., was
originally proposed by DEA paid informant Carlos R. Disla who is a
Philadelphia based informant. Disla's associate in Aruba, who has just
been recently identified by newly investigatory discovery as <u>Liober</u>
<u>Medina</u>, a/k/a Juan Medina, A/k/a Emilio Medina, and a/k/a Felix Zorrilla,
was who initially directed Disla to contact plaintiff "only" in
reference to a passport that Medina was "interested" in attaining for
himself. Then Disla did not waist any time at this first meeting and
made his move of entrapment , which was his original intent for the
meeting and for meeting plaintiff, not the photograph issue. Disla at
the meeting proposed if plaintiff could help him find drugs in New York
for him to sell or supply to his associates with in Philadelphia, PA.

    Plaintiff refused Disla's overture, but Disla did not curve and
thus continued insisting for many days. Then Disla, in light that he
was not successful with his first initial entrapment strategic, then
proposed traveling to Aruba thereby facilitating and supplying the
"heroin" through his associate Medina in Aruba. Plaintiff also refused
Disla's second overture but was this time around     prodded and
induced, supplied with $1,600.00 of traveling and hotel expenses for
traveling to Aruba to deliver the heroin that Disla supplied through
his associate <u>Liober Medina</u>, a/k/a Juan Medina, a/k/a Emilio Medina,
and a/k/a Felix Zorrilla in Aruba, NA.

4.    Plaintiff proceeded to trial his case before a jury  but was found guilty after five (5) day trial. U.S. v. Barbosa, 51 F.Supp. 2d. 597 (E.D.Pa. 1999).

5.    During trial the prosecutor used three (3) paid DEA informants: Carlos R. Disla, Miguel A. Morel, and Nestora Salcedo for testifying against plaintiff.

6.    It was about two months before the trial that plaintiff learned through his discovery records, that Disla's associate in Aruba who had supplied him with the 99 pellets allegedly containing "heroin" and whom plaintiff originally met in Venezuela a year before under a none drug related circumstance under the name Felix Zorrilla, was identified  by DEA report of investigation records under the name of Emilio Medina. See, Complaint, Ex. 9-10.

7.    During plaintiff's jury trial the government agents testified that Emilio Medina was arrested, convicted and finally sentenced in Aruba to serve about 7 year of  imprisonment in Aruban jails.

In June 08, 1999, plaintiff was sentenced to serve 240 months of imprisonment to be followed by eight years of supervised release.

8.    It was shortly after plaintiff's sentencing day that plaintiff, Mr. Rafael Abreu [criminal case No. 97-423-02 E.D.Pa.], Wandy Reynoso [criminal case No. 97-380-1 E.D.Pa.] all having unrelated cases  coincidentally discovered that informant Lieber Medina previously known under a/k/a Juan Medina, .a/k/a Emilio Medina, and a/k/a Felix Zorrilla, was detected and identified to be the same DEA active informant who also participated posing as drug trafficker and Disla's associate in Aruba in plaintiff's case and who Disla used to supply the "heroin" to plaintiff in Aruba.

9.    Subsequently to the discovery. Plaintiff exercised due diligence by filing numerous unsuccessful FOIA requests with different agencies in effort to attaining discovery to attest their positive police misconduct discovery, to challenge their criminal cases and to warn the Public about this illegal activity. Plaintiff also contacted the Royal Netherlands Embassy in Washington, D.C., who responded advising to contact the appropriate U.S. authorities for requesting the records under the Mutual Legal Assistance Treaty. See, Ex. 27-45.

10.    Plaintiff also informed his direct appeal attorney, James Kousouros, about this important discovery favorable to his case over the phone and by several letters. See, Ex. 46-50.

11.    Mr. Abreu also moved by filing an unsuccessful FOIA request with the DEA in Washington, D.C. that which was not pursued further by Abreu after it was denied by the OIP. See, Ex. 51-52.

12.    Mr. Reynoso also moved by advising his attorney, Mr. Rocco C. Cipparone, Jr., about the discovery and about other Reynoso's allegations. In July 05, 2000, Mr. Cipparone, Jr., requested from the prosecutor specific answers pursuant to Brady v. Maryland, and its progeny before Reynoso's sentencing day. In July 19, 2000, the prosecutor responded with the following: (1) denied that Juan Medina ever used the name of Emilio Medina; (2) admitted that informants Juan medina, Miguel Morel, Nestora salcedo participated in Reynoso's case; (3) denied the government of supplying the drugs involved in Reynoso's case, and (4) admitted that Morel acted as the purchaser of the drugs. See, Ex. 53-55.

13.    Subsequently, on or about March 07, 2001, Mr. Abreu filed his affidavit with the court in his criminal case raising the coincidental discovery and requesting court order for the production of the photograph  of Juan Medina informant in his case, and the photograph of Emilio Medina [material witness in plaintiff's case], allegedly arrested, convicted and sentenced in Aruba. See, Ex. 56-60.

14.    Plaintiff in his criminal case filed a similar affidavit for discovery but was denied by the court because plaintiff's appeal had divested the court of jurisdiction. See, Ex. 61.

15.    In March 19, 2001, the district court judge in Abreu's case directed the prosecutor to respond to the matters raised in Abreu's affidavit. See, Ex. 62. The prosecutor answered opposing. See, Ex. 63-67.

16.    In May 23, 2001, the court in Abreu's case ordered the prosecutor to provide the court with the prints of photographs at issue for the conduction of an in camera inspection. See, Ex.68.

17.    In June 13, 2001, the prosecutor in Abreu's case responded to the court's order by producing the photograph of Juan Medina and the photograph of Emilio Medina for conducting an in camera inspection. See, Ex. 69-71.

18.    On September 20, 2001, the court in Abreu's case conducted a section 2255 motion hearing, and in that hearing the in camera examination of the photographs was conducted. The government showed the photographs to Mr. Abreu, only, and only for him to see that the individuals are "not" the same individual. After the government had improperly staged the due process for identifying the photographs and thereby "established" the individuals were "not" the same. The prosecutor ordered the photographs and Devlin's declaration under seal. See, Ex. 72-76, Docket Entries 187-189.

19.    Subsequently, on or about October 09, 2001, plaintiff filed in Abreau's case a motion for conducting  an in camera inspection due to the court erred complying setting proper due process for identifying the photographs in Abreu's case. See, Ex. 75, Docket Entry 190.

20.    The government responded opposing plaintiff's non-party's request for in camera inspection of the photographs on a variety of grounds: (1) that the court had conducted an in camera inspection; (2) that Abreu was shown the photographs of the two individuals and had the opportunity to study these photographs during the entire hearing; (3) that the government went above and beyond the "court's" requirements in proving that the two individuals are "not" the same person, and (4) that plaintiff was  a non-party to this matter having any standing to moving for relief. See, Ex. 77-83.

21.    Plaintiff on November 07, 2001, responded to the government's response to non-party's request for in camera inspection of the photographs on grounds that: (1) there exist unquestionable evidence that the government concealed Brady material relevant in the matter of U.S. v. Barbosa, 51 F.Supp.2d 597 (E.D.Pa. 1999), in Abreu's case No. 97-423-2 (E.D.Pa.), and in Reynoso's case No. 97-380-1 (E.D.Pa); (2)that the government had already broken its credibility shield in the concealment of relevant evidentiary material; (3) that under the government's assertions  there are no assurances that the government would, or did, afford the court and/or Abreu the appropriate photographs for conducting the in camera inspection, and (4) that the court nor Mr. Abreu were privy to the identity of Emilio Medina, a/k/a Felix Zorrilla, inasmuch  that Mr. Abreu could not possibly have identified Juan Medina as Emilio Medina because Abreu was not privy to Juan Medina's

identity as Emilio Medina in another circumstance. <u>See</u>, Ex. 84-88.

22.    On November 13, 2001, the court in Abreu's case denied plaintiff's motion for the conduction of a second in camera inspection on the grounds that plaintiff had no standing to file the motion. <u>See</u>, Ex. 76, Docket Entry 194.

**(B)    <u>SECOND SUMMARY OF FACTS LEADING TO THE ABOVE ACTION</u>**

23.    By FOIA request letter dated September 06, 2006, plaintiff requested records related to Emilio Medina [plaintiff's main material witness] who informant Disla used for supplying plaintiff with the 99 pellets allegedly containing "heroin" in Aruba, who according to agents' testimony and DEA's report of investigation Emilio Medina was arrested, convicted and sentenced in Aruba to serve about seven (7) years of imprisonment in Aruban jails, and who was detected by three (3) defendants with unrelated criminal cases, as active DEA informant operating under police misconduct under a/k/a Emilio Medina, and a/k/a Felix Zorrilla. <u>See</u>, Complaint, Ex. 1-5.

24.    By letter dated October 10, 2006, plaintiff informed the DEA of a change of address. <u>See</u>, Complaint, Ex. 6.

25.    By certified letter dated November 15, 2006, plaintiff filed with defendant DEA, another FOIA request similar to the one he filed in September 06, 2006. <u>See</u>, Complaint, Ex. 7-12.

26.    By certified FOIA appeal letter post stamped January 08, 2007, the plaintiff appealed defendant DEA's failure to response to both of his FOIA requests. <u>See</u>, Complaint, Ex. 13-14.

27.    By letter dated January 26, 2007, marked with case number 07-0075-F defendant responded to plaintiff's FOIA request originally filed September 06, 2006, In its response, Defendant DEA admitted

receiving plaintiff's September 06, 2006 request; admitted receiving plaintiff's change of address letter dated October 10, 2006, and also admitted receiving plaintiff's second FOIA request dated November 15, 2006. See, Complaint, Ex. 15-16.

28.    By letter dated February 07, 2007, the OIP responded to plaintiff's January 08, 2007 appeal letter appealing the DEA's failure to respond to plaintiff's repeated FOIA requests. In its response, stated that "because the DEA responded to plaintiff's FOIA request, plaintiff's appeal from DEA's failure to respond is moot  and thus was closing the appeal." See, Complaint, Ex. 17.

29.    Subsequently, on February 24, 2007, plaintiff appealed the DEA's January 26, 2007 denial response for records, that which plaintiff filed under Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, Mail Box Clause, filed when received by prison Officials. See, Complaint, Ex. 20.

30.    On or about May 15, 2007, and in light that the OIP also failed to respond to plaintiff's FOIA appeal letter dated February 24, 2007, plaintiff filed the above civil action complaint against all named defendants. See, Complaint.

(C)    THE "MYSTERY" ABOUT LIOBER MEDINA, a/k/a JUAN MEDINA, a/k/a EMILIO MEDINA, a/k/a FELIX ZORRILLA HAS JUST BEEN MADE CLEAR BY RECENT INVESTIGATORY DISCOVERY

31.    Certified records from the United States National Archives and Records Administration have identified that Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a  Felix Zorrilla is for all intended purposes the same individual. See, Ex.89.

32.    Lieber Medina, who was prior felon  became DEA informant (CI) for the district of New York. On or about January 20, 1992, while actively working for the DEA in a sting operation  was arrested at JFK International Airport for importation of cocaine into the United States, in possession of three suitcases where two suitcases were found containing 3666.8 grams of white powder that field tested positive for cocaine, while coming aboard Avianca Flight #020 from Colombia. See, Ex. 90-94.

33.    The grand jury of 9/16/1991, handed up eight (8) indictments that were ordered filed by the court on February 10, 1992, that including Lieber Medina's (92-0177). See, Ex. 95-99.

34.    On March 09, 1992, defendant Lieber Medina was released on a PRB of $20,000.00. See, Ex. 100-103.

35.    On April 15, 1992, defendant Lieber Medina pleaded guilty to importation of cocaine into the United States before Magistrate Judge Azrack. See, Ex. 104-106.

36.    On or about February 18, 1993, Lieber Medina was sentenced to five (5) years probation for importing 3666.8 grams of cocaine into the United States. See, Ex. 107-110.

37.    At the time that Lieber Medina became CI for the DEA his home mailing address was: 501 W. 139 Street, Apt. 4A, New York, NY. See, Ex. 111-112.

38.    Lieber Medina later moved to : 75 Cabrini Blvd., New york New York 10033. See, Ex. 98, 101, 107.

39.    When Lieber Medina was sentenced on February 18, 1993, he was ordered to serve  probation in Miami, FL. See, Ex. 112-115.

40.    On or about November 16, 1993, which is nine months after Liober Medina was sentenced to serve his five (5) years "probation" for importation of cocaine into the United States. He was arrested again in Worcester, MA. and charged with 1-Armed ASLT in Dwelling W/int to commit, ETC., out of his judicial district. The disposition of the court for this arrest was deleted from his records. <u>See</u>, Ex. 115.

41.    On or about February 08, 1996, and while serving his five (5) years probation. Liober Medina was arrested again for importation of cocaine into the United States. <u>See</u>, Ex. 115.

42.    For Liober Medina's second arrest for importation of cocaine into the United States while on probation for the same crime, was again sentenced to five (5) years probation and 90 days CCC. <u>See</u>, Ex. 115, 116, 117.

43.    Liober Medina's probation Officer petitioned the court to modify the conditions of Medina's supervision on 10/31/1995. The officer in his/her statement stated the cause for petitioning the court for modifying the conditions  of Liober Medina's supervision as follows:

> " as fully detailed in the attached memorandum to your Honor, the probationer has violated condition one (1) of the standard conditions of probation which reads: You shall not leave the district without permission of the court or the probation Officer. As a sanction, the probationer has signed a waiver agreeing to participate in a halfway house facility for a period of ninety (90) days."

<u>See</u>, Ex. 117.

44.    Interestingly, standard condition one (1) condition of supervision reads:

> " The defendant shall not .commit another Federal, State or Local crime".

In fact, Liober Medina violated both standard conditions one (1) and two (2). He was arrested in New York out of his judicial

district in possession of cocaine that he had imported into the United States. <u>See</u>, Ex. 109, 115.

45.    Lieber Medina participated as active DEA informant in Rafael Abreu's criminal case under a/k/a Juan Medina. <u>See</u>, Ex. 63-67, 69-71.

46.    Lieber Medina participated as active DEA informant in Wandy Reynoso's criminal case under a/k/a Juan Medina. <u>See</u>, Ex. 53-55.

47.    Lieber Medina participated posing as drug trafficker and informant Disla's associate in Aruba under a/k/a Emilio Medina, and a/k/a Felix Zorrilla, who Disla used for supplying plaintiff the 99 pellets allegedly containing "heroin". <u>See</u>, Ex. 35, 36, 53,54, 56-58, 63-67, 70, 71, and Complaint, Ex. 1-5  and 7-12.

I, Luis Humberto Barbosa, plaintiff pro-se, declare under the penalty of perjury that the foregoing is true and correct.

Executed on 11/01, 2007.

Luis Humberto Barbosa
Reg. No. 29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640