UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS H. BARBOSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1052 (RWR) |
| DRUG ENFORCEMENT ADMINISTRATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff has opposed defendants' motion. The thrust of the opposition is that plaintiff believes that he and two other criminal defendants have been the victim of misconduct by the government and/or a person who plaintiff asserts is a confidential informant for the Drug Enforcement Administration. Plaintiff speculates that the real name of this confidential informant, who testified at his criminal trial, is Liober Medina, a fact that he claims is relevant to the issue of police misconduct at the trial of his case and at the trial of two other criminal defendants. As we explain below, the arguments advanced by plaintiff are insufficient to preclude the grant of defendants' dispositive motion.[1]

Plaintiff contends that he did appeal the Drug Enforcement Administration's letter of

---

[1] Undersigned counsel (Fred E. Haynes), who is now primarily responsible for this case for defendants, initially interpreted plaintiff's "motion" in opposition to defendants' motion as also being a cross-motion for judgment in plaintiff's favor. A closer reading of plaintiff's filing shows, however, that plaintiff is seeking a trial, not summary judgment in his favor. See Docket 14, plaintiff's motion at page 1, paragraph a, and plaintiff's memorandum in support of his motion at page 1, first paragraph, and page 15.

January 26, 2007, denying his Freedom of Information Act requests, i.e., that he exhausted his administrative remedies and could, therefore, file this action.  He asserts in his declaration, ¶ 29, that on February 24, 2007, he appealed the decision, and he refers to Exhibit 20 to the complaint, which is allegedly a copy of the appeal letter.  These assertions are contrary to defendants' argument that plaintiff had failed to appeal the denial of his FOIA requests, an argument supported by a declaration from DEA stating that the agency has no record of any such appeal.  The Court need not resolve this disagreement among the parties (i.e., the Court need not determine whether plaintiff failed to exhaust the administrative remedies) since the other reasons advanced by defendants for summary judgment are fully dispositive of the case.

Plaintiff argues that "he is not legally required to present [a privacy] waiver to receive the records sought under the FOIA because a/k/a Emilio Medina is [was] the main material witness in his criminal case. . . ."  Plaintiff's memorandum at page 16.  In making this argument, plaintiff misunderstands the state of the law; the fact that an individual may have testified in open court does not thereby limit the agency's obligation to protect against further disclosures of information in law enforcement records about the individual.  This point was explained in Butler v. Drug Enforcement Administration, 2006 WL 398653 (D.D.C., February 16, 2006):

> Plaintiff contends that the defendant's "Glomar" response is not appropriate because the four individuals plaintiff sought records about testified at plaintiff's trial; thus, their identities and cooperation with the DEA are already known. The fact that the identities of third parties have already been disclosed elsewhere does not diminish their privacy interest in not having other records disclosed.  Taylor, 268 F.Supp.2d at 38 (citations omitted). Prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. See Favish, 541 U.S. at 171; Kimberlin v. Dep't of Justice, 139 F.3d 944, 949 (D.C.Cir.), cert. denied, 525 U.S. 891 (1998); Edmonds v. FBI, 272 F.Supp.2d 35, 53 (D.D.C.2000).

The names of and identifying information about third parties in law enforcement records generally are protected unless disclosure "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." SafeCard Serv.,Inc., 926 F.2d at 1206. Here, plaintiff merely speculates that there may have been government misconduct. His burden is much higher, however. Absent "evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," Nat'l Archives and Records Administration v. Favish, 541 U.S. 157, 174 (2004), a FOIA plaintiff fails to demonstrate a public interest that would outweigh the privacy interests of those named in records relating to criminal investigations.

Finally, it should be noted that plaintiff's assertion in paragraph 1 of the complaint, that the case is a civil rights action being brought under 42 U.S.C. § 1983, as well as an action under the FOIA, fails to state a claim upon which relief can be granted to him. Title 42 § 1983 only applies to claims against individuals acting under the color of state law, and it is uncontested that the defendants in this action were acting under federal law. See Settles v. United States Parole Commission, 429 F.3d 1098, 1104 (D.C. Cir. 2005). It should also be noted that plaintiff has cited in the complaint no waiver of sovereign immunity other than the Freedom of Information Act, and as noted in the memorandum in support of the motion to dismiss, damages can not be recovered under the FOIA. There is, therefore, no basis upon which to award plaintiff the $7,000,000 in damages that he seeks in the complaint.

For the reasons set forth above and in the memorandum in support of defendants'

dispositive motion, this case should be dismissed.

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant U.S. Attorney
           /s/
        FRED E. HAYNES, D.C. Bar #165654
        Assistant United States Attorney
        555 Fourth Street, N.W., Room E-4110
        Washington, D.C. 20530
        202. 514.7201

CERTIFICATE OF SERVICE

I certify I caused a copy of the foregoing reply memorandum in support of the motion to dismiss to be served on plaintiff by first-class mail, postage prepaid, at the following address:

> Mr. Luis Humberto Barbosa
> R29500-053
> FCI-Fort Dix Camp
> P.O. Box 1000
> Fort Dix, N.J. 08640

on this 30th day of November, 2007.

/s/
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201