*Leave to file GRANTED.*

*Aw Roberts, U.S.D.J.*

*1-11-08*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,               )
                                     )
            Plaintiff - Pro Se,      )
                                     )
                                     )
        Vs.                          )  Civil Action No. 07-1052 (RWR)
                                     )
                                     )
U.S. DEPARTMENT OF JUSTICE, et al.,  )
                                     )
            Defendants.              )
_____      )

**RECEIVED**

DEC 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS'
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**

COMES NOW, plaintiff - pro se, and files his Motion In Opposition To Defendants' Reply Memorandum In Support Of Their Motion To Dismiss Or, In The Alternative, For Summary Judgment. As grounds for this motion, plaintiff Barbosa states as follows:

1.    Defendants failure to impugn plaintiff's claims under his Motion and Declaration in opposition to defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment.

2.    Mere three page Reply Memorandum is insufficient to even constituting a proper Reply Memorandum to what defendants implied in their successive requests for extension of time to response to plaintiff's opposition motion, as lengthy.

3.    Counsel for the defendants requested three (3) extension of time because the above case was transferred to him in late September

and thus was primarily responsible for the case, in order to familiarize himself with the case and prepare a response to plaintiff's lengthy opposition to defendants' motion. Nonetheless, a mere three page Reply Memorandum response makes clear this objective was not achieved.

4.    As plaintiff explained herein paragraph No.3. To this there is evidence when counsel for the defendants stated in the Reply Memorandum on page one (1) and stated that-

> "Plaintiff speculates that the real name of this confidential informant, <u>who testified at his trial</u>, is Liober Medina, a fact that he claims is relevant to the issue of police misconduct at the trial of his case and at the trial of two other criminal defendants."

Plaintiff contends that the statement about Liober Medina testifying at plaintiff's jury trial is incoherent to plaintiff's claims under his Civil Complaint. One of several allegations under his Motion and Declaration in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. Is  that DEA informant, who was recently and finally identified as Liober Medina, a/k/a Juan Medina, a/k/a Emilio Medina, and a/k/a Felix Zorrilla is who participated as active DEA informant as a/k/a Juan Medina in the criminal cases of Rafael Abreu and Wandy Reynoso, and who also participated in plaintiff's criminal case under a/k/a Emilio Medina in Aruba operating under police misconduct.

There has been no allegations made by plaintiff in his civil complaint about Liober Medina testifying in plaintiff's  jury trial.

5.    Furthermore, defendants' counsel statement in his Reply Memorandum at page three (3) stated that-

> "Thereis, therefore, no basis upon which to award plaintiff the $7,000,000 in damages that he seeks in the complaint."

Plaintiff contends that this statement about seeking   $7,000,000 in compensatory damages for the plaintiff is incoherent to the

to the $11,000,000 compensatory damages plaintiff sought under his Civil Complaint.

5.    Plaintiff contends that the defendants are in fact whom are speculating in his civil action. Thus, based upon and/or under the statements in paragraph NO. 4-5. There are no assurances to believe that the rest of defendants' counsel assertions are even creditable.

6.    In sum, defendants' Reply Memorandum in Support of their Motion to Dismiss or, in the Alternative, for Summary Judgment contains nothing but incoherent, misleading and baseless statements.

### C O N C L U S I O N

In light that the defendants failed to impugn plaintiff's claims and sworn Declaration in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, by showing and proving contrary to plaintiff's claims with sworn declaration supported by compelling evidences. **WHEREFORE**, and for all of the above reasons, plaintiff requests that the defendants' Reply Memorandum in Support of their Motion to Dismiss or, in the Alternative, for Summary Judgment be dismissed.

The plaintiff files this Motion under **Houston v. Lack**, 487 U.S. 266, 101 L.Ed.2d 245, 108 S. Ct. 2379, Mail Box Clause, filed when received by prison Officials.


I, Luis Humberto Barbosa (plaintiff pro-se), declare under the penalty of perjury that the foregoing is true and correct, 28 U.S.C. § 1746.

Respectfully submitted,

Executed on 12/15/th 2007.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

# C E R T I F I C A T E   O F   S E R V I C E

I, Luis Humberto Barbosa, certify that a copy of the foregoing "Plaintiff's Motion In Opposition To Defendants' Reply Memorandum In Support Of Their Motion To Dismiss Or, In The Alternative, For Summary Judgment" be served upon the parties listed bellow.

**BY CERTIFIED PREPAID FIRST CLASS**
**U.S. MAIL #7000 1670 0008 0654 7043**

Clerk Of The Court
United States District Court
For The District Of Columbia
U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

**BY FIRST CLASS PREPAID U.S. MAIL**

Fred E. Haynes, D.C. Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Respectfully submitted,

Executed on 12/15th, 2007.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jersey 08640