UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,           )
                                 )
        Plaintiff Pro-se,        )
                                 )
                                 )
                                 )
    Vs.                          )   Civil Action No. 07-1052 (RWR)
                                 )
                                 )
                                 )
U.S. DEPARTMENT OF JUSTICE, et al., )
                                 )
        Defendants.              )
_____)

**RECEIVED**

APR - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### NOTICE OF APPEAL

**NOW COMES**, Luis Humberto Barbosa, respectfully submitting the foregoing NOTICE OF APPEAL appealing this court's order in the above captioned Civil Action Complaint dated March 28, 2008 (attachment).

                                    Respectfully submitted,

Executed on April 04, 2008.         _____
                                    Luis H. Barbosa #29500-053
                                    FCI Fort Dix - Camp
                                    P.O. Box 2000
                                    Fort Dix, New Jersey 08640

## **C E R T I F I C A T E   O F   S E R V I C E**

I, Luis H. Barbosa, certify that on this day I caused a copy of the foregoing **NOTICE OF APPEAL** to be served, both by first class U.S. certified and first class regular mail, to the parties listed below.

By U.S. Pre-paid First Class Certified
Mail No. 7000 1670 0008 0654 2079 to:

Clerk Of The Court
U.S. District Court For The
District Of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

By Pre-paid First Class Regular
U.S. Mail to:

Fred E. Haynes, AUSA
U.S. Attorney's Office
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530


By Pre-paid First Class Regular
U.S. Mail to:

Clerk Of The Court
U.S. Court Of Appeals for the
District Of Columbia
U.S. Courthouse
Third and Constitution Avenues, NW
Washington, D.C. 20001


Respectfully Submitted,

Executed on April 04, 2008.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 2000
Fort Dix, New Jeresy 08640

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LUIS H. BARBOSA,              ) | |
|                                ) | |
| Plaintiff,             ) | |
|                                ) | |
| v.                     ) | Civil Action No. 07-1052 (RWR) |
|                                ) | |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
|                                ) | |
| Defendant.             ) | |

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that defendant's motion for summary judgment [Dkt. No. 8] is GRANTED; it is further

ORDERED that plaintiff's motion to compel [Dkt. No. 10] is DENIED; and it is further

ORDERED that judgment is entered for defendant. This is a final appealable Order.

                                                     /s/
                                      RICHARD W. ROBERTS

DATE: March 28, 2008          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUIS H. BARBOSA, <br><br> Plaintiff, <br><br> v. <br><br> DRUG ENFORCEMENT ADMINISTRATION, <br><br> Defendant. | Civil Action No. 07-1052 (RWR) |

## MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his request for records about alleged DEA informant Emilio Medina.[1] DEA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for summary judgment pursuant Rule 56. Upon consideration of the parties' submissions and the entire record, DEA's motion for summary judgment will be granted.

## I. BACKGROUND

By letters dated September 6, 2006 and November 15, 2006, plaintiff requested DEA records pertaining to Emilio Medina and a fee waiver. Compl. Exs. 1, 7. On January 8, 2007, plaintiff appealed DEA's lack of responses to his requests to the Office of Information and

---

[1] In addition to the FOIA, plaintiff brings this action under 42 U.S.C. § 1983 for monetary damages. Not only does this claim fail because no state actors are involved but it also fails because "the comprehensiveness of [the] FOIA precludes the creation of a *Bivens* remedy" against federal officials. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (referring to § 1983's federal counterpart created by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

Privacy ("OIP"). Compl. ¶ 10 & Exs. 13-14. Nearly two weeks later, by letter of January 26, 2007, DEA responded to plaintiff's request by neither confirming nor denying the existence of records about Medina and citing FOIA exemptions 6 and 7(C). *See* 5 U.S.C. § 552(b). DEA also informed plaintiff that it could not process his request without a notarized privacy waiver from Medina and advised him of his right to appeal the decision to OIP within 60 days. Compl. Ex. 15; Def.'s Mot., Declaration of William C. Little Jr. ("Little Decl."), Ex. E. Shortly thereafter, by letter dated February 7, 2007, OIP informed plaintiff that his January 8, 2007 appeal based on DEA's failure to respond to his request was moot. Little Decl., Ex. F.

By letter of February 24, 2007, plaintiff appealed DEA's January 26, 2007 decision, Compl. ¶ 13 & Ex. 20, but OIP has no record of having received the appeal. Def.'s Mot., Declaration of Chiquita Hairston ¶¶ 2-4. Plaintiff filed this civil action on June 14, 2007.

## II. DISCUSSION

DEA initially argued for dismissal on the ground that plaintiff had not exhausted his administrative remedies. In its reply, however, DEA asserts that the disagreement about whether plaintiff exhausted administrative remedies "need not be resolve[d]" . . . since the other reasons advanced by defendants for summary judgment are fully dispositive of the case." Def.'s Reply at 2. DEA seeks summary judgment on the ground that it responded properly to plaintiff's request.

Summary judgment is permitted only when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) *(quoting Kissinger v. Reporters Committee for*

2

*Freedom of the Press*, 445 U.S. 136, 150 (1980)). In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating through reasonably detailed affidavits or declarations that no material facts are in dispute and its disclosure determinations satisfied the statute. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citations omitted). To challenge such a showing, the non-moving party "must set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

   1. DEA's Response

DEA contends that in the absence of a privacy waiver from Medina or a certificate of his death, it properly responded to plaintiff's request by neither confirming nor denying the existence of responsive records. Such a response is commonly known as a "Glomar" response. *See Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976) (involving a CIA response to a FOIA request for records pertaining to a ship, the "Hughes Glomar Explorer"). Mr. Little explains that DEA employs Glomar responses to protect the privacy interests of third-party individuals pursuant to FOIA exemptions 6 and 7(C) and to prevent the drawing of adverse inferences from its responses to requests for confidential informant records. Little Decl. ¶¶ 42-45, 47-52.

FOIA exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). All information that "applies to a particular individual" would qualify for consideration under this exemption. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). Exemption 7(C) protects from disclosure information compiled for

3

law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). It is undisputed that if the records requested about Medina exist, they would be contained in law enforcement files. It is also established that disclosing information about an individual's involvement in law enforcement proceedings would constitute an unwarranted invasion of personal privacy under exemption 7(C).[2] *See Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (*quoting Branch v. FBI*, 658 F. Supp. 204, 209 (D.D.C. 1987)) ("'the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation'"); *accord Schrecker v. United States Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases that have "consistently supported nondisclosure of names or other information identifying [third-party] individuals" in law enforcement files).

Both of the foregoing exemptions require balancing an individual's privacy interests in not having his records disclosed against any asserted public interests in their disclosure. The United States Supreme Court has broadly interpreted the "personal privacy interest that Congress intended Exemption 7(C) to protect." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762 (1989); *accord National Archives and Records Administration v. Favish*, 541 U.S. 157, 165-66 (2004) ("the concept of personal privacy under Exemption 7(C) is not some limited or 'cramped notion'. . . .") (*quoting Reporters Committee*, 489 U.S. at 763). Such privacy interests may be invaded, then, only when a requester shows that the information is necessary to "shed any light on the [unlawful] conduct of any Government

---

[2] In light of the applicability of exemption 7(C), the "clearly unwarranted" standard of exemption 6 need not be addressed.

4

agency or official." *Reporters Committee*, 489 U.S. at 772-73; accord *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 887-88 (D.C. Cir. 1995); *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). Plaintiff "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake" and that "the information is likely to advance that interest." *Favish*, 541 U.S. at 172. Such a showing requires "more than a bare suspicion" of official misconduct; "[r]ather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* at 174. For it is "[o]nly when [such evidence is] produced [that] there [will] exist a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records." *Id.* at 174-75.

Plaintiff has not demonstrated that an overriding public interest warrants disclosure of agency records pertaining to Medina. The vague justification in his FOIA requests for publicly disclosing the records is that "[i]t has been already established before the U.S. District Court in Barbosa's case . . . that [Medina] was who supplied the 99 cylinders allegedly containing 'heroin' that later . . . turned out to be 'cocaine base' and also the evidence that led to [plaintiff's] arrest and conviction [in] the United States." Compl. Ex. 1. Plaintiff further states that Medina's involvement in plaintiff's case and Medina's "arrest and conviction in Aruba" are so "materially connected" that plaintiff has a "legal statutory right to possessing the records sought." *Id.* In his resubmitted request, plaintiff states that the records will "be used for Media Publishing of illegal underhanded activities of public concern, where [Medina] was identified by three [] other witnesses as active DEA informant." Compl. Ex. 7.

5

Defendant reasonably "deemed" plaintiff's "unsupported assertions . . . insufficient to overcome the privacy interests of Emilio Medina" where he had neither identified the public interest to be advanced nor described "the nature of the 'illegal' activities." Little Decl. ¶ 33. DEA properly invoked exemptions 6 and 7(C).[3]

### 2. FOIA's Informant Exclusion Provision

Although not raised as an issue by either party, subsection (c)(2) of the FOIA states that

> [w]henever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed.

5 U.S.C. § 552(c)(2). Reading the complaint liberally, plaintiff seems to claim that Medina's alleged informant status has been officially confirmed. Therefore, a determination as to whether subsection (c)(2) applies is warranted. *See Benavides v. Drug Enforcement Administration*, 968 F.2d 1243, 1248 (D.C. Cir. 1992) (district court erred by failing to consider DEA's response under subsection (c)(2) in light of allegation that informant's status was confirmed).

Subsection (c)(2) excludes from the FOIA's disclosure requirements the records of an informant who has not been officially confirmed as an informant. *Id.* at 1246. This subsection does not apply here because contrary to plaintiff's assertion in his first FOIA request, the sentencing court did not "establish[]" Medina as the person who supplied drugs to plaintiff, Compl. Ex. 1 (*citing United States v. Barbosa*, 51 F. Supp. 2d 597 (E.D. Pa. 1999)), and plaintiff has not provided any documentation from his criminal trial record that even suggests official

---

[3] Because defendant properly asserted these exemptions to justify its Glomar response, its arguments for applying exemptions 7(D) and 7(F) to records it does not acknowledge as existing, Def.'s Mem. of P. & A. at 11-12, need not be addressed.

6

confirmation of Medina as an informant. Defendant therefore could have properly "treat[ed] the records as not subject to the [FOIA] requirements." 5 U.S.C. § 552 (c)(2); *see Benavides*, 968 F.2d at 1246 (concluding "from the text and legislative history that Congress intended subsection (c)(2) to provide express legislative authorization for a Glomar response").[4]

In the absence of any evidence of an improper withholding of responsive records, defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

DATE: March 28, 2008

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[4] Plaintiff attempts to establish official confirmation of Medina's informant status through various exhibits pertaining to other individuals' criminal proceedings. *See* Declaration of Luis Humberto Barbosa [Dkt. No. 14-3] ¶¶ 45-47 & exhibits. Even if plaintiff were successful with this showing, he could not prevail since defendant properly invoked FOIA exemptions 6 and 7(C) as the bases for withholding any responsive records. *Benavides*, 968 F.2d at 1248 ("There is no evidence that Congress intended subsection (c)(2) to repeal or supercede the other enumerated FOIA exemptions, or to require disclosure whenever the informant's status has been officially confirmed.") (emphasis omitted); *Boyd v. Criminal Div. of U.S. Dep't. of Justice*, 475 F.3d 381, 389 (D.C. Cir. 2007) ("Because [under exemption 7(C)] Boyd was not entitled to [responsive] information, he was not harmed by the government's refusal to confirm or deny whether it possessed responsive information. Any error . . . in invoking Glomar would not entitle Boyd to anything more under FOIA.").